IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RHEUBEN CLIFFORD JOHNSON,**

        **Petitioner,**

        v.                                                       CASE NO. 19-3076-SAC

**PAUL SNYDER,**

        **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se and submitted the filing fee.

### Background

Petitioner was convicted in the District Court of Johnson County, Kansas, of two counts of solicitation to commit the first-degree murder of his former spouse. He was acquitted of a third charge. *State v. Johnson*, 404 P.3d 362 (Table), 2017 WL 4558235 (Kan. App. Oct. 13, 2017), *rev. denied*, Aug. 31, 2018.

### Discussion

#### Pending motions

Petitioner has filed six motions: first, an emergency motion to stay the order of the state district court (Doc. 3), a motion for an order that would allow petitioner to submit a later petition for habeas corpus without that future petition being construed as a second or successive application (Doc. 4), a motion requesting early release from incarceration (Doc. 7), a motion to appoint counsel (Doc. 9), a second emergency motion to stay the order of the state district court (Doc. 10), and a motion for summary judgment (Doc. 11).

Petitioner's motions to stay the order of the state district

court (Docs. 3 and 10) seek an order staying a state court action to terminate his parental rights. This court, however, cannot direct the state courts in the management of their dockets. *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)(rejecting petition for mandamus and stating the federal court had "'no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties.'")(quoting *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986)). The motions are denied.

Petitioner's motion for an order that would "pre-allow him to file a future second and successive 2254" action (Doc. 4) must be denied for lack of jurisdiction. Under 28 U.S.C. § 2244(3)(a), a petitioner must seek authorization by a motion "in the appropriate court of appeals" for leave to file a second or successive habeas corpus petition under 28 U.S.C. § 2254.

Petitioner also moves for pre-release from incarceration during the pendency of this action (Doc. 7). A federal habeas court has the inherent power to release a state prisoner on bond during the pendency of the petition. *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981). However, "[a]n inmate seeking federal habeas relief must, in order to obtain release pending determination on the merits of his petition, make a showing of exceptional circumstances or demonstrate a clear case on the merits of his habeas petition." *United States v. Palermo*, 191 Fed. Appx. 812, 813 (10th Cir. 2006)(citing *Pfaff, id*.)). The Court has examined the petition and finds that petitioner has not met these criteria. Petitioner's motion is denied.

Petitioner next moves for the appointment of counsel (Doc. 9). An applicant for habeas corpus relief has no constitutional right to the appointment of counsel. *See Swazo v. Wyo. Dept. of Corr*., 23 F.3d

332, 333 (10th Cir. 1994)("[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and … generally appointment of counsel in a § 2254 proceeding is left to the court's discretion."). Rather, the court may appoint counsel when "the interests of justice so require" for a petitioner who is financially eligible. *See* 18 U.S.C. § 3006A(1)(2)(b). Because petitioner appears to be capable of presenting his claims for relief, the Court declines to appoint counsel at this time.

Finally, petitioner moves for summary judgment (Doc. 11). He reasons that because respondent has not replied to his petition, the facts he alleges are now undisputed. However, because the Court has not yet directed a response in this matter, this argument fails.

### Exhaustion of state court remedies

Generally, a state prisoner seeking habeas corpus must exhaust available state court remedies before seeking federal relief unless it appears there is an absence of available state remedies or the remedies are ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994)("A threshold question that must be addressed in every habeas case is that of exhaustion.").

The Court takes notice that petitioner has two actions pending before the Kansas Court of Appeals that appear to arise from the criminal action at issue in this matter. If this matter proceeds, petitioner may be barred from including issues presented in those matters in a future petition unless he obtains authorization from the Tenth Circuit Court of Appeals. Because the Court has not yet directed a response in this matter, the Court will give petitioner the opportunity to state whether he wishes to dismiss this matter without

prejudice to allow him to exhaust the issues he is presenting in the state appellate courts and proceed in an action that includes those claims or whether he wishes to proceed in the current petition. If he fails to respond, the Court will proceed with the present petition.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's emergency motion for stay of state court order (Doc. 3) is denied.

IT IS FURTHER ORDERED petitioner's motion for early authorization to proceed in a second or successive action (Doc. 4) is denied for lack of jurisdiction.

IT IS FURTHER ORDERED petitioner's motion for pre-release during the pendency of this action (Doc. 7) is denied.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. 9) is denied.

IT IS FURTHER ORDERED petitioner's emergency motion for state of state court order (Doc. 10) is denied.

IT IS FURTHER ORDERED petitioner's motion for summary judgment (Doc. 11) is denied.

IT IS FURTHER ORDERED petitioner is granted to and including **October 18, 2019,** to advise the Court whether he will seek the dismissal without prejudice of this action or whether he will continue in the present petition.

**IT IS SO ORDERED.**

DATED: This 1st day of October, 2019, at Topeka, Kansas.

    S/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge