**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RHEUBEN CLIFFORD JOHNSON,**

                Petitioner,

      v.                                              CASE NO. 19-3076-SAC

**DAN SCHNURR,**

                Respondent.

## MEMORANDUM AND ORDER

This matter, a petition for habeas corpus filed under 28 U.S.C. § 2254, comes before the court on respondent's motion to dismiss and petitioner's motion for summary judgment.

### Background

Petitioner commenced this action in April 2019 challenging his state convictions of two counts of Solicitation to Commit Murder in the First Degree. *State v. Johnson*, 404 P.3d 362 (Table), 2017 WL 4558235 (Kan. Ct. App. Oct. 13, 2017), *rev. denied*, Aug. 31, 2018. The petition reflects that he completed the state direct appeal process.

In December 2019, petitioner filed a state post-conviction action under K.S.A. 60-1507 alleging ineffective assistance of counsel in the same criminal case. That action remains pending in the state district court under Johnson County District Court Case No. 2019-cv-1074.

### The motion to dismiss

On October 7, 2021, respondent filed a motion to dismiss based upon the pending state court action. On October 18, 2021, petitioner filed a response, stating that the claims presented in the pending

state action are not the same as those presented in his federal petition and asking that the federal petition be allowed to proceed. Petitioner acknowledges that if he proceeds in the present federal petition, he may be unable to present claims he is pursuing in state court in a future federal habeas corpus action.

Having considered the record, the court will deny the motion to dismiss this action and will direct petitioner to either dismiss the pending state court action or move to stay it, to allow respondent to have access to the state court records. The court recognizes that ordinarily, dismissal without prejudice would be appropriate. However, petitioner points out that he is nearing the end of his period of confinement; therefore, if he is required to proceed in state court on different claims and then commence a federal petition, he may be unable later to satisfy the custody requirement for habeas corpus.

### The motion for summary judgment

Petitioner has filed a motion for summary judgment. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).

At present, a response is pending on the merits of petitioner's claims, and he has not shown that he is entitled to judgment on those claims as a matter of law. Petitioner is not entitled to summary judgment, and the motion will be denied.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for answers and orders (Doc. 45) is denied.

IT IS FURTHER ORDERED respondent's motion to dismiss (Doc. 48) is denied.

IT IS FURTHER ORDERED petitioner's motion for summary judgment (Doc. 50) is denied.

IT IS FURTHER ORDERED petitioner shall advise the court on or before **November 12, 2021,** of whether he will dismiss or request a stay in his pending state court action and of any action by the state district court upon that request.

**IT IS SO ORDERED.**

DATED:  This 25th day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge