IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS


STATE OF KANSAS,

                 Plaintiff                             Case No: 12CR01074
                                           Appellate Case No: 18-120236-A

     vs
JOHNSON, RHEUBEN CLIFFORD
                        Defendant


Certificate of the Clerk of the 10th District Court.


 The following electronic document is a true and correct copy of the original instrument recorded in this Court of the Tenth Judicial District, Johnson County, Kansas.




                                /s/ Lisa A. Wilson
                                Clerk of the District Court

Dated: November 26, 2018

# Johnson County Kansas District Court

**CASE NO : 12CR01074**
**Division/Judge : 13/BRENDA M CAMERON**
**NAME : JOHNSON, RHEUBEN, CLIFFORD**
**DEF ATTY : KLEIN**
**PROS ATTY: MINIHAN**

05/24/2012 CASE FILED, Agency OLPD, Agency Rpt# 12-006979

05/24/2012 INITIAL CHARGE# 21-5402(a)(1) PREMED MURDER 1ST DEGREE FILED

05/24/2012 JUDGE PVR ASSIGNED TO CASE

05/24/2012 SCHED. FA on 05/24/12,01:30pm,Div# M4

05/24/2012 SET BOND 1000000.00, CA-SU

05/24/2012 SET BOND CONDITION, HOUSE ARREST W/ GPS MONITORING NO ALCOHOL NO
FIREARMS NO CONTACT VICTIM(S)/WITNESSES WHETHER OR NOT HE/SHE POST
BOND

05/24/2012 FILE STAMP 5/24/2012, AFFIDAVIT

05/24/2012 FILE STAMP 5/24/2012, COMPLAINT, INITIATION OF ACTION

05/24/2012 SCHED. NO GO PRELIM HEARING on 05/31/12,09:00am,Div1

05/24/2012 SET BOND CONDITION, DEFENDANT NOT TO GO WITHIN 100 YARDS OF VICTIM

05/24/2012 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY BAIRD,DEFENDANT APPEARS IN
CUSTODY WITH ATTORNEY DIOSZEGHY,READING WAIVED ,DEFENDANT ORDERED
TO PERSONALLY APPEAR AT NEXT COURT HEARING (DWV)()

05/24/2012 DEFENSE ATTORNEY DIOSZEGHY, JOSEPH L ASSIGNED

05/29/2012 SUBPOENA DUCES TECUM ISSUED TO DA 1

05/31/2012 SCHED. NO GO PRELIM HEARING on 07/06/12,10:30am,Div1

05/31/2012 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY S HILL,DEFENDANT APPEARS IN
CUSTODY WITH ATTORNEY J DIOSZEGHY (PVR)(AR)

07/06/2012 SCHED. GO PRELIMINARY HEARING on 08/09/12,02:30pm,Div1

07/06/2012 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY K HENDERSON,DEFENDANT
APPEARS IN CUSTODY WITH ATTORNEY J DIOSZEGHY (PVR)(MJ)

07/06/2012 COUNT 1 21-5402(a)(1) BOND MODIFICATION 350000/CASH OR SURETY (PVR)(MJ)

07/06/2012 SET BOND $350000, CA-SU

07/12/2012 FILE STAMP 7/12/2012, MOTION FOR CONTINUANCE/NOTICE OF HEARING

07/13/2012 SCHED. MOTION on 08/01/12,11:30am,Div 1

07/13/2012 FILE STAMP 7/13/2012, MOTION FOR CONTINUANCE/NOTICE OF HEARING,
AMENDED

07/16/2012 SUBPOENA ISSUED TO DA 1

08/01/2012 CANCELLED GO PRELIMINARY HEARING on 08/09/12,02:30pm,Div1

08/01/2012 SCHED. GO PRELIMINARY HEARING on 08/22/12,01:30pm,Div1

08/01/2012 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY H JONES/K HENDERSON,DEFENDANT
APPEARS IN CUSTODY WITH ATTORNEY J DIOSZEGHY,CONTINUED BY
PLAINTIFF ,COMMENT DEF OBJECTS,BOND MODIFICATION DENIED (PVR)(AR)

08/09/2012 SUBPOENA ISSUED TO DA 1

08/23/2012 SUR POSTED, $100000.00- SURETY NAME: MANNIES BONDING CO

08/23/2012 SCHED. OTHER on 09/05/12,01:30pm,DivM4

08/23/2012 CANCELLED OTHER on 09/05/12,01:30pm,DivM4

08/23/2012 SCHED. OTHER on 10/10/12,02:00pm,Div13

08/23/2012 PROBATION RECORD CREATED

08/24/2012 ADD CHARGE 21-5303 CRIMINAL SOLICITATION,CHRG.TYPE F,SEV.LVL 3,PN P

08/24/2012 FILE STAMP 8/24/2012, BOND FILED

08/24/2012 FILE STAMP 8/24/2012, AMENDED COMPLAINT

08/22/2012 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY H JONES/K HENDERSON,DEFENDANT APPEARS IN CUSTODY WITH ATTORNEY J DIOSZEGHY,MOTION DENIED TO/FOR DISMISS,PROBABLE CAUSE FOUND ,DEFENDANT BOUND OVER ,DEFENDANT ARRAIGNED ,READING WAIVED ,PLEA NOT GUILTY,BOND MODIFICATION 100000/CASH OR SURETY (PVR)(AR)

08/22/2012 SET BOND $100000, CA-SU

08/22/2012 COUNT 2 21-5303 DEFENDANT BOUND OVER ,DEFENDANT ARRAIGNED ,READING WAIVED ,PLEA NOT GUILTY (PVR)(AR)

09/04/2012 CASE REASSIGNED TO DIV 13

09/05/2012 FILE STAMP 9/5/2012, TRANSCRIPT OF PROCEEDINGS TAKEN AUGUST 22, 2012 BY ABBY J RYAN

09/11/2012 SCHED. MOTION on 09/19/12,11:30am,Div 13

09/12/2012 FILE STAMP 9/11/2012, MOTION TO MODIFY BOND, FAXED FILED

09/12/2012 FILE STAMP 9/12/2012, NOTICE OF INTENT TO SUBPOENA BUSINESS RECORDS

09/17/2012 FILE STAMP 9/17/2012, STATE'S RESPONSE TO, DEFENDANT'S MOTION FOR BOND MODIFICATION

09/18/2012 FILE STAMP 9/17/2012, MOTION FOR EXTENSION OF TIME WITHIN WHICH TO FILE MOTIONS FAXED FILED

09/19/2012 SCHED. MOTION on 11/14/12,01:30pm,Div13

09/19/2012 <******* Bench Notes *********> MOTION DUE 10/26, RESPONSE IF ANY DUE 11/8, BREATHALYZER TO BE REMOVED FROM HOUSE ARREST CONDITION

09/19/2012 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY K HENDERSON,DEFENDANT APPEARS WITH ATTORNEY DIOSZEGHY,BOND MODIFICATION DENIED ,CONTINUED BY DEFENSE ,COMMENT TIME ASSESED TO DEF (BMC)()

09/19/2012 CANCELLED OTHER HEARING on 10/10/12,02:00pm,Div13

09/28/2012 SUBPEONA FOR BUISNESS RECORDS ISSUED TO CUSTODIAN OF RECORDS #1

09/28/2012 FILE STAMP 9/28/2012, REQUEST AND SERVICE FORM

09/28/2012 FILE STAMP 9/28/2012, CERTIFICATE OF MAILING, FAXED FILED

10/09/2012 FILE STAMP 10/9/2012, SUBPEONA BUSINESS RECORDS RETURNED EXECUTED

10/09/2012 SCHED. OTHER HEARING on 10/10/12,09:00am,Div 13

10/10/2012 COUNT 1 21-5402(a)(1) BENCH WARRANT FAILURE TO COMPLY/350000/CASH OR SURETY (BMC)()

10/10/2012 SET BOND $350000, CA-SU

10/09/2012 FILE STAMP 10/9/2012, MOTION TO REVOKE BOND BW ISSUED TO SHERIFF

10/09/2012 WARRANT W1206006 PULLED FROM SHERIFF'S QUEUE

10/09/2012 WARRANT W1206006 EXECUTED

10/10/2012 CANCELLED OTHER HEARING on 10/10/12,09:00am,Div13

10/10/2012 FILE STAMP 10/10/2012, BOND SURRENDER BY SURETY

10/10/2012 SCHED. OTHER HEARING on 10/18/12,09:00am,Div 13

10/11/2012 FILE STAMP 10/11/2012, SO RETURN B/W EXECUTED

10/18/2012 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY H JONES,DEFENDANT APPEARS IN
CUSTODY WITH ATTORNEY DIOSZEGHY,BOND MODIFICATION
DENIED ,CONTINUED BY DEFENSE (BMC)(GO)

10/26/2012 FILE STAMP 10/26/2012, MOTION TO DISMISS COUNTS I AND II OF THE AMENDED
COMPLAINT

10/31/2012 FILE STAMP 10/31/2012, STATE'S RESPONSE TO, DEFENDANT'S MOTION TO DISMISS
AMENDED COMPLAINT

11/14/2012 SCHED. MOTION on 12/18/12,01:30pm,Div13

11/14/2012 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY H JONES AND K
HENDERSON,DEFENDANT APPEARS IN CUSTODY PRO SE ,MOTION GRANTED
TO/FOR DEF TO CONTINUE MOTION,CONTINUED BY DEFENSE ,BOND
MODIFICATION DENIED ,COMMENT ATTY DIOSZEGHY ILL (BMC)(GO)

12/03/2012 ADDL COST BDFF 100.00

12/03/2012 FILE STAMP 12/3/2012, OUT-OF-STATE ATTORNEY'S OATH

12/03/2012 FILE STAMP 12/3/2012, VERIFIED APPLICATION OF AN OUT-OF-STATE ATTORNEY
FOR ADMISSION PRO HAC VICE TO PRACTICE IN THE CAPTIONED CASE

12/03/2012 FILE STAMP 12/3/2012, MOTION FOR ADMISSION PRO HAC VICE

12/03/2012 FILE STAMP 12/3/2012, ORDER ADMITTING OUT-OF-STATE ATTORNEY TO PRACTICE

12/18/2012 SCHED. PRE-TRIAL CONFERENCE on 02/22/13,09:00am,Div13

12/18/2012 SCHED. JURY TRIAL on 02/25/13,09:00am,Div13

12/18/2012 SCHED. JURY TRIAL on 02/26/13,09:00am,Div13

12/18/2012 SCHED. JURY TRIAL on 02/27/13,09:00am,Div13

12/18/2012 SCHED. JURY TRIAL on 02/28/13,09:00am,Div13

12/18/2012 SCHED. JURY TRIAL on 03/01/13,09:00am,Div13

12/18/2012 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY H JONES,DEFENDANT APPEARS IN
CUSTODY WITH ATTORNEY DIOSZEGHY/DJOHNSON,CONTINUED BY
DEFENSE ,DEFENDANT ORDERED TO PERSONALLY APPEAR AT NEXT COURT
HEARING ,BOND MODIFICATION DENIED ,COMMENT MOTION TO DISMISS-DENIED
(BMC)(GO)

12/18/2012 <******* Bench Notes *********> TIME ASSESSED TO DEF

12/28/2012 SUBPOENA ISSUED TO DA 2

01/18/2013 FILE STAMP 1/18/2013, NOTICE OF INTENT TO SUBPOENA BUSINESS RECORDS

01/29/2013 SUBPOENA ISSUED TO DA 1

01/30/2013 DEFENSE ATTORNEY DIOSZEGHY, JOSEPH L DELETED

01/30/2013 DEFENSE ATTORNEY TOTH, W SCOTT ASSIGNED

01/30/2013 FILE STAMP 01/30/13, WITHDRAEAL OF COUNSEL, JOSEPH DIOSZEGHY, AND ENTRY
OF APPEARANCE OF SUBSTITUTED COUNSEL, SCOTT TOTH

01/30/2013 FILE STAMP 01/30/13, MOTION FOR CONTINUANCE, OF JURY TRIAL

02/01/2013 FILE STAMP 2/1/2013, NOTICE OF INTENT TO SUBPOENA BUSINESS RECORDS

02/04/2013 SCHED. MOTION on 02/05/13,03:00pm,Div 13

02/05/2013 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY H JONES/HENDERSON,DEFENDANT
APPEARS IN CUSTODY WITH ATTORNEY TOTH,CONTINUED BY

DEFENSE ,DEFENDANT ORDERED TO PERSONALLY APPEAR AT NEXT COURT HEARING ,COMMENT TIME ASSESSED TO DEF (BMC)()

02/05/2013 CANCELLED JURY TRIAL on 03/01/13,09:00am,Div13

02/05/2013 CANCELLED JURY TRIAL on 02/28/13,09:00am,Div13

02/05/2013 CANCELLED JURY TRIAL on 02/27/13,09:00am,Div13

02/05/2013 CANCELLED JURY TRIAL on 02/26/13,09:00am,Div13

02/05/2013 CANCELLED JURY TRIAL on 02/25/13,09:00am,Div13

02/05/2013 CANCELLED PRE-TRIAL CONFERENCE on 02/22/13,09:00am,Div13

02/05/2013 SCHED. PRE-TRIAL CONFERENCE on 05/31/13,09:00am,Div 13

02/05/2013 SCHED. MOTION on 04/18/13,03:00pm,Div 13

02/05/2013 SCHED. JURY TRIAL on 06/03/13,09:00am,Div 13

02/05/2013 SCHED. JURY TRIAL on 06/04/13,09:00am,Div 13

02/05/2013 SCHED. JURY TRIAL on 06/05/13,09:00am,Div 13

02/05/2013 SCHED. JURY TRIAL on 06/06/13,09:00am,Div 13

02/05/2013 SCHED. JURY TRIAL on 06/07/13,09:00am,Div 13

02/13/2013 FILE STAMP 2/12/2013, MOTION ENDORSE WITNESS

02/15/2013 SUBP FOR BUSINESS RECS ISSUED TO DEF ATTY 1

02/15/2013 FILE STAMP 2/15/2013, REQUEST AND SERVICE FORM

02/19/2013 SUBPOENA ISSUED TO DA 1

02/25/2013 SUBPOENA ISSUED TO DA 1

03/12/2013 SUBPOENA ISSUED TO DA 2

04/18/2013 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY H JONES,DEFENDANT APPEARS IN CUSTODY WITH ATTORNEY TOTH,BOND MODIFICATION DENIED ,CONTINUANCE FOR JURY TRIAL (BMC)()

05/17/2013 FILE STAMP 05/17/13, MOTION TO AMEND COMPLAINT/INFORMATION

05/29/2013 SUBPOENA ISSUED TO DA 1

05/30/2013 FILE STAMP 5/30/2013, MOTION ENDORSE WITNESS

05/31/2013 <******* Bench Notes *********> MOTION TO AMEND COMPLAINT-GRANTED, MOTION TO ENDORE WITNESS-GRANTED

05/31/2013 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY K HENDERSON,DEFENDANT APPEARS IN CUSTODY WITH ATTORNEY TOTH,CONTINUANCE ,DEFENDANT ORDERED TO PERSONALLY APPEAR AT NEXT COURT HEARING (BMC)()

05/31/2013 CANCELLED JURY TRIAL on 06/07/13,09:00am,Div13

05/31/2013 CANCELLED JURY TRIAL on 06/06/13,09:00am,Div13

05/31/2013 CANCELLED JURY TRIAL on 06/05/13,09:00am,Div13

05/31/2013 CANCELLED JURY TRIAL on 06/04/13,09:00am,Div13

05/31/2013 CANCELLED JURY TRIAL on 06/03/13,09:00am,Div13

05/31/2013 SCHED. GO PRELIMINARY HEARING on 06/06/13,01:30pm,Div 13

06/06/2013 ADD CHARGE 21-5402(a)(1) PREMED MURDER 1ST DEGREE,RE.ACS.CD S,CHRG.TYPE F,SEV.LVL 3,PN P

06/06/2013 DELETE CHARGES 21-5303,CHANGED FROM 21-5303 TO 21-5402(a)(1),RE.ACS.CD S

06/06/2013 SCHED. MOTION on 07/08/13,10:30am,Div13

06/06/2013 SCHED. PRE-TRIAL CONFERENCE on 07/26/13,09:00am,Div13

06/06/2013 SCHED. JURY TRIAL on 07/29/13,09:00am,Div13

06/06/2013 SCHED. JURY TRIAL on 07/30/13,09:00am,Div13

06/06/2013 SCHED. JURY TRIAL on 07/31/13,09:00am,Div13

06/06/2013 <******* Bench Notes *********> STATE PRESENTS EVID AND RESTS, DEF PRESENTS NO EVID, CLOSING ARG, MOTIONS DUE 6/26

06/06/2013 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY K HENDERSON,DEFENDANT APPEARS IN CUSTODY WITH ATTORNEY TOTH, (BMC)()

06/06/2013 COUNT 3 21-5402(a)(1) PROBABLE CAUSE FOUND ,DEFENDANT BOUND OVER ,DEFENDANT ARRAIGNED ,READING WAIVED ,PLEA NOT GUILTY,CONTINUANCE ,DEFENDANT ORDERED TO PERSONALLY APPEAR AT NEXT COURT HEARING (BMC)()

06/07/2013 FILE STAMP 6/7/2013, SECOND AMENDED COMPLAINT

06/20/2013 FILE STAMP 6/20/2013, MOTION ENDORSE WITNESS

06/21/2013 SUBPOENA ISSUED TO DA 3

06/28/2013 SUBPOENA ISSUED TO DA 1

07/05/2013 FILE STAMP 07/05/13, STATE'S MOTION TO ADMIT EVIDENCE

07/05/2013 FILE STAMP 07/05/13, MOTION IN LIMINE

07/05/2013 FILE STAMP 07/05/13, MOTION IN LIMINE

07/08/2013 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY K HENDERSON/W HURST,DEFENDANT APPEARS IN CUSTODY WITH ATTORNEY TOTH,COMMENT MOTIONS HEARD (BMC)()

07/26/2013 FILE STAMP 7/25/2013, STATE'S PROPOSED JURY INSTRUCTIONS

07/26/2013 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY K HENDERSON,DEFENDANT APPEARS WITH ATTORNEY TOTH,COMMENT READY FOR TRIAL (BMC)()

07/26/2013 FILE STAMP 7/26/2013, DEFENDANT'S PROPOSED JURY INSTRUCTIONS

07/31/2013 FILE STAMP 7/31/2013, WITNESS AFFIDAVIT

07/31/2013 FILE STAMP 7/31/2013, WITNESS AFFIDAVIT

07/31/2013 FILE STAMP 7/31/2013, WITNESS AFFIDAVIT

07/31/2013 FILE STAMP 7/31/2013, WITNESS AFFIDAVIT

07/31/2013 PSI ORDERED

08/01/2013 ADDL COST NEWWIT 100.48

07/31/2013 <******* Bench Notes *********> JURY RETURNS IN THE MORNING TO CONTINUE DILBERATE,

07/31/2013 SCHED. SENTENCING on 09/20/13,11:00am,Div13

07/31/2013 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY K HENDERSON/HURST,DEFENDANT APPEARS IN CUSTODY WITH ATTORNEY TOTH/D JOHNSON,TRIAL TO A JURY ,FINDING GUILTY, (BMC)()

07/31/2013 COUNT 2 21-5402(a)(1) FINDING GUILTY, (BMC)()

07/31/2013 COUNT 3 21-5402(a)(1) FINDING NOT GUILTY, (BMC)()

07/31/2013 CHANGED STATUS FROM "O" TO "P"

07/30/2013 <******* Bench Notes *********> STATE CONTINUES TO PRESENT EVIDENCE, STATE RESTS, DEF PRESENTS EVIDENCE, DEF RESTS, STATE PRESENTS REBUTTAL EVID, CASE SUBMITTED, RECORD MADE ON INSTRUCTIONS, JURY INSTRUCTED, CLOSINGS, JURY RETIRES TO DELIBERATE

07/30/2013 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY K HENDERSON/W HURST,DEFENDANT APPEARS IN CUSTODY WITH ATTORNEY S TOTH/D JOHNSON, (BMC)(GO)

07/29/2013 <******* Bench Notes *********> PARTIES ANNOUNCE THEY ARE READY FOR TRIAL, PANEL SWORN FOR VOIR DIRE EXAM, JURY SWORN AND ADMONISHED, STATE'S OPENING STATEMENT, DEF'S OPENING STATEMENT, STATE PRESENTS EVID, JURY SENT HOME FOR THE EVENING

07/29/2013 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY K HENDERSON/ W HURST,DEFENDANT APPEARS IN CUSTODY WITH ATTORNEY TOTH/D JOHNSON, (BMC)(GO)

08/01/2013 CANCELLED SENTENCING on 09/20/13,11:00am,Div13

08/01/2013 SCHED. SENTENCING on 09/20/13,11:00am,Div 13

08/01/2013 FILE STAMP 8/1/2013, JURY INSTRUCTIONS

08/05/2013 FILE STAMP 08/05/13, MOTION FOR NEW TRIAL

08/06/2013 FILE STAMP 08/06/13, STATE'S RESPONSE TO, DEFENDANT'S MOTION FOR NEW TRIAL

09/18/2013 FILE STAMP 09/18/13, MOTION FOR CONTINUANCE OF SENTENCING

09/20/2013 SCHED. SENTENCING on 10/28/13,11:00am,Div13

09/20/2013 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY K HENDERSON,DEFENDANT APPEARS IN CUSTODY WITH ATTORNEY TOTH,CONTINUED BY DEFENSE ,DEFENDANT ORDERED TO PERSONALLY APPEAR AT NEXT COURT HEARING ,COMMENT DEF OBJECTS TO CRIMINAL HISTORY (BMC)()

10/04/2013 FILE STAMP 10/04/13, OBJECTION TO CRIMINAL HISTORY

10/10/2013 FILE STAMP 10/10/13, MOTION FOR DURATIONAL DEPARTURE

10/28/2013 <******* Bench Notes *********> PSI WILL NEED TO BE UPDATED, PARTIES AGREE DEF IS A CRIMINAL HISTORY H, DEF TO REGISTER, RESTITUTION ORDERED,

10/28/2013 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY K HENDERSON,DEFENDANT APPEARS IN CUSTODY WITH ATTORNEY TOTH,DEFENDANT SENTENCED TO CUSTODY OF SECRETARY OF CORRECTIONS ,JAIL FOR A PERIOD OF 71M//,COURT COSTS TO DEFENDANT ,REMANDED TO CUSTODY OF SECRETARY OF CORRECTIONS , (BMC)()

10/28/2013 COURT COST $204.00

10/28/2013 COUNT 2 21-5402(a)(1) DEFENDANT SENTENCED TO CUSTODY OF SECRETARY OF CORRECTIONS ,JAIL FOR A PERIOD OF 61M//,CONSECUTIVE , (BMC)()

10/28/2013 CHANGED STATUS FROM "O" TO "P"

10/28/2013 DEFENSE ATTORNEY TOTH, W SCOTT DELETED

10/28/2013 <******* Bench Notes *********> MOTION FOR NEW TRIAL-DENIED, MOTION FOR DURATIONAL DEPARTURE-DENIED,

10/28/2013 FILE STAMP 10/28/13, NOTICE OF APPEAL

10/28/2013 FILE STAMP 10/28/2013, ORDER FOR W/D OF COUNSEL, W SCOTT TOTH

10/28/2013 FILE STAMP 10/28/2013, ORDER APPOINTING APPELLATE DEFENDER

11/06/2013 FILE STAMP 11/6/2013, JE/JUDGMENT/COMMITMENT/TRANSPO ORDER

11/06/2013 FILE STAMP 11/6/2013, PSI FILED

11/07/2013 COUNT 1 21-5402(a)(1),ORDERED RESTITUTION AMOUNT OF 5,080.00

11/26/2013 FILE STAMP 11/26/13, REASSIGNMENT OF REQUESTED TRANSCRIPTS, HEARING DATES: NO. 1- 9 ON ORDER FOR TRANSCRIPT

12/02/2013 FILE STAMP 12/2/2013, ORDER FOR TRANSCRIPT FILED

12/02/2013 FILE STAMP 12/2/2013, ORDER FOR TRANSCRIPT FILED

12/02/2013 FILE STAMP 12/2/2013, ORDER FOR TRANSCRIPT FILED

12/02/2013 FILE STAMP 12/2/2013, ORDER FOR TRANSCRIPT FILED

12/03/2013 FILE STAMP 12/3/2013, SO RETURN COMMITMENT EXECUTED

12/11/2013 FILE STAMP 12/10/2013, APPELLANT'S REQUEST FOR ADDITIONS TO THE APPELLATE RECORD, FAXED 11:41

12/20/2013 FILE STAMP 12/20/13, TRANSCRIPT OF PROCEEDINGS TAKEN JULY 6, 2012 BY MELANIE A. JONES, CSR

12/20/2013 FILE STAMP 12/20/13, CERTIFICATE OF COMPLETION OF TRANSCRIPTS

12/20/2013 FILE STAMP 12/17/2013, ADDITIONAL ORDER FOR TRANSCRIPT FILED

12/26/2013 FILE STAMP 12/26/2013, ORDER FROM THE COURT OF APPEALS MOTION BY RHEUBEN JOHNSON, FOR PERMISSION TO DOCKET APPEAL OUT OF TIME LEAVE GRANTED TO DOCKET APPEAL INSTANTER... APPEAL #13-110837-A

01/03/2014 FILE STAMP 01/03/14, TRANSCRIPT OF PROCEEDINGS STATUS CONFERENCE TAKEN MAY 31, 2012 BY ABBY J RYAN, RPR, CSR

01/03/2014 FILE STAMP 01/03/14, TRANSCRIPT OF PROCEEDINGS MOTION FOR CONTINUANCE OF PRELIMIN/BOND REDUCTION TAKEN AUGUST 1, 2012 BY ABBY J RYAN, RPR, CSR

01/03/2014 FILE STAMP 01/03/14, CERTIFICATE OF COMPLETION OF TRANSCRIPTS

01/23/2014 ADDITIONS TO THE TABLE OF CONTENTS MADE.. LETTER AND TABLE SENT TO: STEVE OBERMEIER AND THE APPELLATE DEFENDERS OFFICE

01/30/2014 ADDITIONS TO THE TABLE OF CONTENTS MADE.. LETTER AND TABLE SENT TO: STEVE OBEMEIER AND THE APPELLATE DEFENDERS OFFICE

02/25/2014 FILE STAMP 2/25/2014, TRANSCRIPT OF PROCEEDINGS MOTION HEARING TAKEN BY GLORIA J O'MALLEY, CSR, CCR TAKEN ON APRIL 18, 2013

02/25/2014 FILE STAMP 2/25/2014, TRANSCRIPT OF JURY TRIAL PROCEEDINGS DAY 1 VOLUME I TAKEN BY GLORIA J O'MALLEY, CSR, CCR TAKEN ON JULY 29, 30, 31, 2013

02/25/2014 FILE STAMP 2/25/2014, TRANSCRIPT OF PROCEEDINGS MOTIONS HEARINGS TAKEN BY GLORIA J O'MALLEY, CSR, CCR TAKEN ON SEPTEMBER 19, 2012

02/25/2014 FILE STAMP 2/25/2014, TRANSCRIPT OF PROCEEDINGS MOTION HEARING TAKEN BY GLORIA J O'MALLEY, CSR, CCR TAKEN ON JUNE 6, 2013

02/25/2014 FILE STAMP 2/25/2014, TRANSCRIPT OF PROCEEDINGS MOTION HEARING TAKEN BY GLORIA J O'MALLEY, CSR, CCR ON SEPTEMBER 20, 2013

02/25/2014 FILE STAMP 2/25/2014, TRANSCRIPT OF PROCEEDINGS MOTION HEARINGS TAKEN BY GLORIA J O'MALLEY, CSR, CCR TAKEN ON FEBRUARY 5, 2013

02/25/2014 FILE STAMP 2/25/2014, TRANSCRIPT OF PROCEEDINGS MOTION HEARING TAKEN BY GLORIA J O'MALLEY, CSR, CCR TAKEN ON MAY 31, 2013

02/25/2014 FILE STAMP 2/25/2014, TRANSCRIPT OF JURY TRIAL PROCEEDINGS DAY 2 VOLUME II TAKEN BY GLORIA J O'MALLEY, CSR, CCR TAKEN ON JULY 29, 30, & 31ST, 2013

02/25/2014 FILE STAMP 2/25/2014, TRANSCRIPT OF PROCEEDINGWS MOTION HEARING TAKEN BY GLORIA J O'MALLEY, CSR, CCR TAKEN ON OCTOBER 18, 2012

02/25/2014 FILE STAMP 2/25/2014, TRANSCRIPT OF PROCEEDINGS SENTENCING HEARING TAKEN BY GLORIA J O'MALLEY, CSR, CCR TAKEN ON OCTOBER 28, 2013

02/25/2014 FILE STAMP 2/25/2014, TRANSCRIPT OF PROCEEDINGS MOTION HEARING TAKEN BY GLORIA J O'MALLEY, CSR, CCR TAKEN ON JULY 8, 2013

02/25/2014 FILE STAMP 2/25/2014, TRANSCRIPT OF JURY TRIAL PROCEEDINGS DAY 3 VOLUME III TAKEN BY GLORIA J O'MALLEY, CSR, CCR ON JULY 29, 30, & 31, 2013

02/25/2014 FILE STAMP 2/25/2014, TRANSCRIPT OF PROCEEDINGS MOTION HEARING TAKEN BY GLORIA J O'MALLEY, CSR, CCR TAKEN ON DECEMBER 18, 2012

02/25/2014 FILE STAMP 2/25/2014, CERTIFICATE OF COMPLETION OF TRANSCRIPT TAKEN BY GLORIA J O'MALLEY, CSR

04/15/2014 ADDL COST STATTRN 1,729.00

10/08/2014 FILE STAMP 10/8/2014, ORDER FROM THE COURT OF APPEALS, APPELLATE DEFENDERS MOTION TO WITHDRAW DUE TO CONFLICT OF INTERST IS GRANTED THE CASE IS REMANDED TO THE DISTRICT COURT TO ALLOW FOR APPOINTMENT OF NEW COUNSEL...BRIEFING SCHEDULE IS STAYED AND ONCE NEW COUNSEL IS APPOINTED APPEAL WILL PROCEED LL FUTUER FILINGS ON CASE WILL BE MADE ON PAPER... CLERK OF DISTRICT COURT IS ORDERED TO PROVIDE CLERK OF THE APPELLATE COURTS EITHER BY MAIL OR FACSIMILE FILING WITH A FILED STAMPED CERTIFIED COPY OF ORDER APPOINTING COUNSEL BY NOVEMBER 5, 2014

10/10/2014 ADDITIONS TO THE TABLE OF CONTENTS MADE. LETTER AND TABLE SENT TO: STEVE OBERMEIER AND THE APPELLATE DEFENDERS OFFICE

11/13/2014 FILE STAMP 11/13/2014, ORDER APPOINTING COUNSEL KATE ZIGTEMA

11/13/2014 DEFENSE ATTORNEY ZIGTEMA, CATHERINE ANN ASSIGNED

02/13/2015 FILE STAMP 02/12/15, MOTION TO ADD TO RECORD

02/24/2015 FILE STAMP 02/24/2015, ADDITIONS TO THE TABLE OF CONTENTS MADE..LETTER AND TABLE SENT TO: STEVE OBERMEIER AND KATE ZIGTEMA

12/09/2016 FILE STAMP 12/08/2016, ORDER FROM THE COURT OF APPEALS, CASE REMANDED TO DISTRICT COURT FOR APPOINTMENT OF COUNSEL FOR APPELLANT. APPELLATE COURT RETAINS JURISDICTION OVER APPEAL. CLERK OF DISTRICT COURT TO TRANSMIT TO CLERK OF APPELLATE COURT ORDER APPOINTING COUNSEL BY JANUARY 4, 2017

01/06/2017 FILE STAMP 01/06/2017, ORDER APPOINTING PUBLIC DEFENDER

06/22/2017 FILE STAMP 06/22/2017, ORDER FOR RECORDS FROM THE COURT OF APPEALS, 21 VOLUMES SET TO COURT OF APPEALS, 20 FTP, 1 UPS FAX FILED

05/04/2018 FILE STAMP 05/04/2018, MOTION FOR APPOINTMENT OF COUNSEL

05/04/2018 FILE STAMP 05/04/2018, MOTION TO CORRECT ILLEGAL SENTENCE

05/15/2018 FILE STAMP 05/15/2018, AMENDMENT TO MOTION TO CORRECT ILLEGAL SENTENCE

05/30/2018 FILE STAMP 05/30/18, MOTION TO DISMISS

06/13/2018 FILE STAMP 06/12/2018, RESPONSE TO STATE'S MOTION TO DISMISS

08/02/2018 FILE STAMP 08/02/2018, MOTION FOR IMMEDIATE DECISION

08/07/2018 FILE STAMP 08/07/2018, RESPONSE TO STATE'S MOTION TO DISMISS

08/16/2018 FILE STAMP 08/16/2018, MOTION TO CORRECT ILLEGAL SENTENCE

08/20/2018 FILE STAMP 08/20/2018, ORDER FILED/MOTION TO CORRECT ILLEGAL SENTENCE DENIED

08/27/2018 FILE STAMP 08/27/2018, MOTION TO REQUEST APPOINTMENT OF COUNSEL

08/27/2018 FILE STAMP 08/27/2018, MOTION TO REQUEST EVIDENTIARY HEARING

09/13/2018 FILE STAMP 09/13/2018, MOTION TO REQUEST DECISIONS ON PRIOR MOTIONS

09/13/2018 FILE STAMP 09/13/2018, NOTICE OF APPEAL

09/13/2018 FILE STAMP 09/13/2018, MOTIONTO REQUEST APPOINTMENT OF COUNSEL FOR APPEAL

09/13/2018 FILE STAMP 09/13/2018, MOTION TO CORRECT ILLEGAL SENTENCE DUE TO 18CUSCS 3DI.2

09/13/2018 FILE STAMP 09/13/2018, MOTION TO CORRECT ILLEGAL SENTENCE DUE TO K.S.A.

21-5303 (D) (1)

09/13/2018 FILE STAMP 09/11/2018, MOTION FOR CHANGE OF JUDGE

09/24/2018 FILE STAMP 09/24/2018, MANDATE FROM THE COURT OF APPEALS, THE SUPREME COURT DENIED THE PETITIONS FOR REVIEW. JUDGMENT OF THE DISTRICT COURT IS AFFIRMED UPON THE DENIAL. 13-110837-A

09/27/2018 FILE STAMP 09/27/2018, AFFIDAVIT FOR CHANGE OF JUDGE

09/28/2018 CLERKS NOTE-1 VOLUME RECEIVED FROM COURT OF APPEALS - EXHIBITS RETURNED TO DA

10/22/2018 DEFENSE ATTORNEY ZIGTEMA, CATHERINE ANN DELETED

10/22/2018 DEFENSE ATTORNEY KLEIN, RICHARD P APPOINTED

10/22/2018 FILE STAMP 10/22/2018, ORDER APPOINTING PUBLIC DEFENDER

10/26/2018 SCHED. SCHEDULING CONFERENCE on 11/15/18,09:45am,Div 13

11/15/2018 COUNT 1 21-5402(a)(1) PLAINTIFF APPEARS BY MINIHAN,DEFENDANT APPEARS WITH ATTORNEY KLEIN,COMMENT DEF'S MOTIONS SUMMARILY DENIED (BMC) (GO)

11/16/2018 FILE STAMP 11/16/18, JOURNAL ENTRY REGARDING DEFENDANT'S MOTION TO CORRECT ILLEGAL SENTENCE

11/21/2018 FILE STAMP 11/21/2018, ORDER FROM THE COURT OF APPEALS, MOTION BY RHEUBEN CLIFFORD JOHNSON, FOR PERMISSION TO DOCKET APPEAL OUT OF TIME. LEAVE GRANTED TO DOCKET APPEAL INSTANTER. 18-120236-A

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

STATE OF KANSAS,
                    Plaintiff,

VS.                          **COMPLAINT**     Case No. '12 C R 1 0 7 4

RHEUBEN CLIFFORD JOHNSON III,
                    Defendant.

STATE OF KANSAS, JOHNSON COUNTY, ss:

        I, Ted Baird, Assistant District Attorney of said County, being duly sworn on oath state to the Court that

                    RHEUBEN CLIFFORD JOHNSON III
did the following:

COUNT I - That between the 1st day of May, 2012 and the 22nd day of May, 2012, in the City of Olathe, County of Johnson, State of Kansas, RHEUBEN CLIFFORD JOHNSON III did then and there unlawfully, feloniously and willfully encourage or request another person, to wit: Lonnie Stites to commit a felony crime to wit: murder in the first degree as defined by K.S.A. 21-5402, which is intentionally and with premeditation killing a human being, a severity level 3 person felony, in violation of K.S.A. 21-5303, K.S.A. 21-6804 and K.S.A. 21-6807.   (Solicitation to commit murder in the first degree)

Ted Baird /tb  #11523
Assistant District Attorney
P.O. Box 728
Olathe, Kansas  66051-0728
(913) 715-3000

Subscribed and sworn to before me this 24th day of May, 2012.

TERRI A. BOWMAN
Notary Public - State of Kansas
My Appt. Expires September 28, 2013

Notary Public

WITNESSES:
Annie Louise Johnson          Ronald Nodwell
Sgt. Tim Sweany               Det. Matt Campbell
Sgt. Lonnie Stites            Off. Michael Bishop
Off. Kevin Uballez            Det. Pat Foster
Det. James McMillian          Sgt. Todd Milberger

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS.

2012 MAY 24  AM 11: 48

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
Criminal Department Section___

State of Kansas
Vs.                                          Case No. '12 CR 1074
RHEUBEN CLIFFORD JOHNSON        Print-off Date 05/24/2012

INITIATION OF ACTION

Offenses(s) Alleged: 21-5402(a)(1)    SOLICITATION-PREMED MURDER 1ST DEGREE

✓ The Court finds from the complaint/affidavit that there is probable cause to believe both that a crime has been committed in Johnson County, Kansas and that the defendant committed the same.

_____ Therefore a warrant is ordered to be issued for the arrest of the above-named defendant.

✓ The Court finds probable cause for detention of the above-named defendant.

Defendant's bond is set at $ 1,000,000 00

| | |
|---|---|
| ✓ Cash or Surety (C/S) | ___ Personal Recognizance (P/R) |
| ___ O/R Cash Deposit or C/S | ___ Bond Supervision |
| ✓ House Arrest w/ GPS monitoring | ✓ No Alcohol |
| ___ No Driving | ___ No Driving w/o Valid D/L |
| ___ Interlock Device Installed | ___ Mental Health/Medication |
| ✓ No Firearms | ___ SCRAM Device |
| ✓ No Contact Victim(s)/Witnesses whether or not he/she posts bond | |
| ___ No Violent Contact Victim(s)/Witnesses After 72 Hours | ___ Medication as prescribed |
| ___ Mental health evaluation prior to bonding | ✓ No drugs |
| ___ Return to Residential Center | ___ Hold PFA |
| ___ No Contact w/childern except per civil orders | ___ Report to probation office |
| ___ No Violent Contact Victim(s)/Witnesses | |
| _____ Other: _____ | |

_____ Therefore a summons is ordered issued for the above-named defendant.

_____ A complaint has been filed and a notice to appear has been issued for the above-named defendant.

For his appearance in Section_____ of the Criminal Department of the District Court on the_____ day of_____, 20___ at___:___ o'clock___.M.

5-24-12
Date

_____
Judge of the District Court/Clerk

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS.
2012 MAY 24 AM 11: 48

Entered by _____

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

STATE OF KANSAS,
        Plaintiff,

VS.                **AMENDED COMPLAINT**    Case No.  12CR1074

RHEUBEN CLIFFORD JOHNSON III,
        Defendant.

STATE OF KANSAS, JOHNSON COUNTY, ss:

      I, Heather R. Jones, Assistant District Attorney of said County, being duly sworn on oath state to the Court that

### RHEUBEN CLIFFORD JOHNSON III

did the following:

COUNT I - That between the 1st day of May, 2012 and the 22nd day of May, 2012,  in the City of Olathe, County of Johnson, State of Kansas, RHEUBEN CLIFFORD JOHNSON III did then and there unlawfully, feloniously and willfully encourage or request another person, to wit:  Lonnie Stites to commit a felony crime to wit:  murder in the first degree as defined by K.S.A. 21-5402, which is intentionally and with premeditation killing a human being, a severity level 3 person felony, in violation of K.S.A. 21-5303, K.S.A. 21-6804 and K.S.A. 21-6807.    (Solicitation to commit murder in the first degree)

COUNT II - That between the ~~1st~~ 10th day of ~~May~~ April, 2012 and the 22nd day of May, 2012,  in the City of Olathe, County of Johnson, State of Kansas, RHEUBEN CLIFFORD JOHNSON III did then and there unlawfully, feloniously and willfully encourage or request another person, to wit:  Ronald Nodwell to commit a felony crime to wit:  murder in the first degree as defined by K.S.A. 21-5402, which is intentionally and with premeditation killing a human being, a severity level 3 person felony, in violation of K.S.A. 21-5303, K.S.A. 21-6804 and K.S.A. 21-6807.    (Solicitation to commit murder in the first degree)

Heather R. Jones, #19869
Assistant District Attorney
P.O. Box 728
Olathe, Kansas  66051-0728
(913) 715-3000

Subscribed and sworn to before me this 22nd day of August, 2012.

Notary Public

SHARMAN E. MORRIS
Notary Public - State of Kansas
My Appt. Expires April 29, 2014

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2012 AUG 24  AM 8: 58

SCAN DATE 2012/08/24 11:11:49

WITNESSES:
Annie Louise Johnson       Ronald Nodwell
Sgt. Tim Sweany       Det. Matt Campbell
Sgt. Lonnie Stites       Off. Michael Bishop
Off. Kevin Uballez       Det. Pat Foster
Det. James McMillian       Sgt. Todd Milberger

SCAN DATE 2012/08/24 11:11:50

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CRIMINAL COURT DEPARTMENT

STATE OF KANSAS,
           Plaintiff,

    VS.                                                   Case No. 12CR1074
                                                   Court No. 13

RHEUBEN JOHNSON, III,
           Defendant.

## **MOTION TO REVOKE BOND**

        COMES NOW Heather R. Jones, an Assistant District Attorney and moves for an order of the Court that the Bond previously granted to the defendant herein be revoked and that a Bench Warrant be issued for the arrest of said defendant.

        In support of said motion, Movant states to the Court that the defendant was previously charged on May 24th, 2012 with the offense of PREMED MURDER 1ST DEGREE (F), CRIMINAL SOLICITATION (F) was placed on Bond on August 23rd, 2012, which is presently being monitored by House Arrest Officer (HAO) Jolene Born, and that the defendant has violated the conditions of Bond, heretofore granted in the following manner:



CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2012 OCT -9 AM 11: 06

**HOUSE ARREST CONDITION #6.**    I will be permitted to leave my place of residence, **WITH APPROVAL OF THE HAO**, for the following reasons: employment, school, attorney visits, doctor appointments, dentist appointments, counseling or treatment, House Arrest, Probation/Parole appointments, or meetings with other DOC personnel, church, and other emergency situations. **I have the responsibility to verify my whereabouts at all times.**

**Specifically: On October 2, 2012, the defendant was out of place of assignment when he failed to report his early release of his appointment. The defendant failed to return directly home and GPS tracking shows the defendant going to several unapproved locations.**

**Specifically: On October 7th, 2012, the defendant failed to return home as scheduled from church and was out of place of assignment for approximately 4 hours with no contact to House Arrest.**

Heather R. Jones   9869
Assistant District Attorney
P.O. Box 728
Olathe, Kansas 66051
(913) 715-3000

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CRIMINAL COURT DEPARTMENT

STATE OF KANSAS,
              Plaintiff,

    VS.
                                                    Case No. 12CR1074
                                                    Court No. 13

RHEUBEN JOHNSON, III,
              Defendant.

### BENCH WARRANT

THE STATE OF KANSAS TO THE SHERIFF OF JOHNSON COUNTY, KANSAS, GREETINGS:

        WHEREAS, RHEUBEN JOHNSON III, white, male, DOB July 8th, 1962 the above-named defendant was charged with the offense of PREMED MURDER 1ST DEGREE (F), CRIMINAL SOLICITATION (F) in the above named Court and has been heretofore placed on Bond on August 23, 2012, and

        WHEREAS, the Court has on the ___9___ day of ___Oct ._____, 20_12_ determined that there is probable cause to believe that the defendant has violated said Bond and ordered that defendant be brought before this Court for hearing on the plaintiff's motion to revoke said Bond,

        YOU ARE, THEREFORE, HEREBY COMMANDED TO forthwith arrest the said RHEUBEN JOHNSON III and commit defendant to your custody appearance before the Court at 1:30 P.M. on the next regularly scheduled day of Court, following the execution of this writ, and make due return thereon.

        IN WITNESS WHEREOF, I hereunto set my hand at my office in Olathe, Kansas, this ___9__ day of ___Oct ._____, 20_12_.

Bond is set in the amount of $_350,000.00_. c/s

        If the appearance bond is posted in this case, the defendant is ordered to be released to the custody of the Johnson County Department of Corrections and placed in the Adult Residential Center through the Johnson County Department of Corrections as a Condition of Bond.

The Honorable Judge Cameron
**Judge of the District Court**
Court Number 13
Johnson County District Court

# IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CRIMINAL DEPARTMENT

STATE OF KANSAS,                )
       Plaintiff,               )     Case No. 12CR1074
                   )
v.                              )     Division 13
                   )
RHEUBEN CLIFFORD JOHNSON III,    )
       Defendant.               )

## ORDER ADMITTING OUT-OF-STATE ATTORNEY TO PRACTICE

IT IS ORDERED this 3 day of _Dec_. _____, 20 12, that Deborah S. Johnson, whose address is 9923 State Line Road, Kansas City, Missouri 64114, is admitted to practice law before this Court for the business of this case only, having made the showing required by Supreme Court Rule 116, and having sworn to and signed the Out-of-State Attorney's Oath.

       This order shall be effective only so long as the out-of-state attorney has associated and is personally appearing with an attorney licensed in Kansas, upon whom service may be had in all matters connected with this action with the same effect as if personally made on the out-of-state attorney.

_____
Judge of the District Court of
Johnson County, Kansas



CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2012 DEC -3 PM 1: 23

SCAN DATE 2012/12/03 15:10:02

Submitted by:

Deborah S. Johnson
Missouri Bar No. 57934
9923 State Line Road
Kansas City, MO  64114
Telephone:  816-943-0100
Fax:  816-817-0666
Email:  DebJohnson@kc.rr.com

Joseph L. Dioszeghy
Kansas Supreme Court #07174
130 N. Cherry St., Ste 103
Olathe, KS  66061
Phone:  913-780-6666
Fax:  913-780-6565
Email:  JLDioszeghy@aol.com

2

SCAN DATE 2012/12/03  15:10:03

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

STATE OF KANSAS,
              Plaintiff,

VS.                **SECOND AMENDED
COMPLAINT**    Case No. 12CR1074

RHEUBEN CLIFFORD JOHNSON III,
              Defendant.

STATE OF KANSAS, JOHNSON COUNTY, ss:

        I, Keith Henderson, Assistant District Attorney of said County, being duly sworn on oath state to the Court that

RHEUBEN CLIFFORD JOHNSON III

did the following:

COUNT I - That between the 1st day of May, 2012 and the 22nd day of May, 2012, in the City of Olathe, County of Johnson, State of Kansas, RHEUBEN CLIFFORD JOHNSON III did then and there unlawfully, feloniously and willfully encourage or request another person, to wit: Lonnie Stites to commit a felony crime to wit: murder in the first degree as defined by K.S.A. 21-5402, which is intentionally and with premeditation killing a human being, a severity level 3 person felony, in violation of K.S.A. 21-5303, K.S.A. 21-6804 and K.S.A. 21-6807. (Solicitation to commit murder in the first degree)

COUNT II - That between the 10th day of April, 2012 and the 22nd day of May, 2012, in the City of Olathe, County of Johnson, State of Kansas, RHEUBEN CLIFFORD JOHNSON III did then and there unlawfully, feloniously and willfully encourage or request another person, to wit: Ronald Nodwell to commit a felony crime to wit: murder in the first degree as defined by K.S.A. 21-5402, which is intentionally and with premeditation killing a human being, a severity level 3 person felony, in violation of K.S.A. 21-5303, K.S.A. 21-6804 and K.S.A. 21-6807. (Solicitation to commit murder in the first degree)

COUNT III - That between the 1st day of March, 2013 and the 31st day of March, 2013, in the City of Olathe, County of Johnson, State of Kansas, RHEUBEN CLIFFORD JOHNSON III did then and there unlawfully, feloniously and willfully encourage or request another person, to wit: Richard Porterfield to commit a felony crime to wit: murder in the first degree as defined by K.S.A. 21-5402, which is intentionally and with premeditation killing a human being, a severity level 3 person felony, in violation of K.S.A. 21-5303, K.S.A. 21-6804 and K.S.A. 21-6807. (Solicitation to commit murder in the first degree)

SCAN DATE 2013/06/07 09:22

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2013 JUN 7 AM 8: 01

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 6th day of June, 2013.

Keith Henderson #22080
Assistant District Attorney
P.O. Box 728
Olathe, Kansas 66051-0728
(913) 715-3000

WITNESSES:
Annie Louise Johnson
Sgt. Tim Sweany
Sgt. Lonnie Stites
Off. Kevin Uballez
Det. James McMillian

Ronald Nodwell
Det. Matt Campbell
Off. Michael Bishop
Det. Pat Foster
Sgt. Todd Milberger

Amendment – Adding Count 3

SCAN DATE 2013/06/07 09:22

# IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CRIMINAL DEPARTMENT

STATE OF KANSAS,

        Plaintiff,

                                    CASE NO.  12CR1074

Rheuben Clifford Johnson III,

        Defendant,

## JURY  INSTRUCTIONS

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS
2013 AUG -1  PM 3: 48

SCAN DATE 2013/08/01 16:30

# JURY INSTRUCTION NO. 1

It is my duty to instruct you in the law that applies to this case, and it is your duty to consider and follow all of the instructions. You must decide the case by applying these instructions to the facts as you find them.

P.I.K. 50.040

SCAN DATE 2013/08/01 16:30

# JURY INSTRUCTION NO. 2

In your fact finding you should consider and weigh everything admitted into evidence. This includes testimony of witnesses, admissions or stipulations of the parties, and any admitted exhibits. You must disregard any testimony or exhibit which I did not admit into evidence.

P.I.K. 50.050

SCAN DATE 2013/08/01 16:30

# JURY INSTRUCTION NO. 3

At times during the trial, I have ruled upon the admissibility of evidence. You must not concern yourself with the reasons for these rulings. I have not meant to indicate any opinion as to what your verdict should be by any ruling that I have made or anything that I have said or done.

P.I.K. 50.060

SCAN DATE 2013/08/01 16:30

## JURY INSTRUCTION NO. 4

Statements, arguments, and remarks of counsel are intended to help you in understanding the evidence and in applying the law, but they are not evidence. If any statements are made that are not supported by evidence, they should be disregarded.

P.I.K. 50.070

SCAN DATE 2013/08/01 16:30

# JURY INSTRUCTION NO. 5

    You were presented with audio recordings of conversations between various witnesses in this case including the Defendant. The voices on the recordings and what those voices say are the evidence in this case. A transcript was presented along with audio recordings. The transcript has been prepared to aid you in understanding what was said on the recordings. However, the transcript is not evidence. It is for you to decide what was said or not said on the recordings. If you find the transcript is inaccurate you should disregard the transcript.

SCAN DATE 2013/08/01 16:30

## JURY INSTRUCTION NO. 6

Your only concern in this case is determining if the defendant is guilty or not guilty.  The disposition of the case thereafter is a matter for determination by the Court.

P.I.K. 50.080

SCAN DATE 2013/08/01 16:30

# JURY INSTRUCTION NO. 7

It is for you to determine the weight and credit to be given the testimony of each witness. You have a right to use common knowledge and experience in regard to the matter about which a witness has testified.

P.I.K. 51.060

# JURY INSTRUCTION NO. **8**

A defendant in a criminal trial has a constitutional right not to be compelled to testify. You must not draw any inference of guilt from the fact that the defendant did not testify, and you must not consider this fact in arriving at your verdict.

P.I.K 51.080

# JURY INSTRUCTION NO. 9

## COUNT 1

The defendant is charged with solicitation to commit murder in the first degree, a felony. The defendant pleads not guilty.

To establish this charge, each of the following claims must be proved:

1. The defendant intentionally encouraged or requested Lonnie Stites to commit murder in the first degree, a felony.

2. This act occurred on or between the 1st day of May, 2012 and the 22nd day of May, 2012 in Johnson County, Kansas.

The definition of murder in the first degree, the felony charged to be the subject of the solicitation is as follows:

1. The defendant intentionally killed Annie Johnson.

2. The killing was done with premeditation.

3. This act occurred on or between the 1st day of May, 2012 and the 22nd day of May, 2012 in Johnson County, Kansas.

P.I.K. 53.090

SCAN DATE 2013/08/01 16:39

# JURY INSTRUCTION NO. 10

## COUNT 2

The defendant is charged with solicitation to commit murder in the first degree, a felony. The defendant pleads not guilty.

To establish this charge, each of the following claims must be proved:

1.   The defendant intentionally encouraged or requested Ronald Nodwell to commit murder in the first degree, a felony.

2.   This act occurred on or between the 10th day of April, 2012 and the 22nd day of May, 2012 in Johnson County, Kansas.

The definition of murder in the first degree, the felony charged to be the subject of the solicitation is as follows:

1.   The defendant intentionally killed Annie Johnson.

2.   The killing was done with premeditation.

3.   This act occurred on or between the 10th day of April, 2012 and the 22nd day of May, 2012 in Johnson County, Kansas.

P.I.K. 53.090

SCAN DATE 2013/08/01 16:19:30

# JURY INSTRUCTION NO. 11

## COUNT 3

The defendant is charged with solicitation to commit murder in the first degree, a felony.  The defendant pleads not guilty.

To establish this charge, each of the following claims must be proved:

1.    The defendant intentionally encouraged or requested Richard Porterfield tocommit murder in the first degree, a felony.

2.    This act occurred on or between the 1st day of March, 2013 and the 31st day of March, 2013 in Johnson County, Kansas.

The definition of murder in the first degree, the felony charged to be the subject of the solicitation is as follows:

1.    The defendant intentionally killed Annie Johnson.

2.    The killing was done with premeditation.

3.    This act occurred on or between the 1st day of March, 2013 and the 31st day of March, 2013 in Johnson County, Kansas.

P.I.K. 53.090

SCAN DATE 2013/08/01 16:30

# JURY INSTRUCTION NO. 12

Premeditation means to have thought the matter over beforehand, in other words, to have formed the design or intent to kill before the act. Although there is no specific time period required for premeditation, the concept of premeditation requires more than the instantaneous, intentional act of taking another's life.

P.I.K. 54.150(d)

SCAN DATE 2013/08/01 16:30

# JURY INSTRUCTION NO. 13

The State must prove that the defendant committed the crime of solicitation to commit murder in the first degree intentionally.

A defendant acts intentionally when it is the defendant's desire or conscious objective to cause the result complained about by the state.

P.I.K. 52.010

# JURY  INSTRUCTION  NO. 4

The State has the burden to prove the defendant is guilty.  The defendant is not required to prove he is not guilty.  You must presume that he is not guilty unless you are convinced from the evidence that he is guilty.

The test you  must use in determining whether the defendant is guilty or not guilty is this:  If you have a reasonable doubt as to the truth of any of the claims required to be proved by the State, you must find the defendant not guilty.  If you have no reasonable doubt as to the truth of each of the claims required to be proved by the State, you should find the defendant guilty.

P.I.K. 51.010

SCAN DATE 2013/08/01 16:30

**JURY INSTRUCTION NO. 15**

Each crime charged against the defendant is a separate and distinct offense. You must decide each charge separately on the evidence and law applicable to it, uninfluenced by your decision as to any other charge. The defendant may be convicted or acquitted on any or all of the offenses charged. Your finding as to each crime charged must be stated in a verdict form signed by the Presiding Juror.

P.I.K. 68.060

SCAN DATE 2013-08-01 16:39

# JURY INSTRUCTION NO. 16

It is a defense to a charge of criminal solicitation that the defendant, after soliciting another person to commit a felony, persuaded that person not to do so or otherwise prevented the commission of the felony, under circumstances demonstrating a complete and voluntary abandonment of the defendants's criminal plan.

P.I.K. 53.100

SCAN DATE 2013/09/01 16:30

# JURY INSTRUCTION NO. 17

The defendant raises abandonment as a defense. Evidence in support of this defense should be considered by you in determining whether the State has met its burden of proving that the defendant is guilty. The State's burden of proof does not shift to the defendant.

P.I.K.51.050

SCAN DATE 2013/08/01 16:30

# JURY INSTRUCTION NO. 18

If you find that the defendant committed criminal acts in this state which were a substantial and integral part of an overall continuing crime plan, and which were clearly in partial execution of that plan, the prosecution may be in this state or any other state in which such acts occur.

SCAN DATE 2013/08/01 16:30

## JURY INSTRUCTION NO. 19

Once you retire to the jury room, you will be provided with these instructions. All future communications to the Court should be in writing and delivered to the Bailiff to be taken up in the Courtroom and recorded by the Court Reporter. You will find a call buzzer located by the door in the jury room should you need the Bailiff for any reason.

SCAN DATE 2013/08/01 16:30

## JURY INSTRUCTION NO. 20

When you retire to the jury room you will first select one of your members as Presiding Juror. The person selected will preside over your deliberations, will speak for the jury in Court, and will sign the verdict upon which you agree.

Your verdict must be founded entirely upon the evidence admitted and the law as given in these instructions.

Your agreement upon a verdict must be unanimous.

_____
Brenda M. Cameron, District Judge

July 30 , 20 13 .

P.I.K. 68.010

# IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CRIMINAL DEPARTMENT

STATE OF KANSAS,

                Plaintiff,

vs.                                        CASE N0. 12CR1074

Rheuben Clifford Johnson III,

                Defendant,

### Verdict Form

## COUNT 1

__X__ We, the jury, find the defendant guilty of solicitation to commit murder in the first degree with respect to Lonnie Stites.


_____ We, the jury, find the defendant not guilty of solicitation to commit murder in the first degree with respect to Lonnie Stites.


_____
PRESIDING JUROR

## COUNT 2

__X__ We, the jury, find the defendant guilty of solicitation to commit murder in the first degree with respect to Ronald Nodwell.


_____We, the jury, find the defendant not guilty of solicitation to commit murder in the first degree with respect to Ronald Nodwell.




PRESIDING JUROR

## COUNT 3

_____We, the jury, find the defendant guilty of solicitation to commit murder in the first degree with respect to Richard Porterfield.


___X___We, the jury, find the defendant not guilty of solicitation to commit murder in the first degree with respect to Richard Porterfield.


_____
PRESIDING JUROR

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

STATE OF KANSAS,
          Plaintiff,

v.                                  Case No. 12CR1074
                                  Division 13

RHEUBEN JOHNSON,
          Defendant

## NOTICE OF APPEAL

Notice is hereby given that the defendant, Rheuben Johnson, appeals the judgment and conviction and any and all errors, rulings and decisions by the District Court in relation to his judgment and conviction in the above-captioned case to the Court of Appeals of the State of Kansas.

W. Scott Toth        # 13769
Garretson, Webb & Toth, LLC
105 East Park
Olathe, Kansas 66061
(913) 948-6680
(913) 948-6681
scott@gwtfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28ᵗʰ day of October, 2013, a true and accurate copy of the above Notice of Appeal was delivered via electronic filing to Keith Henderson, Assistant District Attorney.

W. Scott Toth

# IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CRIMINAL DEPARTMENT

**STATE OF KANSAS,**
               **Plaintiff,**

    **v.**

**RHEUBEN JOHNSON,**
               **Defendant.**

**Case No. 12CR1074**
**Division 13**

## ORDER

NOW ON THIS _28th_ day of _October_, 2013, comes on for hearing the Motion of W. Scott Toth for an order allowing him to withdraw as attorney for the above named defendant.

For good cause shown.

**IT IS ORDERED** that W. Scott Toth is allowed to withdraw as attorney for the above named defendant.

_____
Judge of the District Court

Submitted by:

_____
W. Scott Toth    #13769
Garretson, Webb and Toth
105 East Park
Olathe, KS 66061
(913) 948-6680
(913) 948-6681
scott@gwtfirm.com

SCAN DATE 2013/10/28 16:33

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2013 OCT 28 PM 3: 41

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CRIMINAL DEPARTMENT

**STATE OF KANSAS,**

     **Plaintiff,**

  **v.**

**RHEUBEN JOHNSON,**

     **Defendant.**

**Case No. 12CR1074**
**Division No. 13**

### ORDER APPOINTING COUNSEL

  **NOW ON THIS** 28th **day of** _October_ , 2013, the Court appoints the Kansas Appellate Public Defender as counsel in the above captioned case.

  **IT IS SO ORDERED.**

_Judge of the District Court_

Submitted by:

W. Scott Toth   #13769
Garretson, Webb and Toth
105 East Park
Olathe, KS 66061
Phone:   (913) 948-6680
Facsimile:  (913) 948-6681
scott@gwtfirm.com

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2013 OCT 28 PM 3: 41

**2012 KANSAS SENTENCING GUIDELINES JOURNAL ENTRY OF JUDGMENT**
**Please use Journal Entry based on OFFENSE DATE**

| For Court Use Only (Seal) |
|---|

---

**SECTION I.   CASE IDENTIFYING INFORMATION**

1. Transaction No.

| 2. STATE v. | | | 3. Court O.R.I. Number | 4. K.B.I. Number |
|---|---|---|---|---|
| Rheuben Clifford Johnson III | ☒ Male | ☐ Female | KS46015J | KS495977 |

| 5. County | 6. Court Case Number | 7. Sentencing Judge | 8. Sentencing Date |
|---|---|---|---|
| Johnson | 12CR1074 | Hon. Brenda M. Cameron | October 28, 2013 |

9. **Defense Counsel:**  ☐ Appointed   ☒ Retained   ☐ Self   ☐ Waived Orally   ☐ Waived in Writing

Counsel Name (please print) Scott Toth

10. **Type of Proceeding (Trial)**   ☐ Bench Trial (includes a plea on stipulated facts)   ☒ Jury Trial
☐ Guilty Plea   ☐ *Nolo contendere* Plea

11. **Date of Conviction:** July 31, 2013

12. **Pre-Trial Status of Offender**   ☒ In Custody   ☐ Released on Bond   ☐ Other Release

**SECTION II.   CRIMINAL HISTORY CLASSIFICATION**

1. **Offender's Overall Criminal History Classification as Found by the Court:**   ☐ A ☐ B ☐ C ☐ D ☐ E ☐ F ☐ G ☒ H ☐ I

2. **Objection to Criminal History?** ☒ Yes   ☐ No   **If Yes, By:** ☒ Defendant  or  ☐ State

**Court's Ruling on Objection:**   ☒ Criminal history was amended   ☐ Criminal history was not amended

**SECTION III.   CURRENT CONVICTION INFORMATION**

1. **Name of PRIMARY Offense of Conviction:** Solicitation to commit murder in the first degree

**Count No.:** 1       Date of Offense: May 1, 2012 to May 22, 2012   ☐ **Designated by court as domestic violence case based upon special finding (see #13 this section)**

2. **K.S.A. Title, Section, Subsection(s):** 21-5402

☐ **Attempt** (K.S.A. 2011 Supp. 21-5301) ☐ **Conspiracy** ( K.S.A. 2011 Supp. 21-5302) ☒ **Solicitation** (K.S.A. 2011 Supp. 21-5303)

3. **Grade of Offense:** (Check one in each row.)   ☒ Felony, Severity Level 3   ☐ Misdemeanor, Class _____
☒ Person   ☐ Nonperson

4. **Offense Category:**   ☒ Nondrug   ☐ Drug   ☐ Off-grid   ☐ Nongrid

5. **Presumptive Sentencing Range:** (Enter terms from appropriate grid.)   Aggravated 71   Standard 66   Mitigated 61

Check applicable box(es)   ☒ Presumptive Prison   ☐ Presumptive Probation   ☐ Border Box

☐ Drug Treatment for up to 18 months. K.S.A. 2011 Supp. 21-6824

☐ Special Rule Applies **(Complete Special Rules Supplemental Page and Attach)**

**THIS FORM MUST BE ACCOMPANIED BY A COPY OF THE PRESENTENCE INVESTIGATION FORM PURSUANT TO K.S.A. 2011 Supp. 22-3439 AND A DOCUMENT CONTAINING INFORMATION REQUIRED BY K.S.A. 2011 Supp. 22-3426. PLEASE USE AN ADDITIONAL OFFENSES PAGE FOR ADDITIONAL OFFENSES OF CONVICTION.**

SCAN DATE 2013/11/06 13:06

FILED BY DISTRICT COURT
JOHNSON COUNTY, KS.
2013 NOV -6 PM 1: 07

Rev. 7/2012

Case No. _____

## KANSAS SENTENCING GUIDELINES JOURNAL ENTRY OF JUDGMENT    (PAGE 2)

6. **SPECIAL RULE APPLICABLE:** ☐ Yes ☒ No  **If Yes, enter the number(s) and brief description(s)** corresponding to the applicable special rule. **(Complete Special Rules Supplemental Page and Attach):** _____

7. *SPECIAL FINDING* that the crime was *SEXUALLY MOTIVATED* pursuant to the KS Offender Registration Act
   7a. Did the court make a special finding that the crime was sexually motivated? ☐ Yes ☒ No
   7b. IF YES to 7a, did the court find that the act involved non-forcible sexual conduct, the victim was at least 14 and the offender was no more than 4 years older than the victim? (K.S.A. 2011 Supp. 22-4902(c)(15)) ☐ Yes ☐ No
   7c. IF YES to 7a and NO to 7b, PLEASE COMPLETE OFFENDER REGISTRATION SUPPLEMENT AND ATTACH IT TO JOURNAL ENTRY.

8. Was offender determined by the Court to be an *AGGRAVATED HABITUAL SEX OFFENDER?* (K.S.A. 2011 Supp. 21-6626) ☐ Yes ☒ No
   **IF YES, PLEASE COMPLETE SEX OFFENSE SUPPLEMENT AND ATTACH IT TO JOURNAL ENTRY.**

9. Is offender being sentenced pursuant to K.S.A 2011 Supp. 21-6627 where offender is 18 years of age or older and the victim is less than 14 years of age? ☐ Yes ☒ No
   **IF YES, PLEASE COMPLETE SEX OFFENSE SUPPLEMENT AND ATTACH IT TO JOURNAL ENTRY.**

10. Downward departure (K.S.A. 2011 Supp. 21-6818(a)) for a crime of extreme sexual violence (K.S.A. 2011 Supp. 21-6815)? ☐ Yes ☒ No
    **IF YES, PLEASE COMPLETE SEX OFFENSE SUPPLEMENT AND ATTACH IT TO JOURNAL ENTRY.**

11. Did offender, as determined by the court, commit the current crime with a deadly weapon? ☐ Yes ☒ No
    **IF YES, PLEASE COMPLETE OFFENDER REGISTRATION SUPPLEMENT AND ATTACH IT TO JOURNAL ENTRY.**

12. Was offender convicted of a violation of K.S.A. 2011 Supp 21-5703 (formerly 21-36a03), Manufacture or attempted manufacture, K.S.A. 2011 Supp 21-5705(a)(1), (formerly 21-36a05(a)(1)). Cultivation, Distribution, Possession w/ intent to distribute opiates, opium or narcotic drugs or any stimulant in K.S.A. 65-4107(d)(1), (d)(3), (f)(1), or K.S.A. 2011 Supp. 21-5709(a) (formerly 21-36a09(a), 21-5710(a)(1), (a)(2), (formerly 21-36a10(a)(1), (a)(2)). Possession of precursors w/ intent to manufacture? ☐ Yes ☒ No
    **IF YES, PLEASE COMPLETE OFFENDER REGISTRATION SUPPLEMENT AND ATTACH IT TO JOURNAL ENTRY.**
    *(personal use exemption eliminated effective July 1, 2011)*

13. Determination of domestic violence case designation
    13a. Did offender, as determined by the <u>trier of fact</u>, commit a domestic violence offense? ☐ Yes ☒ No
    13b. If YES to 13a above, did the court find that offender had no prior domestic violence conviction or diversion, AND that offender did not use the present domestic violence offense to coerce, control or punish the victim? ☐ Yes ☐ No
    13c. If YES to 13a and NO to 13b, PLEASE CHECK THE DOMESTIC VIOLENCE CASE DESIGNATION BOX. ☐ DV Case

## SENTENCE IMPOSED:

1. **Guideline Range Imposed:** ☒ Aggravated  ☐ Standard  ☐ Mitigated  ☐ Departure – **COMPLETE SECTION IV**

2. **Prison Term:** KDOC **71** months (including enhancement sentence)
   (Enter months above then check one of the following)  ☒ Prison sentence imposed or ☐ Underlying with probation granted
   ** or ☐ Underlying with KDOC Drug Trtmnt Prog. (min. 120 days)
   ☐ Enhancement Sentence- Drug with Firearm: ☐ 6 months ☐ 18 months (K.S.A. 2011 Supp. 21-6805(g))
   Ballistic Resistant Material: ☐ 30 months (K.S.A. 2011 Supp. 21-6804(t))
   ☐ Off-grid Crime:
   ☐ Life - Minimum 15 yrs.  ☐ Life - Minimum 20 yrs.  ☐ Hard 25  ☐ Hard 40  ☐ Hard 50
   ☐ Mandatory minimum years = 50 years (600 months) or ____ months pursuant to guidelines, given offender's criminal history, whichever is greater
   ☐ Life Imprisonment without Parole  ☐ Death Penalty

3. **Postrelease Supervision Term:** ☐ 12 months  ☐ 24 months  ☒ 36 months  ☐ 60 months (sex offense) - **COMPLETE SECTION IV**
   ☐ No Postrelease K.S.A. 2011 Supp. 22-3716(e)  ☐ Lifetime Postrelease

4. **Electronic Monitoring:** ☐ Lifetime (Section 1 of chapter 32 of the 2012 Session Laws of Kansas)

5. **Nongrid Term: (Jail)** (For misdemeanor or nongrid felony.) _____ ☐ months ☐ days
   (Enter county jail term above then check one of the following) ☐ Jail sentence imposed or, ☐ Underlying with probation granted.
   ☐ 3rd D.U.I. ☐ 4th & Subs. D.U.I. ☐ 2nd Test Refusal ☐ 3rd & Subs. Test Refusal
   DUI or Test Refusal Supervision (12 months) ☐ Court Services ☐ Community Corrections
   ☐ 3rd & Subs. Domestic Battery w/in 5 yrs. ☐ Animal Cruelty
   ☐ Probation granted after serving term of ____ ☐ months ☐ days
   ☐ Assignment to a work release program (K.S.A. 2011 Supp. 21-6604 (a)(11))

*Vertical text:* SCAN DATE 2013/11/08 13:08

**This option is included in statute, but is unavailable.    Rev. 7/2012

Vol. 1, Page 50

Case No. _____

6. **Probation Term (If Granted):** ☐ 12 months ☐ 18 months ☐ 24 months ☐ 36 months ☐ 60 months
☐ Drug Treatment for up to 18 months. K.S.A. 2011 Supp. 21-6824 ☐ Other: _____
☐ Extended Period K.S.A. 2011 Supp. 21-6608(c)(5)) for: _____ months
**Probation Supervision to:** ☐ Court Services ☐ Community Corrections ☐ Unsupervised
**County Jail Time Imposed AS A CONDITION OF PROBATION:** _____ days
**\*\* Assignment to Correctional Conservation Camp**
**Comments:** _____

---

## SECTION IV.    DEPARTURE INFORMATION

1. **Type of Departure:** (Check all that apply.)
   ☐ Downward Durational   ☐ Upward Durational   ☐ Downward Dispositional   ☐ Upward Dispositional
   ☐ Postrelease Supervision (up to 60 months for sexually motivated offense) – K.S.A. 2011 Supp. 22-3717(d)(1)(D)(i)
   ["Sexually motivated" defined in K.S.A. 2011 Supp. 22-3717(d)(2).]

2. **Reasons Cited as Basis for Departure:**

---

## SECTION V.    OTHER CONDITIONS

1. **General/Special Conditions of Probation   (COMPLETE AND ATTACH ORDER OF PROBATION TO THIS JOURNAL ENTRY if needed)**

2. **Costs Ordered:**

| | | | |
|---|---|---|---|
| Total Restitution (Please complete #3 below) | $ 5,080 | Correctional Supv. Fee (Felony $120; Misd. $60) | $ |
| Court Costs (including surcharge) | $ Ordered | BIDS Attorney Fee ☐ Waived | $ |
| Total Fines  (\*See Below) | $ | BIDS Application Fee | $ |
| DNA Database Fee (K.S.A. 21-2511 & 75-724.) | $ | Court-Appointed Attorney Fee | $ |
| Extradition Costs | $ | Community Corr. Fee (offenses after 1/4/07) | $ |
| Domestic Violence Special Program Fee | $ | Booking/Fingerprint Fee | $ |
| Apprehension Fee (Escape/Agg. Escape) | $ | Reward Reimbursement | $ |
| Alcohol and/or Drug Eval. Fee (offenses before 7/1/11) | $ | Children's Advocacy Center Assessment Fee | $ |
| Witness Fee | $ | Medical Costs/Expenses Reimbursement | $ |
| KBI Lab Fee | $ | SB 123 Offender Reimbursement  (at least $300) | $ |
| Other Lab Fee | $ | Other: | $ |
| Domestic Violence Assessment/Recommendations | $ | **TOTAL COSTS** | $ |

\* ☐ Includes fine for DUI offense committed on or after 7/1/11.  Clerk will send $250 to the state treasurer.

3. **Restitution to be paid as follows:**

| Amount | Name and Address |
|---|---|
| $ 5,080 | Annie Johnson |
| $ | |
| $ | |
| $ | |
| $ | |
| $ | |

SCAN DATE 2013/11/06 13:08

---

**\*\*This option is included in statute, but is unavailable.**                    Rev. 7/2012

Case No. _____

## SECTION VI: RECAP OF SENTENCE

1. **Sentence Imposed:**

    Total Prison Term (if sentence imposed is to prison): **132**

    Total County Jail Term: _____ ☐ Consecutive to Prison Term

    Total Underlying Jail Term (if sentence imposed is probation): _____

    Total Underlying Prison Term (if sentence imposed is probation): ____

    ☒ For each count, the Court pronounced the complete sentence, including the maximum potential good time percentage. K.S.A. 2011 Supp. 21-6804(e)(2) and 21-6805(c)(2).

2. **Postrelease Supervision Term:** ☐ 12 months ☐ 24 months ☒ 36 months ☐ 60 months

    ☐ No Postrelease K.S.A. 2011 Supp. 22-3716(e) ☐ Lifetime Postrelease

3. **Electronic Monitoring:** ☐ Lifetime (Section 1 of chapter 32 of the 2012 Session Laws of Kansas )

4. **Probation Term Imposed (select one):** ☐ 12 months ☐ 18 months ☐ 24 months ☐ 36 months ☐ 60 months

    ☐ Drug Treatment for up to 18 months. K.S.A. 2011 Supp. 21-6824

    ☐ Extended Period K.S.A. 2011 Supp. 21-6608(c)(5) for: _____months

    ☐ Other:_____

    **Correctional Conservation Camp

5. **Jail Credit:** Enter dates (m/d/yy only) and days of potential jail credit for this case and check "A" if the days are actually awarded, or "N" if the days are not awarded by the court. (attach additional pages if necessary)

| *Location-J | From: 5/22/12 | To: 8/23/12 | = | 94 Days | ☒A | ☐N | *Location-J | From: 10/9/12 | To: 10/28/13 | = | 385 Days | ☒A | ☐N |
| *Location- | From: | To: | = | Days | ☐A | ☐N | *Location- | From: | To: | = | Days | ☐A | ☐N |
| *Location- | From: | To: | = | Days | ☐A | ☐N | *Location- | From: | To: | = | Days | ☐A | ☐N |
| *Location- | From: | To: | = | Days | ☐A | ☐N | *Location- | From: | To: | = | Days | ☐A | ☐N |

*Enter appropriate letters to indicate the type of location where credit may have been earned:

    J=Jail   TL=Treatment (Locked)   TU=Treatment (Unlocked)   RL=Residential (Locked)   RU=Residential (Unlocked)

Sentencing Date: 10/28/2013 - Total Number of Days of Jail Credit Actually Awarded **479** = Sentence Begins Date:

  IF cases are "CONSOLIDATED", list grand total of ALL jail credits actually _____

6. **Prior Case(s) to Which the Current Sentence is to Run Concurrent or Consecutive:**

| Case No. | County | Sentence | |
|---|---|---|---|
| Case No. _____ | County _____ | Sentence _____ | Concurrent ☐ or Consecutive ☐ |
| Case No. _____ | County _____ | Sentence _____ | Concurrent ☐ or Consecutive ☐ |
| Case No. _____ | County _____ | Sentence _____ | Concurrent ☐ or Consecutive ☐ |
| Case No. _____ | County _____ | Sentence _____ | Concurrent ☐ or Consecutive ☐ |

Others:

7. **Miscellaneous Provisions:**

    ☒ Defendant informed of right to appeal within 14 days of this date. K.S.A. 22-3608(c). (Required by case law)

    ☐ Defendant informed of potential rights of expungement. K.S.A. 2011 Supp. 21-6614c(h)

    ☒ Defendant informed of duty to register as an offender pursuant to the Kansas Offender Registration Act, K.S.A. 2011 Supp. 22-4905(b)(2) (Please complete OFFENDER REGISTRATION SUPPLEMENT and attach it to the Journal Entry.)

    ☐ Defendant must submit specimens of blood or an oral or other biological sample, if not previously submitted, pursuant to K.S.A. 21-2511(c).

    ☐ Defendant must obtain psychological evaluation and shall complete the recommended treatment pursuant to K.S.A. 22-3717(d)(1)(D)(iv).

    ☒ Defendant has been processed, fingerprinted and palmprinted. K.S.A. 21-2501(b)

    ☐ Court remands Defendant to custody of Sheriff to begin serving sentence.

    ☒ Court remands Defendant to custody of Sheriff to await transportation to the custody of the Secretary of Corrections.

    ☐ Defendant to report to County Jail on the ____ day of _____, 20__ at ____ O'clock ☐ a.m. ☐ p.m. to start serving sentence.

    ☐ House arrest is authorized for remaining _____days after Defendant completes mandatory _____hours in the County Jail.

    ☐ Work release recommended (if accepted, defendant is to abide by recommendations of the program).

    ☐ Defendant's financial resources and burden imposed by BIDS application and attorney fees considered by the court pursuant to K.S.A. 22-4513 and State v. Robinson, 281 Kan. 538, 132 P.3d 934 (2006).

    ☐ Defendant to undergo domestic violence assessment pursuant to K.S.A. 2011 Supp. 21-6604(p)

    ☐ Other Comments:

SCAN DATE 2013/11/06 13:08

**This option is included in statute, but is unavailable    Rev. 7/2012

**Case No.** _____

## SECTION VI.   RECAP OF SENTENCE CONTINUED                          (PAGE 5)

**8.** **Border Box Findings** K.S.A. 2011 Supp. 21-6804(f):   **(Check if appropriate)**

☐ An appropriate treatment program exists which is likely to be more effective than the presumptive prison term in reducing the risk of offender recidivism; <u>and</u>

☐ the recommended treatment program is available and the offender can be admitted to the program within a reasonable period of time; <u>or</u>,

☐ the non-prison sanction will serve community safety interests by promoting offender reformation

**9.** **If made,  Motion for New Trial:**             ☐ Granted   ☒ Denied

**10.** **If made,  Motion for Judgment of Acquittal:**   ☐ Granted   ☐ Denied

**11.** **If made,  Motion for Arrest of Judgment:**      ☐ Granted   ☐ Denied

**12.** **Additional Comments:**

## SECTION VII.   SIGNATURES

**1.** **Judge's Signature:**          **Date:** 11·4·13

Signed:

Printed: Hon. Brenda M. Cameron

**2.** **Prosecuting Attorney:**

Signed:

Printed: Keith Henderson

Supreme Court Number: 22080

Date: October 28, 2013

Address: P.O. Box 728

     Olathe, KS 66051

Phone No: 913-715-3050

**3.** **Defense Attorney:**

Signed: W Scott Toth

Printed: Scott Toth

Supreme Court Number: 13769

Date: 10-31-13

Address: GARRETSON, WEBB & TOTH

     105 E PARK

     OLATHE, KS 66061

Phone No: 913-948-6680

SCAN DATE 2013/11/06  13:08

Rev. 7/2012

**Case No.** <u>12CR1074</u>

**KSGA JOURNAL ENTRY OF JUDGMENT ADDITIONAL OFFENSES**   **COUNT** <u>2</u>   **(Page 1 of 2)**

1. **Name of Additional Offense of Conviction:** <u>Solicitation to commit murder in the first degree</u>
   **Count No.:** <u>2</u>   **Date of Offense:** <u>April 10, 2012 to May 22, 2012</u>   ☐ **Domestic Violence Offense (see #14 this section)**

2. **Sentences Concurrent or Consecutive:**   ☐ Concurrent **To Count(s):** _____   ☒ Consecutive **To Count(s):** <u>1</u>
   If Consecutive, <u>61</u> months for this count

3. **K.S.A. Title, Section, Subsection(s):** <u>21-5402</u>
   ☐ **Attempt** (K.S.A. 2011 Supp. 21-5301)   ☐ **Conspiracy** ( K.S.A. 2011 Supp. 21-5302)   ☒ **Solicitation** (K.S.A. 2011 Supp. 21-5303)

4. **Grade of Offense:**(Check one in each row.) ☒ Felony, Severity Level <u>3</u>   ☐ Misdemeanor, Class: _____
   ☒ Person   ☐ Nonperson

5. **Offense Category:**   ☒ Nondrug Grid   ☐ Drug Grid   ☐ Off-grid   ☐ Nongrid

6. **Presumptive Sentencing Range (Use Criminal History Classification "I" for non-primary convictions.):**
   (Enter the terms from the appropriate grid.)  Aggravated <u>61</u>   Standard <u>59</u>   Mitigated <u>55</u>
   (Check the appropriate box(es).) ☒ Presumptive Prison   ☐ Presumptive Probation   ☐ Border Box
   ☐ Drug Treatment for up to 18 months. K.S.A. 2011 Supp. 21-6824
   ☐ Special Rule Applies  **(Complete Special Rule Supplemental Page and Attach)**

7. **SPECIAL RULES** Enter the **number(s) and brief description(s)** corresponding to the applicable special rule, if any  **(Complete Special Rule Supplemental Page and Attach):** _____

8. *SPECIAL FINDING* that the crime was *SEXUALLY MOTIVATED* pursuant to KS Offender Registration Act
   8a. Did the court make a special finding that the crime was sexually motivated?   ☐ Yes ☒ No
   8b. IF YES to 8a, did the court find that the act involved non-forcible sexual conduct, the victim was at least 14 and the offender was no more than 4 years older than the victim? (K.S.A. 2011 Supp. 22-4902(c)(15)   ☐ Yes ☐ No
   8c. IF YES to 8a and NO to 8b, PLEASE COMPLETE OFFENDER REGISTRATION SUPPLEMENT AND ATTACH IT TO JOURNAL ENTRY.

9. Was offender determined by the Court to be an *AGGRAVATED HABITUAL SEX OFFENDER?* (K.S.A. 2011 Supp. 21-6626)   ☐ Yes ☒ No
   **IF YES, PLEASE COMPLETE SEX OFFENSE SUPPLEMENT AND ATTACH IT TO JOURNAL ENTRY.**

10. Is offender being sentenced pursuant to K.S.A. 2011 Supp. 21-6627 where offender is 18 years of age or older and the victim is less than 14 years of age?   ☐ Yes ☒ No
    **IF YES, PLEASE COMPLETE SEX OFFENSE SUPPLEMENT AND ATTACH IT TO JOURNAL ENTRY.**

11. Downward departure (K.S.A. 2011 Supp. 21-6818(a)) for a crime of extreme sexual violence (K.S.A. 2011 Supp. 21-6815)?   ☐ Yes ☒ No
    **IF YES, PLEASE COMPLETE SEX OFFENSE SUPPLEMENT AND ATTACH IT TO JOURNAL ENTRY.**

12. Did offender, as determined by the court, commit the current crime with a deadly weapon?   ☐ Yes ☒ No
    **IF YES, PLEASE COMPLETE OFFENDER REGISTRATION SUPPLEMENT AND ATTACH IT TO JOURNAL ENTRY**

13. Was offender convicted of a violation of K.S.A. 2011 Supp. 21-5703 (formerly 21-36a03), Manufacture or attempted manufacture, K.S.A. 2011 Supp. 21-5705(a)(1), (formerly 21-36a05(a)(1)). Cultivation, Distribution, Possession w/ intent to distribute opiates, opium or narcotic drugs or any stimulant in K.S.A. 65-4107(d)(1), (d)(3), (f)(1), or K.S.A. 21-5709(a) (formerly 21-36a09(a), 21-5710(a)(1), (a)(2), (formerly 21-36a10(a)(1),(a)(2)). Possession of precursors w/ intent to manufacture?   ☐ Yes ☒ No
    **IF YES, PLEASE COMPLETE OFFENDER REGISTRATION SUPPLEMENT AND ATTACH IT TO JOURNAL ENTRY.**
    *(personal use exemption eliminated effective July 1, 2011)*

14. Determination of domestic violence case designation
    14a. Did offender, as determined by the trier of fact, commit a domestic violence offense?   ☐ Yes ☐ No
    14b. If YES to 14a above, did the court find that offender had no prior domestic violence conviction or diversion, AND that offender did not use the present domestic violence offense to coerce, control or punish the victim?   ☐ Yes ☐ No
    14c. If YES to 14a and NO to 14b, PLEASE CHECK THE DOMESTIC VIOLENCE CASE DESIGNATION BOX.   ☐ DV Case

SCAN DATE 2013/11/06 13628

Rev. 7/2012

**Case No. 12CR1074**

## KSGA JOURNAL ENTRY OF JUDGMENT ADDITIONAL OFFENSES CONTINUED COUNT2    (PAGE 2 OF 2)

### SENTENCE IMPOSED:

1. **Guideline Range Imposed:**  ☒ Aggravated  ☐ Standard  ☐ Mitigated  ☐ Departure **– COMPLETE SECTION IV**

2. **Prison Term:** KDOC _61_ months (including enhancement sentence)
   (Enter months above then check one of the following) ☒ Prison sentence imposed or ☐ Underlying with probation granted
                               **\*\*or Underlying with KDOC Drug Trtmnt Prog. (min. 120 days)**
   ☐ Enhancement Sentence- Drug with Firearm: ☐ 6 months ☐ 18 months  K.S.A. 2011 Supp. 21-6805(g)
                   Ballistic Resistant Material: ☐ 30 months K.S.A. 2011 Supp. 21-6804(t)
   ☐ Off-grid Crime:
           ☐ Life - Minimum 15 yrs.  ☐ Life - Minimum 20 yrs.  ☐ Hard 25  ☐ Hard 40  ☐ Hard 50
           ☐ Mandatory minimum years = 50 years (600 months) or ____ months pursuant to guidelines, given offender's criminal history, whichever is greater
           ☐ Life Imprisonment without Parole    ☐ Death Penalty

3. **Postrelease Supervision Term:** ☐ 12 months ☐ 24 months ☒ 36 months ☐ 60 months (sex offense) **– COMPLETE SECTION IV**
           ☐ No Postrelease K.S.A. 2011 Supp. 22-3716(e) ☐ Lifetime Postrelease

4. **Electronic Monitoring:** ☐ Lifetime (Section 1 of chapter 32 of the 2012 Session Laws of Kansas)

5. **Nongrid Term: (Jail)** (For misdemeanor or nongrid felony.) _____ ☐ months ☐ days
       (Enter county jail term above then check one of the following)  ☐ Jail sentence imposed  or, ☐ Underlying with probation granted.
   ☐ 3rd D.U.I. ☐ 4th & Subs. D.U.I. ☐ 2nd Test Refusal ☐ 3rd & Subs. Test Refusal
   DUI or Test Refusal Supervision (12 months) ☐ Court Services ☐ Community Corrections
   ☐ 3rd & Subs. Domestic Battery w/in 5 yrs. ☐ Animal Cruelty
   ☐ Probation granted after serving term of ____ ☐ months ☐ days
   ☐ Assignment to a work release program (K.S.A. 2011 Supp. 21-6604 (a)(11))

6. **Probation Term Imposed (select one):** ☐ 12 months ☐ 18 months ☐ 24 months ☐ 36 months ☐ 60 months
   ☐ Drug Treatment for up to 18 months. K.S.A. 2011 Supp. 21-6824
   ☐ Extended Period (K.S.A. 2011 Supp. 21-6608(c)(5)) for: _____ months
   ☐ Other:
   **Probation Supervision to:**  ☐ Court Services  ☐ Community Corrections  ☐ Unsupervised
   **County Jail Time Imposed AS A CONDITION OF PROBATION:** _____ days
   **\*\*Assignment to Correctional Conservation Camp:**
   **Comments:**

7. **Additional Comments:**

SCAN DATE 2013/11/06 13:08

**Case No. ____**

**SECTION A. REGISTRATION REQUIREMENT - Check appropriate boxes to indicate the <u>REASON</u> for registration. See K.S.A. 2011 Supp. 22-4902(a)**

☐ Offender required by court order to register for an offense not otherwise required as provided by the Kansas Offender Registration Act

_____ Enter age of victim (K.S.A. 2011 Supp. 22-4904(a)(4))

☐ Offender required to register due to *SEX OFFENDER* status as indicated by any of the following:

*Conviction of any of the following crimes:*
☐ Sexual Battery – K.S.A. 2011 Supp. 21-5505(a)
☐ Any conviction for any comparable offense in effect prior to July 1, 2011
☐ Any attempt, conspiracy or criminal solicitation of a comparable crime

*Conviction of any of the following crimes <u>when one of the parties involved is under 18 years of age:</u>*
☐ Adultery – K.S.A. 2011 Supp. 21-5511
☐ Criminal Sodomy  - K.S.A. 2011 Supp. 21-5504(a)
☐ Promoting Prostitution –  K.S.A. 2011 Supp. 21-6420
☐ Patronizing a Prostitute – K.S.A. 2011 Supp. 21-6421
☐ Lewd and Lascivious Behavior – K.S.A. 2011 Supp. 21-5513
☐ Conviction for any comparable offense prior to July 1, 2011
☐ Any attempt, conspiracy or criminal solicitation of an offense defined in this section

*Conviction of any of the following sexually violent crimes or adjudication as a juvenile offender for an act which if committed by an adult would constitute a sexually violent crime, <u>UNLESS the court finds on the record that the act involved non-forcible sexual conduct, the victim was at least 14 and the offender not more than 4 years older than victim:</u>*
☐ Rape – K.S.A. 2011 Supp. 21-5503
☐ Indecent Liberties With a Child – K.S.A. 2011 Supp. 21-5506(a)
☐ Agg. Indecent Liberties With a Child – K.S.A. 2011 Supp. 21-5506(b)
☐ Criminal Sodomy – K.S.A. 2011 Supp. 21-5504(a)(3),(a)(4)
☐ Agg. Criminal Sodomy – K.S.A. 2011 Supp. 21-5504(b)
☐ Indecent Solicitation of a Child – K.S.A. 2011 Supp. 21-5508
☐ Agg. Indecent Solicitation of a Child – K.S.A. 2011 Supp. 21-5508(b)
☐ Sexual Exploitation of a Child – K.S.A. 2011 Supp. 21-5510
☐ Agg. Sexual Battery – K.S.A. 2011 Supp. 21-5505(b)
☐ Agg. Incest – K.S.A. 2011 Supp. 21-5604(b)(1)
☐ Electronic Solicitation – K.S.A. 2011 Supp. 21-5509
☐ Unlawful Sexual Relations (on or after July 1, 2010) – K.S.A. 2011 Supp. 21-5512

☐ Any conviction for any comparable offense in effect prior to July 1, 2011
☐ Any attempt, conspiracy or criminal solicitation of a sexually violent crime
☐ Any act determined beyond a reasonable doubt to have been sexually motivated AND the act did <u>not</u> involve non-forcible sexual conduct between a victim at least 14 and offender no more than 4 years older than victim – K.S.A. 2011 Supp. 22-4902 (c)(15)

☒ Offender required to register due to *VIOLENT OFFENDER* status (Indicated by conviction of any of the following crimes):
☐ Capital Murder – K.S.A. 2011 Supp. 21-5401
☒ Murder in the First Degree – K.S.A. 2011 Supp. 21-5402
☐ Murder in the Second Degree - K.S.A. 2011 Supp. 21-5403
☐ Voluntary Manslaughter - K.S.A. 2011 Supp. 21-5404
☐ Involuntary Manslaughter - K.S.A. 2011 Supp. 21-5405
☐ Kidnapping - K.S.A. 2011 Supp. 21-5408(a)
☐ Agg. Kidnapping - K.S.A. 2011 Supp. 21-5408(b)
☐ Criminal Restraint - K.S.A. 2011 Supp. 21-5411 (except by parent, and only when victim is less than 18 years of age)
☐ Agg. Human Trafficking – K.S.A. 2011 Supp. 21-5426(b)
☐ Any conviction for any comparable offense in effect prior to July 1, 2011
☐ Any out of state conviction for an offense that under the laws of Kansas would be an offense listed in this section
☒ Any attempt, conspiracy or criminal solicitation of an offense defined in this section
☐ Any person felony with court finding on the record that such felony was committed with a **DEADLY WEAPON** (On or after July 1, 2006):
  ☐ Any conviction for any comparable person felony, committed with a **DEADLY WEAPON**, in effect prior to July 1, 2011
  ☐ Any attempt, conspiracy or criminal solicitation of a person felony committed with a **DEADLY WEAPON**

☐ Offender required to register due to *DRUG OFFENDER* status (Indicated by conviction of any of the following crimes):
☐ **Manufacture** or attempted manufacture of any <u>controlled substance</u> – K.S.A. 2011 Supp. 21-5703 (formerly K.S.A. 21-36a03)
☐ **Possession of precursors** with intent to manufacture any <u>controlled substance</u> – K.S.A. 2011 Supp. 21-5709(a) [formerly K.S.A. 21-36a09(a)](1), K.S.A. 2011 Supp. 21-5710(a)(1), (a)(2) [formerly 21-36a10(a)(1), (a)(2)]
☐ **Cultivation, Distribution, Possession** with intent to distribute <u>opiates, opium or narcotic drugs or any stimulant</u> in K.S.A. 65-4107(d)(1), (d)(3), or (f)(1) – K.S.A. 2011 Supp. 5705(a)(1), **ONLY** [formerly K.S.A. 21-36a05(a)(1)]
☐ Any conviction for any comparable offense in effect prior to July 1, 2011
☐ Any attempt, conspiracy or criminal solicitation of an offense defined in this section

SCAN DATE 2013/11/06 13:08

Rev. 7/2012

Case No. ____

## SECTION B.  REGISTRATION TERMS - check appropriate boxes indicating REQUIRED TERM of registration
See K.S.A. 2011 Supp. 22-4906

Offender must register for 15 YEARS after the date of parole, discharge or release, whichever date is most recent, or, if offender is not confined, 15 YEARS from the date of conviction due to conviction of any of the following crimes:

- ☐ Capital Murder - K.S.A. 2011 Supp. 21-5401
- ☐ Murder in the Second Degree – K.S.A. 2011 Supp. 21-5403
- ☐ Involuntary Manslaughter – K.S.A. 2011 Supp. 21-5405
- ☐ Criminal Restraint – K.S.A. 2011 Supp. 21-5411 (except by parent, and only when victim is less than 18 years of age)
- ☒ Murder in the First Degree – K.S.A. 2011 Supp. 21-5402
- ☐ Voluntary Manslaughter – K.S.A. 2011 Supp. 21-5404
- ☐ Sexual Battery- K.S.A. 2011 Supp. 21-5505(a)
- ☐ Any act determined beyond a reasonable doubt to have been sexually motivated AND the act did not involve non-forcible sexual conduct between a victim at least 14 and offender no more than 4 years older than victim – K.S.A. 2011 Supp. 22-4902(a)(15)
- ☐ Any conviction of a person felony with court finding on the record that such felony was committed with a DEADLY WEAPON- K.S.A. 2011 Supp. 22-4902(e)(2)

- ☐ An offense not otherwise required, as provided by the Kansas Offender Registration Act, K.S.A. 2011 Supp. 22-4902(a)(5)
- ☐ Manufacture or attempted manufacture of any controlled substance – K.S.A. 2011 Supp. 21-5703 [formerly K.S.A. 21-36a03]
- ☐ Possession of precursors with intent to manufacture any controlled substance – K.S.A. 2011 Supp. 21-5709(a), 21-5710(a)(1), (a)(2) [formerly K.S.A. 21-36a09(a), 21-36a10(a)(1), (a)(2)]
- ☐ Cultivation, Distribution, Possession with intent to distribute opiates, opium or narcotic drugs or any stimulant in K.S.A. 65-4107(d)(1), (d)(3), or (f)(1) – formerly K.S.A. 21-36a05(a)(1) ONLY
- ☐ Any of the following crimes when one of the parties is less than 18 years of age:
  - ☐ Adultery  - K.S.A. 2011 Supp. 21-5511
  - ☐ Lewd and Lascivious Behavior –  K.S.A. 2011 Supp. 21-5513
  - ☐ Patronizing a Prostitute – K.S.A. 2011 Supp. 21-6421
- ☒ Any attempt, conspiracy or criminal solicitation of an offense defined in this section

Offender must register for 25 YEARS after the date of parole, discharge or release, whichever date is most recent, or, if offender is not confined, 25 YEARS from the date of conviction due to conviction of any of the following crimes:

- ☐ Indecent Solicitation of a Child – K.S.A. 2011 Supp. 21-5508
- ☐ Agg. Incest – K.S.A. 2011 Supp. 21-5604(b)(1)
- ☐ Unlawful Sexual Relations – K.S.A. 2011 Supp. 21-5512
- ☐ Electronic Solicitation – K.S.A. 2011 Supp. 21-5509
- ☐ Indecent Liberties With a Child – K.S.A. 2011 Supp. 21-5506(a)
- ☐ Agg. Sexual Battery – K.S.A. 2011 Supp. 21-5505(b)
- ☐ Sexual Exploitation of a Child – K.S.A. 2011 Supp. 21-5510,  if the victim is at least 14 years of age but less than 18 years of age
- ☐ Promoting Prostitution – K.S.A. 2011 Supp. 21-6420,  if the prostitute is at least 14 years of age but less than 18 years of age
- ☐ Criminal Sodomy - K.S.A. 2011 Supp. 21-5504(a)  when one of the parties involved is less than 18 years of age
- ☐ Any attempt, conspiracy or criminal solicitation of an offense defined in this section

Offender is subject to LIFETIME registration due to any of the following:

- ☐ 2nd or Subsequent conviction of an offense requiring registration
- ☐ Conviction of any of the following crimes:
  - ☐ Rape – K.S.A. 2011 Supp. 21-5503
  - ☐ Agg. Kidnapping – K.S.A. 2011 Supp. 21-5408(b)
  - ☐ Kidnapping – K.S.A. 2011 Supp. 21-5408(a)
  - ☐ Agg. Criminal Sodomy – K.S.A. 2011 Supp. 21-5504(b)
  - ☐ Criminal Sodomy – K.S.A. 2011 Supp. 21-5504(a)(3) or (a)(4)
  - ☐ Agg. Indecent Liberties With a Child – K.S.A. 2011 Supp. 21-5506(b)
  - ☐ Agg. Indecent Solicitation of a Child – K.S.A. 2011 Supp. 21-5508(b)
  - ☐ Agg. Human Trafficking– K.S.A. 2011 Supp. 21-5426(b)
  - ☐ Sexual Exploitation of a Child – K.S.A. 2011 Supp. 21-5510,  if the victim is less than 14 years of age
  - ☐ Promoting Prostitution – K.S.A. 2011 Supp. 21-6420,  if the prostitute is less than 14 years of age
  - ☐ Any attempt, conspiracy or criminal solicitation of an offense defined in this section

SCAN DATE 2013/11/05 13:08

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

STATE OF KANSAS

vs.

District Court Case No: 12CR1074
(District Court Case for which info is requested)

RHEUBEN JOHNSON

District Court Case from which info is requested (if different):

_____

# ORDER FOR TRANSCRIPT
## FELONY INDIGENT CASES ONLY

    Pursuant to Supreme Court Rule 3.03, counsel for the above-named indigent defendant hereby determines that a transcript of the following proceedings is necessary to appeal to the Appellate Courts of Kansas or to pursue a post-conviction remedy. It is therefore requested that a transcript of the following proceedings be supplied to the said indigent defendant:

| | | | | | | |
|---|---|---|---|---|---|---|
| 1) | X | Criminal Jury Trial 7/25/13-7/31/13 | 9) | | Sentencing | |
| 2) | X | Opening Statements | 10) | | Guilty Plea Hearing | |
| 3) | X | Closing Arguments | 11) | | Motion in Limine | |
| 4) | X | Instructions Conference | 12) | | Motion to Suppress | |
| 5) | X | Reading of the Instructions | 13) | | Probation Revocation | |
| 6) | X | Verdicts | 14) | X | Hearing 10/18/12 | |
| 7) | X | Voir Dire | 15) | X | Other | Motion 11/14/12 |
| 8) | | Motion for New Trial | 16) | X | Other | Motion 12/18/12 |

Respectfully submitted on this 25th day of November, 2013.

**FOR APPEAL PURPOSES**

         /s/ Christina M. Kerls
         Counsel of Record, Appellate Defender Office
         Christina M. Kerls, #22234

Name of Court Reporter(s)  GLORIA O'MALLEY (Gloria.omalley@jocogov.org)

**CERTIFICATE OF COMPLETION SHOULD BE MAILED TO THE APPELLATE DEFENDER OFFICE**

Defendant has been determined to be indigent pursuant to the Order Appointing Counsel, currently on file in the district court.

Payment is guaranteed by the Board of Indigents' Defense Services pursuant to agency rules and regulations. Approval of the district court is not a prerequisite for payment.

NOTE: Transcripts of Preliminary Proceedings are to be paid out of county funds. See K.S.A. 22-2904.
Duplicate copies of transcripts will only be paid for in multiple defendant cases only per K.A.R. 105-8-3(a).

ORIGINAL -- TO COURT FILE
1ST COPY -- TO COURT REPORTER/COPY FOR CLAIM ACCEPTABLE      Appellate Defender Office
2ND COPY -- TO CLERK OF APPELLATE COURTS IMMEDIATELY      700 SW Jackson STE 900
3RD COPY -- FILE COPY FOR APPELLANT COUNSEL      Topeka, KS  66603-3714
DO NOT MAIL A COPY TO ADMINISTRATIVE OFFICE      785-296-5484 FAX 785-296-2869
REV 8/01          LAV

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2013 DEC -2 PM 1:56

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

STATE OF KANSAS

vs.                                        District Court Case No: 12CR1074
                                           (District Court Case for which info is requested)

RHEUBEN JOHNSON

                                           District Court Case from which info is requested (if different):

                                           _____

# ORDER FOR TRANSCRIPT
## FELONY INDIGENT CASES ONLY

       Pursuant to Supreme Court Rule 3.03, counsel for the above-named indigent defendant hereby determines that a transcript of the following proceedings is necessary to appeal to the Appellate Courts of Kansas or to pursue a post-conviction remedy. It is therefore requested that a transcript of the following proceedings be supplied to the said indigent defendant:

| 1) |  | Criminal Trial | 9) |  | Sentencing |  |
|----|--|----------------|-----|--|------------|--|
| 2) |  | Opening Statements | 10) |  | Guilty Plea Hearing |  |
| 3) |  | Closing Arguments | 11) |  | Motion in Limine |  |
| 4) |  | Instructions Conference | 12) |  | Motion to Suppress |  |
| 5) |  | Reading of the Instructions | 13) |  | Probation Revocation |  |
| 6) |  | Verdicts | 14) |  | Motion for Judgment of Acquittal |  |
| 7) |  | Voir Dire | 15) | X | Other | Preliminary Hearing 5/31/12 |
| 8) |  | Motion for New Trial | 16) | X | Other | Preliminary Hearing 8/1/12 |

Respectfully submitted on this 25th day of November, 2013.

**FOR APPEAL PURPOSES**

                            /s/ Christina M. Kerls
                            Counsel of Record, Appellate Defender Office
                            Christina M. Kerls, #22234

Name of Court Reporter(s)  ABBY RYAN (abby.ryan@jocogov.org)

**CERTIFICATE OF COMPLETION SHOULD BE MAILED TO THE APPELLATE DEFENDER OFFICE**

Defendant has been determined to be indigent pursuant to the Order Appointing Counsel, currently on file in the district court.

Payment is guaranteed by the Board of Indigents' Defense Services pursuant to agency rules and regulations. Approval of the district court is not a prerequisite for payment.

**NOTE: Transcripts of Preliminary Proceedings are to be paid out of county funds. See K.S.A. 22-2904.**
**Duplicate copies of transcripts will only be paid for in multiple defendant cases only per K.A.R. 105-8-3(a).**

ORIGINAL -- TO COURT FILE
1ST COPY -- TO COURT REPORTER/COPY FOR CLAIM ACCEPTABLE          Appellate Defender Office
2ND COPY – TO CLERK OF APPELLATE COURTS IMMEDIATELY              700 SW Jackson STE 900
3RD COPY -- FILE COPY FOR APPELLANT COUNSEL                      Topeka, KS  66603-3714
DO NOT MAIL A COPY TO ADMINISTRATIVE OFFICE                      785-296-5484 FAX 785-296-2869
REV 8/01                                    LAV

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2013 DEC -2 PM 1: 56

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

STATE OF KANSAS

vs.                                          District Court Case No: 12CR1074
                                             (District Court Case for which info is requested)

RHEUBEN JOHNSON
                                     District Court Case from which info is requested (if different):

                                             _____

# ORDER FOR TRANSCRIPT
## FELONY INDIGENT CASES ONLY

       Pursuant to Supreme Court Rule 3.03, counsel for the above-named indigent defendant hereby determines that a transcript of the following proceedings is necessary to appeal to the Appellate Courts of Kansas or to pursue a post-conviction remedy. It is therefore requested that a transcript of the following proceedings be supplied to the said indigent defendant:

| 1) | X | First Appearance 5/24/12 | 9) | X | Sentencing 10/28/13 |
|----|---|--------------------------|----|---|---------------------|
| 2) | X | Motion 9/19/12 | 10) | | Guilty Plea Hearing |
| 3) | X | Motion 2/5/13 | 11) | | Motion in Limine |
| 4) | X | Hearing 4/18/13 | 12) | | Motion to Suppress |
| 5) | X | Motion 5/31/13 | 13) | | Probation Revocation |
| 6) | X | Hearing 6/6/13 | 14) | | Motion for Judgment of Acquittal |
| 7) | X | Motion 7/8/13 | 15) | | Other |
| 8) | X | Hearing 9/20/13 | 16) | | Other |

Respectfully submitted on this 25th day of November, 2013.

**FOR APPEAL PURPOSES**

                        _/s/ Christina M. Kerls_
                        Counsel of Record, Appellate Defender Office
                        Christina M. Kerls, #22234

Name of Court Reporter(s)  HELEN EMBERY (Helen.embery@jocogov.org)

**CERTIFICATE OF COMPLETION SHOULD BE MAILED TO THE APPELLATE DEFENDER OFFICE**

Defendant has been determined to be indigent pursuant to the Order Appointing Counsel, currently on file in the district court.

Payment is guaranteed by the Board of Indigents' Defense Services pursuant to agency rules and regulations. Approval of the district court is not a prerequisite for payment.

**NOTE: Transcripts of Preliminary Proceedings are to be paid out of county funds. See K.S.A. 22-2904.**
**Duplicate copies of transcripts will only be paid for in multiple defendant cases only per K.A.R. 105-8-3(a).**

ORIGINAL -- TO COURT FILE
1ST COPY -- TO COURT REPORTER/COPY FOR CLAIM ACCEPTABLE        Appellate Defender Office
2ND COPY -- TO CLERK OF APPELLATE COURTS IMMEDIATELY        700 SW Jackson STE 900
3RD COPY -- FILE COPY FOR APPELLANT COUNSEL        Topeka, KS  66603-3714
DO NOT MAIL A COPY TO ADMINISTRATIVE OFFICE        785-296-5484 FAX 785-296-2869
REV 8/01                         LAV

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2013 DEC -2 PM 1: 56

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

STATE OF KANSAS

vs.                                          District Court Case No: 12CR1074
                                             (District Court Case for which info is requested)

RHEUBEN JOHNSON

                          District Court Case from which info is requested (if different):

                          _____

# ORDER FOR TRANSCRIPT
## FELONY INDIGENT CASES ONLY

      Pursuant to Supreme Court Rule 3.03, counsel for the above-named indigent defendant hereby determines that a transcript of the following proceedings is necessary to appeal to the Appellate Courts of Kansas or to pursue a post-conviction remedy. It is therefore requested that a transcript of the following proceedings be supplied to the said indigent defendant:

| | | | | | |
|---|---|---|---|---|---|
| 1) | | Criminal Trial | 9) | | Sentencing |
| 2) | | Opening Statements | 10) | | Guilty Plea Hearing |
| 3) | | Closing Arguments | 11) | | Motion in Limine |
| 4) | | Instructions Conference | 12) | | Motion to Suppress |
| 5) | | Reading of the Instructions | 13) | | Probation Revocation |
| 6) | | Verdicts | 14) | | Motion for Judgment of Acquittal |
| 7) | | Voir Dire | 15) | X | Other Preliminary Hearing 7/6/12 |
| 8) | | Motion for New Trial | 16) | | Other |

Respectfully submitted on this 25th day of November, 2013.

**FOR APPEAL PURPOSES**

        /s/ Christina M. Kerls
        Counsel of Record, Appellate Defender Office
        Christina M. Kerls, #22234

Name of Court Reporter(s) MELANIE JONES (Melanie.jones@jocogov.org)

**CERTIFICATE OF COMPLETION SHOULD BE MAILED TO THE APPELLATE DEFENDER OFFICE**

Defendant has been determined to be indigent pursuant to the Order Appointing Counsel, currently on file in the district court.

Payment is guaranteed by the Board of Indigents' Defense Services pursuant to agency rules and regulations. Approval of the district court is not a prerequisite for payment.

NOTE: Transcripts of Preliminary Proceedings are to be paid out of county funds. See K.S.A. 22-2904.
Duplicate copies of transcripts will only be paid for in multiple defendant cases only per K.A.R. 105-8-3(a).

ORIGINAL -- TO COURT FILE
1ST COPY -- TO COURT REPORTER/COPY FOR CLAIM ACCEPTABLE
2ND COPY – TO CLERK OF APPELLATE COURTS IMMEDIATELY
3RD COPY -- FILE COPY FOR APPELLANT COUNSEL
DO NOT MAIL A COPY TO ADMINISTRATIVE OFFICE
REV 8/01                    LAV

Appellate Defender Office
700 SW Jackson STE 900
Topeka, KS 66603-3714
785-296-5484 FAX 785-296-2869

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2013 DEC -2 PM 1: 57

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

STATE OF KANSAS _____

vs.                                    District Court Case No: 12CR1074
                                       (District Court Case for which info is requested)
RHEUBEN JOHNSON _____
**13-110837-A**          District Court Case from which info is requested (if different):

_____

# ADDITIONAL ORDER FOR TRANSCRIPT
## FELONY INDIGENT CASES ONLY

Pursuant to Supreme Court Rule 3.03, counsel for the above-named indigent defendant hereby determines that a transcript of the following proceedings is necessary to appeal to the Appellate Courts of Kansas or to pursue a post-conviction remedy. It is therefore requested that a transcript of the following proceedings be supplied to the said indigent defendant:

| 1) | X | First Appearance 5/24/12 | 9) | X | Sentencing 10/28/13 |
|---|---|---|---|---|---|
| 2) | X | Motion 9/19/12 | 10) | | Guilty Plea Hearing |
| 3) | X | Motion 2/5/13 | 11) | | Motion in Limine |
| 4) | X | Hearing 4/18/13 | 12) | | Motion to Suppress |
| 5) | X | Motion 5/31/13 | 13) | | Probation Revocation |
| 6) | X | Hearing 6/6/13 | 14) | | Motion for Judgment of Acquittal |
| 7) | X | Motion 7/8/13 | 15) | | Other | |
| 8) | X | Hearing 9/20/13 | 16) | | Other | |

Respectfully submitted on this 11TH day of December, 2013.

**FOR APPEAL PURPOSES**

_/s/ Christina M. Kerls_____
Counsel of Record, Appellate Defender Office
Christina M. Kerls, #22234

Name of Court Reporter(s)  GLORIA O'MALLEY (Gloria.omalley@jocogov.org)

**CERTIFICATE OF COMPLETION SHOULD BE MAILED TO THE APPELLATE DEFENDER OFFICE**

Defendant has been determined to be indigent pursuant to the Order Appointing Counsel, currently on file in the district court.

Payment is guaranteed by the Board of Indigents' Defense Services pursuant to agency rules and regulations. Approval of the district court is not a prerequisite for payment.

NOTE: Transcripts of Preliminary Proceedings are to be paid out of county funds. See K.S.A. 22-2904.
Duplicate copies of transcripts will only be paid for in multiple defendant cases only per K.A.R. 105-8-3(a).

ORIGINAL -- TO COURT FILE
1ST COPY -- TO COURT REPORTER/COPY FOR CLAIM ACCEPTABLE
2ND COPY – TO CLERK OF APPELLATE COURTS IMMEDIATELY
3RD COPY -- FILE COPY FOR APPELLANT COUNSEL
DO NOT MAIL A COPY TO ADMINISTRATIVE OFFICE
REV 8/01                                    LAV

Appellate Defender Office
700 SW Jackson STE 900
Topeka, KS  66603-3714
785-296-5484 FAX 785-296-2869

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS
2013 DEC 17 PM 1: 23

Order

# Court of Appeals of Kansas

JO

301 SW 10th Ave.
Topeka, KS 66612
785.296.3229

CLERK DISTRICT COURT
JOHNSON COUNTY COURTHOUSE
100 N KANSAS AVE
OLATHE, KS 66061 - 3273

Appellate Case No. 13-110837-A
District Court Case No. 12CR1074

STATE OF KANSAS,                    APPELLEE,
V.
RHEUBEN JOHNSON,                    APPELLANT.

THE COURT HAS TAKEN THE FOLLOWING ACTION:

MOTION BY RHEUBEN JOHNSON, FOR PERMISSION TO DOCKET APPEAL OUT OF TIME.

LEAVE GRANTED TO DOCKET APPEAL INSTANTER.

Date: December 6, 2013

Carol G. Green
Clerk



CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2013 DEC 26 PM 3: 57

JO

# Court of Appeals of Kansas

301 SW 10th Ave.
Topeka, KS 66612
785.296.3229

CLERK DISTRICT COURT
JOHNSON COUNTY COURTHOUSE
100 N KANSAS AVE
OLATHE, KS 66061 - 3273

Appellate Case No. 13-110837-A
District Court Case No. 12CR1074

STATE OF KANSAS,                    APPELLEE,
V.
RHEUBEN JOHNSON,                    APPELLANT.

THE COURT HAS TAKEN THE FOLLOWING ACTION:

EFILED
Date: October 6, 2014

Heather L. Smith
Clerk

SCAN DATE 2014/10/08 14:13

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS
2014 OCT -8 PM 2: 07

CASE NO. 110,837

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Plaintiff-Appellee,*

v.

RHEUBEN JOHNSON,
*Defendant-Appellant.*

## ORDER

The Appellate Defender's motion to withdraw due to a conflict of interest is granted. The above-captioned case is remanded to the district court in order to allow for appointment of new appellate counsel for Appellant. The Court of Appeals retains jurisdiction over the case on appeal. The briefing schedule is stayed. Once new counsel is appointed by the district court, the case will proceed on appeal. The brief submitted by Appellant is ordered stricken and destroyed. This case is ordered removed from e-filing status. All future filings in this case must be made on paper.

The Clerk of the District Court is ordered to provide, either by mail or by facsimile filing, the Clerk of the Appellate Courts with a file-stamped, certified copy of the order appointing new counsel by November 5, 2014, pursuant to Supreme Court Rule 1.09(e) (2013 Kan. Ct. R. Annot. 8).

DATED: October 6, 2014.

FOR THE COURT

*Kim R. Schroeder*
KIM R. SCHROEDER, Presiding Judge

SCAN DATE 2014/10/08 14:13

IN THE 10th JUDICIAL DISTRICT
THE STATE OF KANSAS, JOHNSON COUNTY
CRIMINAL DEPARTMENT, DIVISION 6

| | | |
|---|---|---|
| STATE OF KANSAS, | ) | |
| Plaintiff | ) | |
| V. | ) | Case No. JO 12CR1074 |
| | ) | |
| RHEUBEN CLIFFORD JOHNSON, III | ) | |
| Defendant | ) | |

## ORDER APPOINTING COUNSEL

Now on the _12_ day of November 2014, the defendant having been charged/convicted

with the commission of a felony, to wit: Murder in the 1st Degree, KSA 21-3401; and having

been determined indigent in accordance with K.S.A. 22-4501et seq., the person named above is

entitled to appointment of counsel. It is therefore ordered that Kate Zigtema be appointed to

represent the person above named on appeal.

**IT IS SO ORDERED.**

_____
DISTRICT COURT JUDGE

SCAN DATE 2014/11/13 12:01

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS
2014 NOV 13 AM 11: 56

Order

# Court of Appeals of Kansas



301 SW 10th Ave.
Topeka, KS 66612
785.296.3229

CLERK DISTRICT COURT
JOHNSON COUNTY COURTHOUSE
100 N KANSAS AVE
OLATHE, KS 66061 - 3273

Appellate Case No. 13-110837-A
District Court Case No. 12CR1074

STATE OF KANSAS,          APPELLEE,
V.
RHEUBEN JOHNSON,       APPELLANT.

THE COURT HAS TAKEN THE FOLLOWING ACTION:

REMOVED FROM E-FILE ON 10/6/14
Date: December 5, 2016

Douglas T. Shima
Clerk of the Appellate Courts



CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2016 DEC -8 PM 2: 47

12 CR 1074

CASE NO. 110,837

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Plaintiff-Appellee,*

v.

RHEUBEN JOHNSON,
*Defendant-Appellant.*

<u>ORDER</u>

Appellant's motion for appointment of counsel is granted. The materials submitted at docketing include a certificate of indigency. Therefore, this matter is remanded to the district court for the limited purpose of allowing for the appointment of counsel for Appellant. This court retains jurisdiction over this appeal. The briefing schedule will remain in place.

The Clerk of the District Court is asked to transmit to the Clerk of the Appellate Courts by January 4, 2017, an order of appointment of counsel for Appellant.

DATED: December 5, 2016.

FOR THE COURT

/s/ *David E. Bruns*

_____

DAVID E. BRUNS, Presiding Judge

# ORDER APPOINTING COUNSEL
# PRIVATE OR PUBLIC DEFENDER

_____JOHNSON_____ COUNTY DISTRICT COURT

TITLE OF CASE:

State of Kansas

CASE NO: 12CR1074

V.

Rheyban Johnson

List **one** only

Social Security Number _____

Having been charged with the commission of a **felony**, to wit: **(list felony descriptions only)**

_____

in violation of K.S.A.: _____

_____

(List felony statute and felony severity level).

and having been determined an indigent in accordance with K.S.A. 22-4501et seq., the person named above is entitled to appointment of counsel. It is therefore ordered that:

_____ **Public Defender**

If the Public Defender is not appointed, the court appoints a member of the panel for the following reason(s):

_____ NOT PD REGION _____ Conflict/Multiple Defendant Case _____ Shutdown/Overload

_____Gerald Wells_____, attorney, a member of the panel for indigents' defense,

**is hereby appointed to represent the above-named person as follows:**
**Check one only:**

- [ ] During the prosecution and trial of said felony defendant including sentencing
- [ ] Probation Revocation/Modification/Sentence Conversion/Show Cause
- [x] Appeal (specify type) _____
- [ ] K.S.A. 60-1507
- [ ] Habeas Corpus pursuant to K.S.A. 22-2710
- [ ] Habeas Corpus pursuant to K.S.A. 22-3428
- [ ] Habeas Corpus pursuant to K.S.A. 59-2917
- [ ] Other **(please specify and attach copy of complaint/petition)** _____

This order supersedes any previous order appointing counsel and _____ previously appointed, is hereby relieved as counsel for said person. He or she will [ ], will not [ ] file a claim for services he or she has performed.

BY ORDER OF THE COURT this __5__ day of __January__, 20_17_

_____
Judge

Original -To Court File
Copy-To court appointed counsel/ copy to accompany claim when filed with B.I.D.S.

Board of Indigents' Defense Services
714 SW Jackson, Suite 200
Topeka, KS 66603-3714
785-296-4505 FAX 785-291-3082

**(Make additional copies as needed)** rev 3/01

Appellate Case No. 110837

# ORDER FOR RECORDS

## IN THE APPELLATE COURTS OF THE STATE OF KANSAS

301 SW 10th Avenue   Topeka, Kansas 66612-1507

STATE OF KANSAS

vs                )

RHEUBEN JOHNSON

District Court Case No.  12CR1074

County JOHNSON

We hereby request that you transmit the Record on Appeal in the above-stated matter to the Clerk of the Appellate Courts in accordance with Rule 3.07.

IN K.S.A. 60-1507 APPEALS
PLEASE INCLUDE THE UNDERLYING CRIMINAL RECORD
IN ADDITION TO THOSE DOCUMENTS REQUIRED BY RULE 3.02.

## DO NOT SEND MONEY, GUNS, KNIVES, NARCOTICS, CONTRABAND, CLOTHING

Douglas T. Shima
Clerk of the Appellate Courts

---

*To be completed by District Court*

Date sent 6/22/17

No. of Volumes sent 20-FTP
No. of Exhibits sent 1 - UPS
Total items sent 21
Additional volumes sent:
Date _____
No. sent _____

*Appellate Clerk Use*
Assigned Judge _____
Date Delivered _____
Date Returned _____

*To be completed by Appellate Court*

Date ordered            06/22/2017
Date received _____
No. of Volumes received _____
No. of Exhibits received _____
Total items received _____
Additional volumes received:
Date _____
No. received _____

Grand Total _____

Date return to District Clerk _____

Comments:

FAX FILED
2:36p
6/22/17

NOTE TO THE DISTRICT COURT CLERK:
Retain one copy for your records; include one copy with your transmittal (record).

Received Time Jun. 22. 2017  2:36PM No. 8716

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CRIMINAL DEPARTMENT

STATE OF KANSAS,
      Plaintiff,

v.

RHEUBEN CLIFFORD JOHNSON,
      Defendant.

    )
    )
    )   Case No. 12CR1074
    )   Div. 13
    )
    )

### ORDER

The matter before the Court is Defendant Rheuben Johnson's *pro se* Motion to Correct Illegal Sentence (Doc. 90), filed on May 5, 2018. In response the State filed its Motion to Dismiss on May, 30, 2018 (Doc. 92). Johnson then filed a Response to State's Motion to Dismiss on June 12, 2018. Johnson argues his sentence is illegal because the Kansas sentencing statute is preempted by federal law and, alternatively, that the Kansas statute was applied incorrectly. The issues before the Court are whether Johnson's challenges are within the scope of a motion to correct illegal sentence pursuant to K.S.A. 22-3504, and whether his motion can be raised while there is a direct appeal pending. After considering the parties' motions, arguments, and all other relevant documents, the Court denies the motion, based on the reasons set forth below.

## I.    STATEMENT OF FACTS

1.    On July 31, 2013, Johnson was convicted by a jury of two counts of solicitation to commit fist-degree murder, in violation of K.S.A. 21-5402(a) and K.S.A. 21-5303. (Doc. 32). He was subsequently sentenced to a controlling 132-month prison sentence.

2.    On October 13, 2017, a panel of the Kansas Court of Appeals affirmed Johnson's convictions and sentence. *State v. Johnson*, No. 110,837, 2017WL4558235 (Kan. App. 2017)(unpublished opinion). Johnson timely filed a petition for review with the Kansas Supreme Court which is to this day pending.



## II.    ANALYSIS

### A.    Johnson cannot raise constitutional claims through a motion to correct an illegal sentence pursuant to K.S.A. 22-3504.

K.S.A. 22-3504 only pertains to illegal sentences. *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365, 369 (2011). An illegal sentence is one imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in character or the term of the punishment authorized, or a sentence which is ambiguous with regard to the time and manner in which it is to be served. K.S.A. 22-3504. District courts are instructed to conduct an initial examination of a motion to correct illegal sentence to determine if "the motion, files, and records of the case conclusively show the defendant is not entitled to relief." *Makthepharak v. State*, 298 Kan. 573, 576, 314 P.3d 876, 879 (2013). K.S.A. 22-3504(1) does not eliminate a district court's duty to preliminarily examine a motion to correct an allegedly illegal sentence to determine if substantial issues of law or fact are raised. *State v. Duke*, 263 Kan. 193, 196, 946 P.2d 1375, 1377–78 (1997). If no such issues are found to have been raised, the motion may be summarily dismissed. *Id.* If dismissed, the district court does not need to appoint counsel to the defendant nor conduct an evidentiary hearing. *State v. Heronemus*, 294 Kan. 933, 935, 281 P.3d 172, 174 (2012).

A constitutional challenge to a sentence is the claim that a sentence violates a constitutional provision. *State v. Warrior*, 303 Kan. 1008, 1010, 368 P.3d 1111, 1113 (2016). The Kansas Supreme Court has held constitutional challenges do not meet the narrow definition of an illegal sentence under K.S.A. 22-3504, stating:

> The defendant's sentence must fall within the definition of an illegal sentence to qualify as an illegal sentence under the statute [K.S.A. 22-3504]. A constitutional challenge to a sentence is not equivalent to a statutory challenge. Because the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision, a

2

SCAN DATE 2018/03/20 15:25

defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence.

*State v. Mitchell*, 284 Kan. 374, 376, 162 P.3d 18, 20 (2007).

Johnson argues his sentence is illegal because the Kansas sentencing statute is preempted by federal law, namely U.S.S.G. 3D1.2. A preemption challenge is a claim that the Supremacy Clause invalidates state laws that interfere with, or are contrary to, federal law. *Miami Cty. Bd. of Comm'rs v. Kanza Rail-Trails Conservancy, Inc.*, 292 Kan. 285, 294, 255 P.3d 1186, 1196 (2011). This is a constitutional challenge because Johnson claims his sentence violates a constitutional provision, the Supremacy Clause. Therefore, K.S.A. 22-3504 is an improper procedural vehicle to bring this Johnson's preemption claim.

Johnson also argues the Kansas statute used to determine his sentence was applied incorrectly, alleging the court erred in determining the unit of prosecution. The unit of prosecution refers to the minimum scope of the conduct required to be convicted of a violating of a statute. *State v. Schoonover*, 281 Kan. 453, 471, 133 P.3d 48, 64 (2006). This is used to determine whether there is a double jeopardy issue when a defendant is convicted of multiple violations of the same statute. *State v. Thompson*, 287 Kan. 238, 245, 200 P.3d 22, 28 (2009). Johnson claims his two solicitation convictions should have been sentenced as one stating this unit of prosecution error caused his sentence to be "illegal based upon by K.S.A. 22-5303's statutory provisions that affect punishment imposed."

Despite Johnson's explicit statement that he is not arguing multiplicity or double jeopardy, his argument essentially alleges just that. Multiplicity is defined as charging a single offense in several counts, creating the potential for multiple punishments for a single offense in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. *State v. King*, 297 Kan. 955, 970, 305 P.3d 641 (2013). Multiplicity is a constitutional claim that Kansas

3

courts have explicitly stated is not covered by K.S.A. 22-3504. *Mitchell*, 284 Kan. at 376–77 (holding a defendant may not file a motion to correct an illegal sentence pursuant to K.S.A. 22–3504(1) for double jeopardy, equal protection, or Eighth Amendment challenges). Johnson purports that had it not been for the unit of prosecution error, his two solicitation convictions should have been sentenced as one. In effect, this amounts to a multiplicity argument and therefore cannot be filed within a motion to correct an illegal sentence.

**B.    Johnson's arguments can be considered a habeas corpus petition pursuant to K.S.A. 60-1507, which is barred because there is a direct appeal pending.**

Although Johnson used the incorrect procedural vehicle to address his claims, *pro se* pleadings are liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments. *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639, 641 (2010). A defendant's failure to cite the correct statutory grounds for his or her claim is immaterial. *Id.* As a result, Johnson's Motion to Correct Illegal Sentence can be considered a habeas corpus motion under K.S.A. 60-1507.

A habeas corpus petition under K.S.A. 60-1507 is the appropriate procedural vehicle for Johnson's claims because both of his arguments are constitutional challenges. The plain language of K.S.A. 60 1507(b) states:

> If the court finds… there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence said prisoner or grant a new trial or correct the sentence as may appear appropriate.

K.S.A. § 60-1507.

However, although Johnson's arguments may fit the scope of a habeas corpus petition under K.S.A. 60-1507, Johnson is procedurally barred from bringing this motion. Kansas Supreme Court Rule 183(c)(2) states: "A motion to vacate, set aside, or correct a sentence may not

4

SCAN DATE 2018/08/20 15:25

be filed while an appeal from the conviction and sentence is pending or during the time within which an appeal may be perfected." Johnson filed a petition for review to the appellate court on February 26, 2018. At this time the petition for review is still pending. Because this appeal is still pending, this Court does not have jurisdiction to review this motion. As a result, Johnson's Motion to Correct Illegal Sentence is denied.

III. **CONCLUSION**

This Court, having heard and considered the arguments of the parties, further reviewing the record in this matter, and being otherwise well and duly advised in the premises, denies Defendant's Motion to Correct Illegal Sentence.

**IT IS SO ORDERED.**

8·17·18
Date

/s/
Brenda M. Cameron
District Court Judge, Div. 13

**NOTICE OF ELECTRONIC SERVICE**

Pursuant to KSA 60-258, as amended, copies of the above and foregoing ruling of the court have been delivered by the Justice Information Management System (JIMS) automatic notification electronically generated upon filing of the same by the Clerk of the District Court to the e-mail addresses provided by counsel of record in this case. Counsel for the parties so served shall determine whether all parties have received appropriate notice, complete service on all parties who have not yet been served, and file a certificate of service for any additional service made.

5

Rheuben Johnson, pro se 106724, Winfield Corr. Facility
1806 Pinecrest Cr. Dr., Winfield, KS 67156

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
Criminal Division

STATE OF KANSAS
        Plaintiff

v.                                         CASE NO. 12 CR 1074
                                           Div. 13

RHEUBEN JOHNSON
        Defendant

### NOTICE OF APPEAL

Notice is hereby given to the Johnson County District Court that Defendant, Rheuben Johnson, appeals from certain final judgement on or about August 20, 2018, in case 12 CR 1074, the Motion To Correct Illegal Sentence, the Order that denied such, and all related motions and requests. In support of said notice, Johnson states the following:

1. On August 20, 2018 this Court denied Johnson's May 5, 2018 Motion To Correct Illegal Sentence. This Court mailed such Order to Johnson on August 31st (postmark date), received on September 3rd.

2. Johnson is hereby giving notice that he is appealing such Order, along with all related motions and requests.

3. This court stated that its August 20th Order was regarding Johnson's *pro se* Motion To Correct Illegal Sentence (Doc. 90) filed May 5, 2018." Court Order, pg 1. However, Johnson filed several other motions regarding this matter which this Court apparently did not include in its August 20th Order. Thus, on September 10th Johnson filed a Motion To Request Decisions On Prior Motions. Since those "prior motions" have obviously been also denied, regardless if specifically listed in the Court's Order, Johnson hereby gives Notice that he is appealing those motions and requests as well. Such include: (a) All motions and requests related to Johnson's May 5th Motion To Correct Illegal Sentence; (b) Motion For Appointment Of Counsel (filed May 5); (c) Amendment To Motion To Correct Illegal Sentence (filed May 15 as a request); (d) Johnson's June 12th Response to State's motion appears to be part of the August 20th Order; (e) Motion For Immediate Decision (filed August 2); (f) Motion To Request Evidentiary Hearing (filed August 27); (g) Motion to Request Appointment of Counsel (filed August 27).

WHEREFORE, Johnson hereby gives required notice that he is appealing this Court's August 20, 2018 Order that denied his Motion To Correct Illegal Sentence, along with all related motions and requests.

_____
Rheuben Johnson, 106724

### CERTIFICATE OF SERVICE:

I certify that on this 10th day of September, 2018 a true copy of the above and foregoing NOTICE OF APPEAL was mailed to: Johnson County DA's office, PO Box 728, Olathe, KS 66051 via Johnson County District Court, 100 N. Kansas, Olathe, KS 66061.

_____
Rheuben Johnson, 106724

Page 1 of 1    CC, DA, Def, Div 13

UNITED STATES POSTAGE
PITNEY BOWES
$ 001.130
02 1P    0000838419    SEP 11 2018
MAILED FROM ZIP CODE 67156

Johnson County District CT — Clerk
100 N. Kansas
Olathe, KS
66061-3273

Rhesher Johnson 106724
WCF 1806 Pinecrest Cr Dr
Winfield KS 67156

# MANDATE

**COURT OF APPEALS,**
        ss.
**STATE OF KANSAS,**

Appellate Court No.    13-110837-A

District Court No.    12CR1074

**The State of Kansas, to the District Court within and for the County of JOHNSON in the State of Kansas, Greeting:**

    **WHEREAS,** In a certain criminal action lately pending before you, wherein STATE OF KANSAS, appellee, and, RHEUBEN JOHNSON, appellant, a judgment was rendered by you against the appellant from which judgment appellant prosecuted an appeal in the Court of Appeals within and for the State of Kansas;

    **AND WHEREAS,** on October 13, 2017, on consideration of the appeal, it was ordered and adjudged by the Court of Appeals that the judgment of the district court be affirmed.

    **AND WHEREAS,** on August 31, 2018, the Supreme Court denied the petitions for review. Judgment of the district court is affirmed upon the denial.

An attested true copy of the opinion is attached.

    **YOU ARE THEREFORE COMMANDED,** that without delay you cause execution to be had of the judgment of the Court of Appeals, according to law.



**Costs**

Paid Fees of Clerk of the Appellate Courts.................... $ waived

Other Costs ............................................................. $

    Total.............................................................. $

**WITNESS** my hand and the seal of the Court of Appeals affixed hereto, at my office, in the City of Topeka, on   SEP 1 7 2018

*Douglas T. Shima*

_____

**DOUGLAS T. SHIMA,** *Clerk of the Appellate Courts*

**MANDATE RECEIVED BY CLERK
TRIAL JUDGE NOTIFIED**

Date: _____

                                          PS

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS.

2018 SEP 24 AM 11: 17

NOT DESIGNATED FOR PUBLICATION

No. 110,837

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

RHEUBEN JOHNSON,
*Appellant.*

MEMORANDUM OPINION

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed October 13, 2017. Affirmed.

*Rheuben Johnson*, appellant pro se.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., STANDRIDGE, J., and WALKER, S.J.

PER CURIAM: This is Rheuben Johnson's direct appeal from his conviction of two counts of solicitation to commit the first-degree murder of his former wife, Annie Johnson. The couple was married in 2005, and their son was born the following year. They separated in October 2009 and were divorced in January 2012. The district court apparently ordered primary placement of their child with Annie, and Johnson had unsupervised parenting time which then changed to supervised parenting time. This created ongoing conflicts between the parents.

1

During this period, Ronald Nodwell, who had recently been released from prison, was looking for employment. A mutual friend recommended that Nodwell speak to Johnson about working for Johnson's extermination company.

On April 15, 2012, Nodwell met Johnson at a Mr. Goodcents restaurant to talk about the possibility of employment. At first, the conversation focused on employment, but Johnson soon shifted the conversation to his ex-wife. Johnson told Nodwell that Annie was "the root of all his problems, [explaining] how she was taking his son, his money, his business, she was into weird things like Goth and vampires and addicted to pain pills." Johnson said Annie was an unfit mother.

Johnson told Nodwell "it would be worth money if she would disappear. . . if she was gone." Nodwell understood Johnson to mean "he wanted to kill her." Initially, Nodwell thought Johnson was kidding, but the conversation continued to focus on Annie. Johnson told Nodwell that he would pay him $20,000 "to make her go away."

After leaving the restaurant, Johnson drove Nodwell past Annie's apartment complex to show Nodwell where she lived. Johnson told Nodwell that he could not get into the gated apartment complex without a code. Johnson showed Nodwell that Annie drove a black SUV. He drove Nodwell to the McDonald's restaurant where Annie routinely stopped to get coffee before work, and he identified for Nodwell the hospital where Annie worked. Johnson also told Nodwell the days his son was at daycare.

While they were in the truck together, Johnson gave Nodwell three suggestions about how he could make Annie disappear. First, Johnson suggested that Annie was addicted to pain pills, so Nodwell "could overdose her on her pain pills and [make it look] like an accident." Second, Nodwell could burn down her apartment. Third, Nodwell

2

could catch Annie after getting coffee "and drive up beside her and shoot [her] in the head on the way to work."

After this meeting, Johnson and Nodwell spoke several times on the phone. In these conversations Nodwell wanted to talk to Johnson about employment, but Johnson turned the discussion to Annie, leading Nodwell to conclude that Johnson was serious about having his ex-wife killed. Nodwell told Johnson it would be stupid to make Annie disappear because Johnson would be the prime suspect. From that point on, Johnson became more cautious and "[e]very time he talked to me after that, he made it sound like he was talking about a construction job or cleaning up glass. He made it sound like it was something other than what it was."

On May 18, 2012, Nodwell contacted the Olathe Police Department and told Detective Matt Campbell about his meeting with Johnson. The police decided to use an undercover officer to make contact with Johnson. They asked Nodwell to call Johnson and record the conversation. When Johnson did not answer, Nodwell left a message which Johnson returned two days later.

Nodwell told Johnson that he did not have time to handle the situation, but he had a friend that was willing, and asked Johnson if he'd be interested in meeting him. Johnson agreed, and they made arrangements to meet the next day, May 22, 2012.

The meeting took place at Waterworks Park in Olathe. Johnson, Nodwell, and Sergeant Lonnie Stites, an undercover police officer, were present. Stites was wearing a transmitter and recording device. A recording of the conversation was later introduced into evidence. Nodwell introduced Stites to Johnson and then left the meeting. Stites and Johnson agreed that Stites would carry out Johnson's request for $10,000. Johnson

3

agreed to pay $3,000 as a down payment and the remaining $7,000 after the task was completed.

During the course of the meeting, Johnson did not directly ask Stites to kill Annie, but he verified that Nodwell had informed Stites on the details of what Johnson wanted done. During the conversation, Johnson often referred to the job in terms of work. He told Stites that he wanted some junk hauled off. An example of this is as follows:

> "[Nodwell] kind of filled you in on what needs to be done. We can call it, you know, a whole bunch of different projects. We can call it hauling off a bunch of old vans and trucks that I've got in the back, or that'd be one . . . one project or remodeling, fixing up the home could be another project."

Johnson told Stites that his life was going well except for the child custody issues, so it was time to get these projects done. Johnson played for Stites a recording Johnson had made of his son crying when he returned his son to Annie's home. Johnson told Stites it would be nice to get "stuff cleaned up here" as soon as possible.

Johnson said he would be out of town from Wednesday until Monday and suggested that would be a good time. Johnson said that nobody knows about the project other than Nodwell, and it "would be nice to have everything cleaned up when I got back." Stites understood that Johnson was talking in code about having his ex-wife murdered.

Stites told Johnson, "when you talk about hauling trucks off or whatever I got a general idea of what you're needing." Johnson responded that it would not be smart for either one of them to go into more detail. Stites said that Nodwell had told him that Johnson had a problem with his ex-wife. Johnson responded: "Yeah. Um, that is a

4

problem, um, be nice if I didn't have that problem. But nice if, uh, never had to deal with her again." When Stites asked if Johnson wanted the project terminated, Johnson responded: "'Of course, that's not why we're here today. I just want the van hauled off.'"

Stites agreed to $10,000 for the job, noting he would need pictures and addresses where Annie could be found. Stites originally wanted to be paid $5,000 upfront because this was "a unique problem to take care of," and if Stites did not get paid, "it's not like I can take you to small claims court." Johnson expressed concern that if something happened to Annie, he would be a suspect. Stites said: "That's the whole point of this happening while you're out of town." Stites finally agreed to an initial payment of $3,000.

Stites wanted a second meeting so that Johnson could provide additional information, including photographs of Annie and a map. When Stites called Johnson the next day to set up the meeting, Johnson shifted his request to a request that Stites do private detective work investigating Annie. Johnson gave Stites information such as the vehicle Annie drove and her daily schedule but expressed concerns about being caught:

> "I thought about it a whole lot and, you know, what I've really got to do is what's best for my son, and if I don't do something stupid it's not really good for him and . . . if I don't and . . . I go give somebody money and maps and pictures all at once, it really could be easily misconstrued as . . . pretty bad intentions."

Johnson said he could give Stites pictures and maps, though he noted,

> "giving somebody money and map and pictures could be . . . can you see how that can look really really bad, I haven't quite figured out how to . . . how to . . . deal with that yet. . . . I'm not sure if it's worth that much risk. . . . [T]o do that, no matter how much I want to, I'd like to track and see where my wife is and no matter how much I'd like to get stuff

5

hauled off or whatever I want to call it, . . . I just think I'd be putting myself in a world of trouble."

Johnson said he wanted to make sure he did not say or do something that ended up getting himself into a mess. Stites told Johnson that there were things he needed to know and that he could not just "guess." Stites said that if Johnson was worried about the picture, he could bring one to the meeting to show what Annie looked like, but Stites would need the addresses and the money. Stites told Johnson he would rather talk further in person rather than over the phone. Johnson told Stites that Annie would be bringing their son to therapy later in the day, giving Stites the location, the time, and a description of her vehicle. Stites again requested a meeting and asked Johnson to bring a picture that he could at least see what she looked like. Johnson agreed to bring some family pictures on his phone for Stites to see. Johnson identified for Stites the hospital where Annie worked and gave Stites the address where Annie dropped off their son for supervised visitation.

Johnson called Stites and cancelled their second meeting at the last minute. He told Stites that he could not "say or do or insinuate anything that would be wrong doing" because any conversation can be recorded. Johnson told Stites he needed "to get you on as, like, an investigator that can kind of help out" and asked if Stites needed more detail than that. Stites replied that Johnson could use whatever words that he wanted to use, but that they both understood what Johnson was asking. Johnson replied: "Right."

Stites told Johnson that he was giving mixed signals, and he wanted to know if Johnson wanted him to do the "original project." Johnson responded "probably," but he needed to think about it some more. But he then concluded, "Yea. The goal is to solve the problem."

6

Johnson agreed to pay the $3,000 down payment but suggested that he give Stites the money in Missouri rather than in Kansas. But Stites told Johnson that he had a problem going into Missouri because "they kind of want to talk to me over there, so I don't go over there." Johnson insisted that he needed to give Stites the money in Missouri. Stites agreed to meet Johnson at a Walmart store in Missouri.

When their second face-to-face meeting took place at the Walmart store, Johnson gave Stites $3,000 in cash and a hand-drawn map that showed where Annie lived and where Johnson had his supervised parenting time with his son. When Johnson showed Stites a picture of Annie, Stites asked, "This is the vehicle you want to disappear?" Johnson confirmed: "Yeah."

When Johnson gave Stites the map, he again discussed the vehicle that Annie drove and Annie's schedule the next day. Johnson told Stites to be careful because Annie could be armed, explaining that she was into drugs and associated with "drug people, Goth people, vampire people." Johnson confirmed that once the job was done, he would arrange to pay Stites the additional $7,000. Johnson told Stites that he did not want anything to happen in front of his son.

Following this second meeting Johnson was arrested shortly after he crossed the state line into Kansas. He was charged with solicitation to commit murder based on his solicitation of Stites. The State later amended the complaint to include a second charge of solicitation to commit murder based on his solicitation of Nodwell.

While awaiting trial, Johnson met Richard Porterfield in the Johnson County Adult Detention Center where they both were being held. In March 2013, Johnson told Porterfield that he worked in pest and animal control. Porterfield told Johnson that he did not think he would be any good at pest control work. Johnson resplied, "You'd probably

7

be better at getting rid of humans." Porterfield, playing along, said: "Yeah, that's probably more up my alley."

According to Porterfield, Johnson asked him if he would be interested in doing something like that, more specifically "killing my wife." When Porterfield asked how much Johnson would pay, Johnson responded: "$8 to $10,000." Johnson provided Porterfield with details about his family. Johnson asked Porterfield how long he was going to be in jail and expressed his hope that Porterfield would be released soon.

Porterfield testified that he received a plea deal from the State in exchange for his testimony against Johnson. Porterfield admitted that his reason for bringing this information to law enforcement was to get help in his own case.

After Porterfield disclosed his conversation with Johnson, the State amended the complaint for a second time to include a count of solicitation to commit murder based on Johnson's solicitation of Porterfield.

At trial, Johnson's girlfriend, Kathy Klostermann, testified for the defense. She described Johnson's property, and the defense proffered pictures of junk and vehicles around Johnson's property that needed to be removed. She testified that Johnson had hired a private investigator to look into his wife's affairs but that the child custody and divorce issues were improving at the time of Johnson's arrest.

The jury convicted Johnson solicitation to commit murder in the first degree with respect to the Nodwell and Stites transactions. He was acquitted on the third charge involving Porterfield.

8

Following the denial of Johnson's motion for a new trial, Johnson was sentenced to a controlling term of 132 months in prison. Johnson's appeal of his convictions brings the matter to us for review.

*Constitutionality of Criminal Solicitation Statute*

Johnson challenges the constitutionality of our criminal solicitation statute on the grounds of vagueness. K.S.A. 2016 Supp. 21-5303(a) states: "Criminal solicitation is commanding, encouraging or requesting another person to commit a felony, attempt to commit a felony or aid and abet in the commission or attempted commission of a felony for the purpose of promoting or facilitating the felony."

Johnson did not raise this issue before the district court. Generally, an appellant may not raise a constitutional issue for the first time on appeal. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). But because Johnson's argument is that the statute is unconstitutional on its face, rather than as applied to him, the issue before us is a legal issue that does not require any findings of fact. Accordingly, we can consider this claim for the first time on appeal. See *State v. Atteberry*, 44 Kan. App. 2d 478, 492, 239 P.3d 857 (2010).

Our review of this issue is unlimited. *State v. Bollinger*, 302 Kan. 309, 318, 352 P.3d 1003 (2015), *cert. denied* 136 S. Ct. 858 (2016). In reviewing the criminal solicitation statute, we presume the statute is constitutional and resolve all doubts in favor of its validity. We must interpret the statute in a way that makes it constitutional if there is any reasonable construction that will maintain the legislature's apparent intent. See *State v. Petersen-Beard*, 304 Kan. 192, 194, 377 P.3d 1127 (2016).

9

In resolving this constitutional challenge, we first determine whether the statute gives adequate warning of the proscribed conduct. The statute is unconstitutionally vague if it does not provide a person of ordinary intelligence with fair notice of what is prohibited. Next, we determine whether the statute adequately guards against arbitrary and unreasonable enforcement. *Bollinger*, 302 Kan. at 318.

*Vagueness: Lack of Objective Standards*

Unconstitutional vagueness arises when persons of common intelligence must guess at a statute's meaning and may differ as to its application. See *City of Lincoln Center v. Farmway Co-Op, Inc.*, 298 Kan. 540, 545, 316 P.3d 707 (2013). But a statute is not unconstitutionally vague if its words are commonly used, are judicially defined, or have a settled meaning in law. *City of Wichita v. Hackett*, 275 Kan. 848, 853-54, 69 P.3d 621 (2003).

Johnson's argument focuses on the absence of any definition for the term "encouraging" as used in the statute. He does not raise this vagueness argument with respect to the terms "commanding" and "requesting" found in the statute. See K.S.A. 2016 Supp. 21-3303(a).

Johnson claims the word "encouraging" lacks an objective standard in that it requires "an inquiry into the mental state of the person solicited." He posits that based on the subjective interpretation of the reader, Jonathan Swift would be liable for prosecution for hundreds of counts of solicitation of murder under K.S.A. 2016 Supp. 21-5303 for the language used in his satirical essay, *A Modest Proposal* (1729), in which he advocated for cannibalism of babies as a means of population control.

10

But Black's Law Dictionary defines "encourage" as: "To instigate; to incite to action; to embolden; to help." Black's Law Dictionary 644 (10th ed. 2014). This definition is not predicated on the mental state of the person solicited. Jonathan Swift would have nothing to fear from publishing his essay in Kansas.

Johnson cites our Supreme Court's decisions in *State v. Bryan*, 259 Kan. 143, 910 P.2d 212 (1996), and *State v. Kirby*, 222 Kan. 1, 9-10, 563 P.2d 408 (1977), for support. In *Bryan* the court examined the words "alarms," "annoys," and "harasses" and found them to be unconstitutionally vague because the statute did not contain a definition or objective standard to measure the prohibited conduct. 259 Kan. at 149. The court found that those terms were subject to a wide variety of interpretations and were thus dependent upon the subjective feelings of the victims. 259 Kan. at 149-50. In *Kirby* the court found the term "endangering of life" was vague within the meaning of the statute. The court noted there was no universally accepted definition of "endangering of life," and the definition of the phrase was a matter of speculation. 222 Kan. at 10.

*Bryan* does not control. As noted earlier, the definition of "encourage" does not include any element related to any mental state of the person solicited. In fact, under K.S.A. 2016 Supp. 21-5303(b), "[i]t is immaterial under subsection (a) that the actor fails to communicate with the person solicited to commit a felony if the person's conduct was designed to effect a communication." The word "encouraging" is a common term, plainly stated and easily understood, and is not dependent to the subjective feelings of the victims, as was the case in *Bryan*. In our case, the defendant's conduct—rather than the subjective understanding of the person solicited— is the standard for determining whether the crime has been committed.

Unlike *Kirby*, in which there was no universally accepted definition of the phrase "endangering of life," we have a clear, easily understood, and universally accepted

11

definition of the verb "encourage." A person of common intelligence is adequately notified of the prohibited conduct under our criminal solicitation statute. The language in the statute is clear and unambiguous.

In *Edmondson v. Pearce*, 91 P.3d 605, 631-32 (Okla. 2004), the Oklahoma Supreme Court found that the word "encourages" in the phrase "willfully instigates or encourages any cockfight" was not unconstitutionally vague because a person of ordinary intelligence could understand it and has fair notice of what conduct is prohibited. See also *State v. Todd*, 468 N.W.2d 462, 465-66 (Iowa 1991).

Johnson argues that there is no distinction between encouraging under the statute and protected free speech. But the court in *Edmondson* rejected a similar argument that the language of the cockfighting statute infringed upon First Amendment rights because "communication which incites the imminent lawless action of cockfighting does not constitute protected speech." 91 P.3d at 633.

A common person can understand the terms "commanding, encouraging, or requesting" without any definitions in the statute. K.S.A. 2016 Supp. 21-5303 does not contain terms that are confusing or susceptible to ambiguous or differing meanings. Thus, Johnson fails to demonstrate that the language in K.S.A. 2016 Supp. 21-5303 provides inadequate notification of the proscribed conduct.

*Vagueness: Subject to Arbitrary and Discriminatory Enforcement*

Johnson argues that the statute's language fails the precision necessary to protect against arbitrary and discriminatory enforcement. A statute is unconstitutionally vague if it fails to protect against arbitrary and discriminatory action by those responsible for enforcing it. *Bollinger*, 302 Kan. at 318.

12

Johnson relies on *Thelen v. State*, 272 Ga. 81, 82 526 S.E.2d 60 (2000), in which the court examined a noise ordinance and found that prohibiting unnecessary or unusual sound or noise which annoys others fails to clearly identify the prohibited conduct because whether a noise is unnecessary, unusual, or annoying to others depends on the listener. But in our present case, as we explained earlier in this opinion, there are no subjective elements included in K.S.A. 2016 Supp. 21-5303.

Johnson claims the statute allows a prosecution even though "real innocent explanations exist." He cites *State v. Adams*, 254 Kan. 436, 866 P.2d 1017 (1994); *Smith v. Fairmont*, 196 Kan. 73, 410 P.2d 73 (1966); and *People v. McCaughan*, 49 Cal. 2d 409 317 P.2d 974 (1957). But he provides no argument as to how these cases support his position.

Johnson also argues that K.S.A. 2016 Supp. 21-5303 is vague because it does not require corroborating evidence. He claims a requirement of corroborating evidence, such as required in Colorado (Colo. Rev. Stat. § 18-2-301[1] [1998]) and Texas (Tex. Penal Code Ann. § 15.03[b] [1994]), would remedy the problem that allows convictions based on the subjective interpretation of the person allegedly solicited. But, as demonstrated above, a conviction under our criminal solicitation statute is not dependent upon the mental state of the person solicited.

The language of K.S.A. 2016 Supp. 21-5303 gives fair warning of the proscribed conduct and adequately guards against arbitrary and unreasonable enforcement. It is not unconstitutionally vague on its face.

13

*Vagueness:  Unconstitutionally Overbroad*

Johnson also asserts that K.S.A. 2016 Supp. 21-5303 is overbroad because it infringes upon his First Amendment right to free speech; does not contain an element requiring "imminent" conduct; and by prohibiting speech that encourages action, the statute does not use the least restrictive means to accomplish the goals of the statute.

A statute is facially invalid if it prohibits a substantial amount of protected speech. *United States v. Williams*, 553 U.S. 285, 292, 128 S. Ct. 1830, 170 L. Ed. 2d 650 (2008). "An overbroad statute makes conduct punishable which under some circumstances is constitutionally protected." *Dissmeyer v. State*, 292 Kan. 37, 40, 249 P.3d 444 (2011). For an overbreadth argument to succeed, a defendant must establish that (1) the protected activity is a significant part of the law's target, and (2) there exists no satisfactory method of severing that law's constitutional from its unconstitutional application.

As noted earlier, K.S.A. 2016 Supp. 21-5303(a) prohibits "commanding, encouraging or requesting another person to commit a felony, attempt to commit a felony or aid and abet in the commission to attempted commission of a felony for the purpose of promoting or facilitating the felony."

Johnson argues that the solicitation statute is overbroad because it violates his free speech rights. But "[d]espite our First Amendment rights, we are not free to harm others under the guise of free speech." *State v. Whitesell*, 270 Kan. 259, 271, 13 P.3d 887 (2000).

"'"[T]he goal of the First Amendment is to protect expression that engages in some fashion in public dialogue, that is "'communication in which the participants seek to persuade, or are persuaded; communication which is about changing or maintaining

14

beliefs, or taking or refusing to take action on the basis of one's beliefs.'" [Citations omitted.]' . . . A statute that is otherwise valid, and is not aimed at protected expression, does not conflict with the First Amendment simply because the statute can be violated by the use of spoken words or other expressive activity.'" [Citations omitted.]" *Whitesell*, 270 Kan. at 271-72.

Our Supreme Court has repeatedly held that "expressive activity may be prohibited if it 'involves substantial disorder or invasions of the rights of others. . . . [Thus] violence or other types of potentially expressive activities that produce special harms distinct from their communicative impact . . . are entitled to no constitutional protection.'" *Whitesell*, 270 Kan. at 272 (quoting *Champagne v. Gintick*, 871 F. Supp. 1527, 1534 [D. Conn. 1994]). Johnson fails to explain how the State intervening in his efforts to have his ex-wife murdered interferes with his free speech rights under the First Amendment. K.S.A. 2016 Supp. 21-5303(a) does not violate Johnson's free speech rights.

With regard to Johnson's "imminence" argument, he fails to explain how a statute is overbroad if it does not specify that the criminal action being solicited, such as his murder-for-hire scheme, must be executed within some specified time period.

With regard to the argument that the statute does not use the least restrictive means to accomplish its goals, Johnson fails to adequately explain how the use of the word "encouraging" is unreasonably restrictive and that the use of the words "commanding" and "requesting" would suffice to achieve the statute's goal.

K.S.A. 2016 Supp. 21-5303 is not unconstitutionally overbroad.

15

*Multiplicity*

Multiplicity is charging a single offense in several counts, creating the potential for multiple punishments for a single offense in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10 of the Kansas Constitution Bill of Rights. *State v. King*, 297 Kan. 955, 970, 305 P.3d 641 (2013). See *State v. Overman*, 301 Kan. 704, Syl. ¶ 4, 348 P.3d 516 (2015); *State v. Schoonover*, 281 Kan. 453, 475, 133 P.3d 48 (2006).

Johnson claims his convictions are multiplicitous because the State's evidence showed a single ongoing attempt to hire first Nodwell and then Stites to murder his ex-wife. Multiplicity is an issue of law subject to unlimited review. *State v. Belt*, 305 Kan. 381, 407, 381 P.3d 473 (2016). We may address the issue of multiplicity for the first time on appeal in order to serve the ends of justice and prevent a denial of fundamental rights. *State v. Weber*, 297 Kan. 805, 809, 304 P.3d 1262 (2013).

The key inquiries in resolving a multiplicity claim are whether the convictions arise from the same conduct and whether, by statutory definition, there are two offenses or just one. *King*, 297 Kan. at 970. In determining whether a conviction arose from the same conduct, we consider four factors: (1) whether the acts occurred at or near the same time; (2) whether the acts occurred at the same location; (3) whether there is a causal relationship between the acts as opposed to there being an intervening event; and (4) whether a fresh impulse motivated some of the conduct. *State v. Pribble*, 304 Kan. 824, Syl. ¶ 3, 375 P.3d 966 (2016).

Johnson cites several cases that involve the grouping of solicitation charges for the purposes of sentencing, but the cases cited do not hold that the convictions themselves are multiplicitous. See e.g., *United States v. Wilson*, 920 F.2d 1290, 1293 (6th Cir. 1990).

16

Johnson was charged with soliciting Nodwell, Stites, and Porterfield to murder Annie. He was convicted of soliciting Nodwell and Stites but acquitted on the charge relating to Porterfield. The convictions on the charges relating to Nodwell and Stites were not multiplicitous. They covered conduct in separate periods of time. They involved different individuals. The solicitations occurred at different locations. The solicitation of Stites occurred after the intervening event of Nodwell withdrawing from the plan. The State relied on separate evidence in proving each charge. Each of these charges constitutes a separate and distinct unit of prosecution. They are not multiplicitous.

*Sufficiency of the Evidence*

Johnson contends that the evidence presented at trial was insufficient to support his convictions because (1) the State relied on stacked inferences to support the conviction; (2) the State failed to prove sufficient evidence of imminence; (3) the evidence amounted to nothing more than discussions; (4) there was insufficient evidence that Johnson was the solicitor; (5) the State's case was based entirely on innuendo; (6) Stites' understanding of Johnson's request was based on impressions he received from Nodwell; and (7) the State failed to prove Johnson's specific intent. Johnson fails to provide adequate argument to support many of his contentions, but we will address each in turn.

In considering the sufficiency of the evidence to support a conviction, we view the evidence in a light favoring the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Laborde*, 303 Kan. 1, 6, 360 P.3d 1080 (2015). In doing so, we do not reweigh the evidence or assess the credibility of witnesses. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016).

17

There is no distinction between direct and circumstantial evidence in terms of probative value. *State v. McBroom*, 299 Kan. 731, 754, 325 P.3d 1174 (2014). A verdict may be supported by circumstantial evidence if such evidence provides a basis from which the fact-finder may reasonably infer the existence of the fact in issue. The evidence need not exclude every other reasonable conclusion or inference. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016). Circumstantial evidence used to infer guilt must be proved and cannot be inferred or presumed from other circumstances. *State v. Richardson*, 289 Kan. 118, 127, 209 P.3d 696 (2009).

Johnson cites caselaw regarding stacked inferences, but he provides no argument regarding its application to this case. He fails to show how his convictions relied on stacked inferences.

Next, Johnson claims that there is insufficient evidence of imminence. By this, he apparently claims the State had to prove that he solicited Nodwell and Stites to immediately murder his ex-wife. The statute makes no reference to imminence. Johnson cites *Brandenburg v. Ohio*, 395 U.S. 444, 449, 89 S. Ct. 1827, 23 L. Ed. 2d 430 (1969), in which the court held that the Ohio Criminal Syndicalism Act was unconstitutional because it "purports to punish mere advocacy" and to forbid "assembly with others merely to advocate the described type of action." This has nothing to do with the sufficiency of the evidence. Besides, the crime is the solicitation, which is not predicated on the efficacy of the person solicited to carry out the plan.

Next, Johnson claims the evidence shows that he never went beyond mere discussion, and the State failed to prove that he crossed the threshold from mere discussion to action. He cites *State v. Gains*, 431 So. 2d 736 (Fla. 1983), for the proposition that serious discussions without a decision to proceed is insufficient. But here, there was ample evidence that Johnson went beyond mere discussion. With respect

18

to Nodwell, Johnson offered him money, provided details that would help Nodwell accomplish the murder, and suggested different scenarios for committing the crime. With respect to Stites, Johnson actually delivered the down payment to Stites for the crime. We reject Johnson's argument on this point.

Next, Johnson claims there is insufficient evidence that he was the solicitor. He relies on *People v. Salazar*, 140 Mich. App. 137, 362 N.W.2d 913 (1985), in which the informant did the soliciting and the defendant only responded to the informant's solicitations. But viewing the evidence as a whole, it is clear that Johnson solicited Nodwell and Stites to kill Annie. Neither Nodwell nor Stites sought out Johnson to see if he was interested in having his ex-wife murdered.

Next, Johnson argues there is insufficient evidence because the entire case is based on innuendo. For support, Johnson points to Stites' preliminary hearing testimony that Johnson never directly asked Stites to kill his ex-wife. But Johnson ignores the testimony the jury heard at trial. There was more than enough testimony, both direct and circumstantial, to support the jury's verdicts without resorting to any innuendo.

Next, Johnson refers to the testimony about him telling Stites that he had a van that needed to be hauled off. Johnson's argument is unclear, but he seems to be claiming that Stites had a preconceived notion of what Johnson was requesting, which led to a misinterpretation of Johnson's request. Again, this is a question for the jury. It was the jury's role to determine what Johnson was requesting and weigh the credibility of the witnesses. The jury had ample evidence with which to see through Johnson's thinly coded statements that made clear his intent to hire someone to murder his ex-wife.

Next, Johnson claims the evidence at trial was insufficient to establish that even if he solicited Nodwell or Stites, he did so with the specific intent that one of them murder

19

Annie. Once again Johnson cites his coded statements to Nodwell and Stites which were not only easily seen through by Nodwell and Stites but also by the jury in determining Johnson's intent to have his ex-wife murdered. There was ample evidence that Johnson intended Nodwell, and then Stites, to murder Annie.

Finally, Johnson points to the definition of "murder in in the first degree" in the jury instructions and asserts that there was no evidence that he killed Annie, as she was not murdered. But solicitation to commit murder does not require that the solicited crime be completed. Our Supreme Court has stated that the crime of solicitation "is complete when the person communicates the solicitation to another with the requisite mens rea. No act in furtherance of the target crime needs to be performed by either person." *State v. DePriest*, 258 Kan. 596, 604, 907 P.2d 868 (1995).

There was more than ample evidence to support Johnson's convictions.

*Jury Instruction: Affirmative Defense of Renunciation*

Johnson claims the district court erred in advising the jury about the law of renunciation in Jury Instruction Nos. 16 and 17 by replacing the terms "manifesting," "renunciation," and "purpose," with the terms "demonstrating," "abandonment," and "plan."

The protocol for reviewing jury instructions on appeal is well known to the parties and can be found in *State v. Fisher*, 304 Kan. 242, 256-57, 373 P.3d 78 (2016).

Jury Instruction Nos. 16 and 17 were appropriate, as they correctly stated the law on renunciation and were consistent with K.S.A. 2016 Supp. 21-5303(c) and PIK Crim. 4th 53.100 (2013 Supp.) and 51.050 (2013 Supp.). Besides, if there had been any error in

20

these instructions, the rule against invited error would apply. Jury Instruction Nos. 16 and 17 were given exactly as requested by Johnson. The invited error doctrine "effectively binds trial counsel to strategic decisions inducing judicial rulings with the purpose of obtaining favorable judgments for their clients." *State v. Hargove*, 48 Kan. App. 2d 522, 532, 293 P.3d 787 (2013). A litigant may not invite error and then complain of the error on appeal. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014).

This claim of error fails.

*Sufficiency of Evidence to Disprove Defense of Renunciation*

Jury Instruction No. 16 stated: "It is a defense to a charge of criminal solicitation that the defendant, after soliciting another person to commit a felony, persuaded that person not to do so or otherwise prevented the commission of the felony, under circumstances demonstrating a complete and voluntary abandonment of the defendant's criminal plan."

Jury Instruction No. 17 stated: "The defendant raises abandonment as a defense. Evidence in support of this defense should be considered by you in determining whether the State has met its burden of proving that the defendant is guilty. The State's burden of proof does not shift to the defendant."

Johnson claims that the State failed to disprove that Johnson persuaded or prevented Nodwell and Stites from murdering his ex-wife.

As noted in Instruction No. 17, Johnson did not bear the burden of proving his defense of abandonment; it was the State's burden to disprove this defense. See K.S.A.

21

2016 Supp. 21-5108(c); *State v. Staten*, 304 Kan. 957, 965, 377 P.3d 427 (2016); *State v. Bethel*, 275 Kan. 456, 474, 66 P.3d 840 (2003).

Johnson's brief second thoughts about going forward with this murder-for-hire plot were based on his fear of getting caught. But there is no evidence that he decided to abandon the plan and tried to prevent Nodwell or Stites from going forward. Rather, he simply shifted his communications to the use of code words to thinly disguise his true intent. There is no evidence that he manifested "a complete and voluntary renunciation of [his] criminal purposes." K.S.A. 2016 Supp. 21-5303(c). Thus, if there was any error at all, it was the district court giving an instruction on Johnson's claimed abandonment of the plan when there is no evidence that he did, in fact, abandon the plan. The State presented substantial evidence from which a rational fact-finder could conclude that Johnson never abandoned the plan of soliciting Annie's murder.

*Jury Instruction: Jurisdiction and Venue*

The court instructed the jury in Jury Instruction No. 18 as follows:

> "If you find that the defendant committed criminal acts in this state which were a substantial and integral part of an overall continuing crime plan, and which were clearly in partial execution of that plan, the prosecution may be in this state or any other state in which such acts occur."

Johnson objected to this jury instruction on the basis that it was not a PIK instruction and because he claimed there was no evidence that the solicitation continued from Kansas to Missouri. Now, on appeal, he appears to be arguing that the instruction failed to inform the jury that it must find that the crime occurred in Johnson County.

22

As noted, we follow the protocol set forth in *State v. Fisher*, 304 Kan. at 256-57 in reviewing the district court's jury instructions. Further, when an objection to a jury instruction at trial is different from the argument presented on appeal, any error should be reversed only if giving the instruction was clearly erroneous. *State v. Williams*, 295 Kan. 506, 510, 286 P.3d 195 (2012); *State v. Ellmaker*, 289 Kan. 1132, Syl. ¶ 1, 221 P.3d 1105 (2009).

K.S.A. 2016 Supp. 21-5106 provides: "A person is subject to prosecution and punishment under the law of this state if: (1) The person commits a crime wholly or partly within this state." K.S.A. 2016 Supp. 21-5106(b) provides that a crime is partly committed within this state if: "(1) An act which is a constituent and material element of the offense; (2) an act which is a substantial and integral part of an overall continuing criminal plan; or (3) the proximate result of such act, occurs within the state."

Jury Instruction No. 18 was a proper statement of Kansas law. See *State v. Grissom*, 251 Kan. 851, 886-87, 840 P.2d 1142 (1992). Johnson argues that the instruction should have informed the jury that the crime occurred in Johnson County, not in the state. But Jury Instruction No. 18 related to the authority of the State to prosecute Johnson for the crime in Kansas. The instruction containing the elements of the crime included the requirement that the State prove that the crime occurred in Johnson County. The elements instructions accomplished the task of advising the jury that it must find that the crime occurred in Johnson County. We find no error in the court giving Jury Instruction No. 18.

*Kansas Jurisdiction when Evidence Obtained in Missouri*

With respect to the solicitation of Stites, Johnson claims that the Olathe Police Department illegally exercised its powers outside of its jurisdiction under K.S.A. 2016

23

Supp. 22-2401a by conducting an investigation and obtaining evidence in Kansas City, Missouri. Johnson relies on *State v. Vrable*, 49 Kan. App. 2d 61, 305 P.3d 35 (2013), in which the district court suppressed evidence obtained outside of the jurisdiction of the police who conducted a controlled drug buy. Our Supreme Court held there was no proper request for assistance that would have extended the territorial limits of the police under K.S.A. 2014 Supp. 22-2401a(2)(b).

Here, Johnson claims Stites had no authority to exercise his police powers in Missouri. But Johnson did not move to suppress the evidence obtained. The evidence was admitted at trial without this objection being asserted. K.S.A. 60-404 generally precludes an appellate court from reviewing an evidentiary challenge absent a timely and specific objection. *State v. Dupree*, 304 Kan. 43, 62, 371 P.3d 862 (2016). Johnson cites no applicable exception to this rule.

As a second argument, Johnson contends that his conduct was not a crime in Missouri. Whether his conduct was a crime in Missouri is irrelevant. K.S.A. 2016 Supp. 21-5106 controls, and it allows for the prosecution in Kansas when "the person commits a crime wholly or partly within this state." See K.S.A. 2016 Supp. 21-5106(a)(1). Here, part of the crime occurred in Kansas. Johnson's jurisdictional arguments are without merit.

*Alternative Means*

Johnson claims he was charged with alternative means of committing the crime of solicitation because the jury was instructed it could convict him of the crime if it found that he "encouraged or requested" another to commit the crime of first-degree murder.

24

Once again, the invited error doctrine applies to bar this claim because Johnson's proposed jury instruction informed the jury that it could convict Johnson if it found that he "intentionally encouraged or requested" another person to commit first-degree murder. See *State v. Schreiner*, 46 Kan. App. 2d 778, 791, 264 P.3d 1033 (2011) (applying the invited error doctrine to an alternative means claim).

*Language in Complaint*

Finally, Johnson claims the complaint was defective because it used the words "encouraged" and "requested" rather than "encouraging" and requesting."

*State v. Dunn*, 304 Kan. 773, 811, 814, 375 P.3d 332 (2015), recognizes the following three types of charging document defects. First, when it does not show that the charges are being filed in the correct court and territory. Second, when it does not allege facts which, if proved beyond a reasonable doubt, show the commission of a Kansas crime. Third, when it does not provide adequate notice of the charges.

Here, Johnson alleges that the complaint did not set out the essential elements of the crime. But *Dunn* only requires the complaint to contain all essential facts of the crime charged drawn in the language of the statute. Johnson does not contend the complaint left out essential facts.

K.S.A. 2016 Supp. 21-5303 states: "Criminal solicitation is commanding, encouraging or requesting another person to commit a felony, attempt to commit a felony or aid and abet in the commission or attempted commission of a felony for the purpose of promoting or facilitating the felony." Johnson seems to contend that the complaint must charge the defendant using the gerunds used in the statute as opposed to using the past tense of the verb form to indicate criminal conduct which occurred in the past but within

25

the applicable statute of limitations. We reject such a frivolous notion. The complaint adequately contains the facts which, if proved beyond a reasonable doubt, show that Johnson committed criminal solicitation, and he was provided adequate notice of the charges.

Affirmed.

A true copy ATTEST

*Douglas T. Shime*

Clerk Supreme Court

26

# ORDER APPOINTING COUNSEL
# PRIVATE OR PUBLIC DEFENDER

__JOHNSON__ COUNTY DISTRICT COURT

TITLE OF CASE:

State of Kansas

V.

Rheulan Johnson

CASE NO: 12CR 1074

List **one** only

Social Security Number _____

Having been charged with the commission of a **felony**, to wit: (**list felony descriptions only**)

Premed murder 1st Degree (Ct 1, 2, 3)

in violation of K.S.A.:

21-5402 (a)(1)

(List felony statute and felony severity level).

and having been determined an indigent in accordance with K.S.A. 22-4501et seq., the person named above is entitled to appointment of counsel. It is therefore ordered that:

_____ **Public Defender**

If the Public Defender is not appointed, the court appoints a member of the panel for the following reason(s):

_____ NOT PD REGION ___✓___ Conflict/Multiple Defendant Case _____ Shutdown/Overload

Richard Klein , attorney, a member of the panel for indigents' defense,

**is hereby appointed to represent the above-named person as follows:**
Check one only:

☐ During the prosecution and trial of said felony defendant including sentencing
☐ Probation Revocation/Modification/Sentence Conversion/Show Cause
☑ Appeal (specify type) _____
☐ K.S.A. 60-1507
☐ Habeas Corpus pursuant to K.S.A. 22-2710
☐ Habeas Corpus pursuant to K.S.A. 22-3428
☐ Habeas Corpus pursuant to K.S.A. 59-2917
☐ Other (**please specify and attach copy of complaint/petition**) _____

This order supersedes any previous order appointing counsel and _____ previously appointed, is hereby relieved as counsel for said person. He or she will ☐, will not ☐ file a claim for services he or she has performed.

BY ORDER OF THE COURT this __22__ day of __October__ __2018__

_____
Judge

Original -To Court File
Copy-To court appointed counsel/ copy to accompany claim when filed with B.I.D.S.

Board of Indigents' Defense Services
714 SW Jackson, Suite 200
Topeka, KS 66603-3714
785-296-4505 **FAX** 785-291-3082

(**Make additional copies as needed**)

rev 3/01

CLERK OF DISTRICT COURT

2018 OCT 22 PM 2 38

# IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| **STATE OF KANSAS** | ) |
| **Petitioner,** | ) |
| | ) **CASE NO.: 12CR1074** |
| **v.** | ) **DIV. 13** |
| | ) |
| **RHEUBEN JOHNSON** | ) |
| **Respondent.** | ) |

## JOURNAL ENTRY

NOW on this 15th day of November, 2018, the above matter comes on for a

hearing on Rheuben Johnson's motions to correct an illegal sentence filed September 13,

2018. Mr. Johnson appears by and through counsel, Richard Klein. The State appears by

Shawn E. Minihan. After having considered Mr. Johnson's motions, this Court finds that

the motions, files, and records in the case conclusively show that Mr. Johnson is not

entitled to relief. This Court also finds that Mr. Johnson, who has an appeal pending,

2018-120236-A, can raise any illegal sentence claims in his appeal.

/s/ BRENDA CAMERON
Dated: 11/16/18

_____
Honorable Judge Brenda K. Cameron
District Court Judge
Division 13

Submitted By:

/s/ Shawn E. Minihan
_____
Shawn E. Minihan #19861
100 N. Kansas, 5th Floor
Olathe, KS 66061
(913) 715-3000
Shawn.minihan@jocogov.org


Approved By:

Richard P. Klein
_____
Richard Klein        #24708
110 S Cherry Street, Suite 101
Olathe, KS 66061
(913) 829-4151
Kleinrp@yahoo.com

# Court of Appeals of Kansas

301 SW 10th Ave.
Topeka, KS 66612
785.296.3229

CLERK DISTRICT COURT
JOHNSON COUNTY COURTHOUSE
100 N KANSAS AVE
OLATHE, KS 66061 - 3273

Appellate Case No. 18-120236-A
District Court Case No. 12CR1074

STATE OF KANSAS,        APPELLEE,
V.
RHEUBEN CLIFFORD JOHNSON,     APPELLANT.

THE COURT HAS TAKEN THE FOLLOWING ACTION:

MOTION BY RHEUBEN CLIFFORD JOHNSON, FOR PERMISSION TO DOCKET APPEAL OUT OF TIME.

LEAVE GRANTED TO DOCKET APPEAL INSTANTER.

EFILED
Dist. Ct. Judge BRENDA M CAMERON
Date: November 13, 2018

Douglas T. Shima
Clerk of the Appellate Courts

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS.

2018 NOV 21 PM 1: 26



**Court:**       Court of Appeals

**Case Number:**   120236

**Case Title:**   STATE OF KANSAS,                APPELLEE,
V.
RHEUBEN CLIFFORD JOHNSON,        APPELLANT.

**Type:**        Motion to Docket Out of Time, Rheuben Clifford
Johnson, JO 12CR1074


Leave granted to docket appeal instanter.


SO ORDERED.




AS DIRECTED BY THE COURT,
CLERK OF THE APPELLATE COURTS

Electronically signed on 2018-11-13 09:46:22    page 1 of 4