IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

STATE OF KANSAS,
          Plaintiff,

VS.                                    Case No. 12CR1074

RHEUBEN CLIFFORD JOHNSON III,
          Defendant.

# AFFIDAVIT

Comes now the affiant, of lawful age, being first duly sworn upon oath, in support of a probable cause finding for the detention of the defendant or the issuance of an arrest warrant, states as follows:

1. On May 18, 2012, Ronald Nodwell reported to Olathe Police Det. Campbell that he had met a man a few weeks earlier through a mutual acquaintance. Nodwell does construction type work and was told the man might have some work for him.

2. Ronald Nodwell advised he met this man, who has since been identified as Rheuben Clifford Johnson III, at a restaurant in Olathe, Johnson County, Kansas. During the meeting, Rheuben Johnson told Nodwell that his ex-wife was the cause of all of his problems. He told Nodwell that his wife needs to disappear. After having lunch, Rheuben Johnson drove Nodwell by an apartment complex in Overland Park and indicated that was where his ex-wife lives. He described the car she drives, where she works and where she stops for coffee. Nodwell told Rheuben Johnson he would "look into it" but that he did not call Johnson back and that he had no intentions of assisting Johnson in killing his ex-wife.

3. Nodwell said Rheuben Johnson contacted him several times. Johnson asked Nodwell to come up with his price to do the crime. He told Nodwell to be careful and use private phone numbers so that Nodwell's phone would not be associated with Johnson.

CLERK OF DISTRICT COURT
JOHNSON COUNTY

2012 MAY 24 AM 11: 48

Nodwell asked how Johnson wanted his ex wife killed. Rheuben Johnson said he had several ideas, but thinks she could overdose on pills due to her use of prescription medications. Nodwell eventually decided to contact the police. Olathe Police Off. Lonnie Stites was introduced to Rheuben Johnson by Ronald Nodwell. Stites was posing, undercover, as a friend of Nodwell's who might be agreeable to killing Johnson's ex-wife for money.

4. Police investigators monitored and recorded a phone conversation between Nodwell and Johnson on May 21, 2012, arranging for a meeting with Stites. On the evening of May 21, 2012, Stites met Rheuben Johnson at a park in Olathe, Johnson County, Kansas. Nodwell introduced Stites to Rheuben as his "buddy." Rheuben Johnson showed Stites a video on his computer showing his son crying and saying he didn't want to leave home. Rheuben Johnson told Stites this was taken by him shortly before he had to drop his son off to meet his mother. Johnson suggested they basically use code language to discuss the topic. He suggested hauling off old vans or remodeling or fixing up a home. He indicated he would like for it to be "cleaned up" as soon as possible. Money was discussed. Rheuben Johnson suggested between $5,000 and $10,000. The two agreed to a subsequent meeting. Stites indicated he would want $3,000 in cash up front along with photos and a map. Johnson indicated he might have difficulty providing a photo. He also suggested that Missouri might be a better location than Kansas because they ask fewer questions there. They agreed to meet the following day at noon. It was clear to Stites that Rheuben Johnson was offering to pay him to kill Johnson's ex wife.

5. On the following day, May 22, 2012, Lonnie Stites had several additional phone conversations with Rheuben Johnson. They eventually agreed to meet in the parking lot of a

Walmart on the Missouri side of State Line Road near 135th Street. When the two met, Rheuben Johnson gave Stites $3,000 in cash. He gave Stites a picture of himself and a women who he indicated was his ex wife "Annie" and their young son. He also provided a couple of hand drawn maps showing where she lived. He indicated he had driven by there today and confirmed her car was parked at a certain building. There were also some written notes about when she would be in court the following day, times and location of where she picked up their son. There was some discussion about how Rheuben Johnson would get the remaining $7,000 to Stites. At the end of the meeting, Stites drove back to Olathe. Rheuben Johnson was stopped by police officers as he drove into Kansas and arrested. Rheuben Johnson's ex-wife and the woman who was in the picture provided to Off. Stites is Annie Louise Johnson.

6. The above information was provided from the reports of the Olathe Police Department.

_____
Affiant

Subscribed and sworn to before me by affiant, Todd Millberger,
on this 24th day of May, 2012.

_____
Notary Public

DOROTHY R. HORN
Notary Public - State of Kansas
My Appt. Expires 9-7-12

# IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CRIMINAL DEPARTMENT

STATE OF KANSAS

      Plaintiff

VS.

RHEUBEN CLIFFORD JOHNSON, III      CASE NO. 12CR1074

      Defendant

## PRESENTENCE INVESTIGATION

# 2012 KANSAS SENTENCING GUIDELINES
# PRE-SENTENCE INVESTIGATION REPORT –
# FACE SHEET 2nd AMENDED

**Court File Stamp**

1. Judicial District: **10th**

   County and ORI number: **Johnson (KS046015J)**

   Case Number: **12CR1074**   ☐ DV Case

   Name: **JOHNSON, Rheuben Clifford III**

   A/K/A's: See Defendant's Version

   Age: **49**   K.B.I. No: **KS00495977**

   Sex: ☒ Male   ☐ Female

   Race: ☒ W   ☐ B   ☐ A.I.   ☐ A

   Ethnicity: ☐ Hispanic   ☒ Non-Hispanic

   Address: **520 W. 103rd Street, Apt 255**
   **Kansas City, MO 64114**

   Citizenship: ☒ U.S.   ☐ Citizen of: _____

   Detainer or Other Charges Pending?   ☐ Yes   ☒ No

   Subject in Custody Awaiting Sentencing?   ☒ Yes   ☐ No

   Begin: 5/22/2012   End: 8/23/2012 =   94 day(s)
   Begin: 10/9/2012   End: 9/20/2013 =   347 day(s)
   Begin: _____   End: _____ =   day(s)

   Total Credit for Time Served:   **441 day(s)**

   DNA Sample Taken (K.S.A. 21-2511):   ☐ Yes   ☐ No

2. IF OFFENDER WAS UNDER 18 YEARS OF AGE WHEN CRIME(S) WAS COMMITTED AND WAS TRIED AS AN ADULT, OFFENDER WAS:

   ☐ Adjudicated as an Adult Under K.S.A. 2010 Supp. 38-2347
   ☐ Automatically Considered Adult Because of a Prior Felony

3. Names of Co-Defendants, if any:
   **None Discovered**

4. Defense Attorney:   **W. Scott Toth**

   Type of Counsel Prior to Sentencing:
   ☒ Retained   ☐ Appointed   ☐ Self
   ☐ Waived Orally   ☐ Waived in Writing

   Prosecuting Attorney:   **Keith Henderson**
   Sentencing Judge:   **Hon. Brenda Cameron**
   Date of Guilty Plea or Judgment:   **7/31/2013**
   Date of Sentencing:   **9/20/2013**

5. Pre-Sentence Investigator:   **Sheila DiJoseph**
   Date Assigned: **7/31/2013**   Date Submitted: **9/9/2013**

   Vol 2, Page 5

6. **PRIMARY OFFENSE**:   (Count 1)

   **Solicitation to Commit Murder in the First Degree**

   K.S.A. No:   **21-5303; 21-5402**
   Offense Date:   **5/1/2012 – 05/22/2012**

   (Check all that apply)
   ☒ Felony   ☐ Misdemeanor   ☐ Off-grid   ☐ Nongrid
   ☒ Person   ☐ Nonperson   ☐ Drug   ☒ Nondrug

   ☐ Attempt (K.S.A. 2011 Supp. 21-5301)
   ☐ Conspiracy (K.S.A. 2011 Supp. 21-5302)
   ☒ Solicitation (K.S.A. 2011 Supp. 21-5303)

   Severity Level or Class: **3**   Criminal History Score: **H**

   Maximum Good Time:   ☒ 15%   ☐ 20%

   Sentencing Range:
   Aggravated **71**   Standard **66**   Mitigated **61**

   ☒ Presumptive Prison   ☐ Presumptive Prison per Special Rule
   ☐ Presumptive Probation   ☐ Border Box
   ☐ Special Rule Applies: **N/A**

   ☒ This Offense **REQUIRES REGISTRATION** (Attach Registration Supplement and Form)

   ☐ Sentence Enhancement:
   ☐ Firearm Finding (drug felony only):   ☐ 6 months   ☐ 18 months
   ☐ Ballistic Resistant Material Finding:   ☐ 30 months

   Drug Treatment:   ☐ Mandatory   ☐ With Court Finding
   Not Eligible:   ☐ Criminal History   ☐ Residency
   ☐ 3rd or Subsequent Conviction Felony Possession
   ☐ Low Risk SASSI Score
   ☐ High Risk SASSI but Low or Low/Moderate Risk LSI-R Score

   Postrelease Supervision Duration:   ☐ 12 months   ☐ 24 months
   ☒ 36 months   ☐ 60 months   ☐ No Postrelease
   ☐ Lifetime Postrelease

   Probation Duration:   ☐ 12 months   ☐ 18 months   ☐ 24 months
   ☒ 36 months   ☐ Other:

   DUI Supervision: (12 months)   ☐ Court Services   ☐ Comm Corr.

   Electronic Monitoring:   ☐ Lifetime (Section 1 of chapter 32 of the 2012 Session Laws of Kansas)

SCAN DATE 2013/11/06 13:15

**ADDITIONAL OFFENSE:** (Count 2)

**Solicitation to Commit Murder in the First Degree**

K.S.A. No: 21-5303; 21-5402
Offense Date: 04/10/2012 - 5/22/2012

(Check all that apply)
☒ Felony ☐ Misdemeanor ☐ Off-grid ☐ Nongrid
☒ Person ☐ Nonperson ☐ Drug ☒ Nondrug

☐ Attempt (K.S.A. 2011 Supp. 21-5301)
☐ Conspiracy (K.S.A. 2011 Supp. 21-5302)
☒ Solicitation (K.S.A. 2011 Supp. 21-5303)

Severity Level or Class: **3**     Criminal History Score: **I**
Maximum Good Time:   ☒ 15%   ☐ 20%

Sentencing Range:
Aggravated **61**     Standard **59**     Mitigated **55**

☒ Presumptive Prison   ☐ Presumptive Prison per Special Rule
☐ Presumptive Probation ☐ Border Box
☐ Special Rule Applies: **N/A**

☒ This Offense REQUIRES REGISTRATION (Attach Registration Supplement and Form)

☐ Sentence Enhancement:
 ☐ Firearm Finding (drug felony only): ☐ 6 months ☐ 18 months
 ☐ Ballistic Resistant Material Finding: ☐ 30 months

**Drug Treatment:** ☐ Mandatory   ☐ With Court Finding
**Not Eligible:**  ☐ Criminal History ☐ Residency
  ☐ 3rd or Subsequent Conviction Felony Possession
  ☐ Low Risk SASSI Score
  ☐ High Risk SASSI but Low or Low/Moderate Risk LSI-R Score

**Postrelease Supervision Duration:** ☐ 12 months ☐ 24 months
☒ 36 months ☐ 60 months ☐ No Postrelease
☐ Lifetime Postrelease

**Probation Duration:** ☐ 12 months ☐ 18 months ☐ 24 months
☒ 36 months ☐ Other:

**DUI Supervision:** (12 months) ☐ Court Services ☐ Comm. Corr.

**Electronic Monitoring:** ☐ Lifetime (Section 1 of chapter 32 of the 2012 Session Laws of Kansas)

---

**ADDITIONAL OFFENSE:** (Count x)

K.S.A. No: _____
Offense Date: _____

(Check all that apply)
☐ Felony ☐ Misdemeanor ☐ Off-grid ☐ Nongrid
☐ Person ☐ Nonperson ☐ Drug ☐ Nondrug

☐ Attempt (K.S.A. 2011 Supp. 21-5301)
☐ Conspiracy (K.S.A. 2011 Supp. 21-5302)
☐ Solicitation (K.S.A. 2011 Supp. 21-5303)

Severity Level or Class: _____     Criminal History Score: **I**
Maximum Good Time:   ☐ 15%   ☐ 20%

Sentencing Range:
Aggravated ____     Standard ____     Mitigated ____

☐ Presumptive Prison   ☐ Presumptive Prison per Special Rule
☐ Presumptive Probation ☐ Border Box
☐ Special Rule Applies: **N/A**

☐ This Offense REQUIRES REGISTRATION (Attach Registration Supplement and Form)

☐ Sentence Enhancement:
 ☐ Firearm Finding (drug felony only): ☐ 6 months ☐ 18 months
 ☐ Ballistic Resistant Material Finding: ☐ 30 months

**Drug Treatment:** ☐ Mandatory   ☐ With Court Finding
**Not Eligible:**  ☐ Criminal History ☐ Residency
  ☐ 3rd or Subsequent Conviction Felony Possession
  ☐ Low Risk SASSI Score
  ☐ High Risk SASSI but Low or Low/Moderate Risk LSI-R Score

**Postrelease Supervision Duration:** ☐ 12 months ☐ 24 months
☐ 36 months ☐ 60 months ☐ No Postrelease
☐ Lifetime Postrelease

**Probation Duration:** ☐ 12 months ☐ 18 months ☐ 24 months
☐ 36 months ☐ Other:

**DUI Supervision:** (12 months) ☐ Court Services ☐ Comm. Corr.

**Electronic Monitoring:** ☐ Lifetime (Section 1 of chapter 32 of the 2012 Session Laws of Kansas)

# 2012 KANSAS SENTENCING GUIDELINES – PRE-SENTENCE INVESTIGATION REPORT
## CURRENT OFFENSE INFORMATION
(This page only - NOT PUBLIC RECORD)
### CASE NO. 12CR1074

**OFFICIAL VERSION:**

The State's version of facts as described in the affidavit filed by the Johnson County District Attorney's Office is appended to this report.

**PENDING CASES/WARRANTS/DETAINERS:**

None Discovered

**DEFENDANT'S VERSION:**
Defendant's Date of Birth:     07/08/1962          Defendant's Social Security Number:   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
The Defendant is also known by the following identifiers (if any):   Rubin Johnson; Ruben Johnson; Rueben Johnson DOB: 07/08/1956

The defendant did not complete and return a pre-sentence investigation information packet to this investigator. As a result, no defendant's version of this offense is available for inclusion in this report.

**VICTIM'S INJURY/DAMAGE/STATEMENT(S):**

| TOTAL RESTITUTION: | $5,730.00 |
|---|---|

| OWED TO: | 1) | Name: | Anne Johnson (Confidential) |
|---|---|---|---|
| | | Street Address: | |
| | | City/State/ZIP: | |
| | | Amount Due: | $5,730.00 |

**VICTIM STATEMENT(S):**

Anne Johnson provided the following statement to Melinda Queen, Johnson County Court Services VIVA, on August 27, 2013.

   I, Annie Johnson am the intended victim of a heinous murder for hire crime over the custody of my son, Rheuben Johnson intended to kill me. He intended to deprive my son from his mommy. His attempts however were unsuccessful thanks to Mr. Nodwell, Detective Stittes, and all of the law enforcement, and the DA prosecutors included in this investigation. These attempts have had a huge impact on my son, my family, and me in a number of ways. It will impact us for the rest of our lives.
The impact of Rheuben Johnson's crimes is great. It has taken an incredible amount of my time, my energy, my sleep, my money, my family's money, and most importantly, my concerted effort to protect my son from the negativity that surrounds everything that he caused.

As a mother, I have to only imagine what life my child had when he was around him. If he is capable of trying to kill me, his mommy, what kind of parent was he to him. I know some details, from the reports of the supervised visits which were sickening and disturbing. The child custody and psychological report from Dr. Spiridigliozzi was just incredibly horrifying.

Rheuben doesn't speak about his father now. Since last May, he has not said he has missed him even one time. His crimes, however, have certainly impacted him. Shortly after the incident, my son started showing extreme separation anxiety where he would not physically leave my side. He would follow me room to room and when I did separate from him to bathe or use the restroom and lock the door, he would bang on the door and cry for me to come back out. I finally asked him what he was afraid of. He told me, "Mommy, I am afraid that daddy is going to hurt you and I want to protect you." This is something a child should never have to say to his mother. Every night, he refused to sleep in his room because he was so scared and wanted to be right next to me. My son has been receiving continual therapy with Dawn Wake.

Although during the trial, previous details of abuse that I received from him when we were married were not brought up in the trial, I can now say that this is the ultimate domestic violence case. He beat me, he raped me, forcing me to get ovulation kits prior to the rapes, which stuck in my mind for years. He would pull Rheuben as a baby out of my arms violently and I let him have him because I would not fight and pull my child back for fear of him getting hurt. The control of every daily action of my life by him was horrifying. He would not allow me to watch the television, use the internet, and if I was caught drinking a soda, he would put salt or sugar in it to ruin it. He would lock me out of the house for hours and have our child watch through the glass window door as I begged him to let me back in. He prevented me from going anywhere without permission except to the grocery store or errands for his business. I was not allowed to have my own vehicle. I was not allowed to take my child anywhere, the library, or any normal children activities. He monitored every phone call I made by his recording phone system. When Rheuben fell so far behind in speech and development, I knew I had to leave him to protect my son. I knew that once I left him, him he would make my life hell and he did.

One week after leaving him, he made false allegations against me, putting a fraudulent protection from abuse order against me to prevent me from being with my son. I was not allowed to see my son for five weeks. He then trained him to become a tool to hurt me. He should have been a parent to him and showed him love. He put horrible lies in his mind, and forced him to lie to police officers and health care providers. Because of his choices, he caused little Rheuben to enter SRS and stay with a foster parent for two nights. Rheuben had bruises on both legs and a black eye that he did to him. This is a mother's worst nightmare. The truth was revealed over and over again that he was coaching him and I still had trouble protecting him. I took a lie detector test over his false sexual allegations and of course I passed. He avoided the detective's calls for his lie detector test. He paid another private party for one. They are not equal.

He stalked me for years, even with a restraining order. He tried hiring private investigators, and blaming them for not finding anything wrong that I was doing. All I was doing was being a mommy trying to keep myself and my son safe.

His actions made me more vigilant so that his bad behavior will not have a future impact on my son. He made me more protective and this took so much of my effort and purpose in life.

He did this all by himself. I am not an intimidating person, I am fair, but he was not. Now, I must manage the chaos he created, and I realize how proud I am to know just how strong I have become.

I have experienced hate for the first time, and this has changed me. I was such a trusting person and now I don't know to trust and must relearn. I had to look at evil, and it was the father of my child.

He is self- centered, has no empathy or even an understanding for anyone else's feeling and his only goal is to get what he wants at any cost. I am asking you Judge Cameron to make him be accountable for his actions today.

Not only was I traumatized by the domestic violence and the course of control he exercised, but on top of that, the even more traumatic experience of knowing he wanted me dead to get his way has an extreme impact on me emotionally and financially to my family as well. I've had extensive therapy to deal with these traumas to work on recovery. I had to install an extensive alarm system, which should not be needed in a secure gated community, and when I came home, I immediately checked the windows and doors and put the alarm back on when I was home out of fear caused by him. I've had nightmares of the abuse, and ones of him or someone else coming into my place to kill me.

The only way I feel safe is if he is behind bars. If he is free, I am not. I know him well enough there are no boundaries he is not willing to cross to get what he wants.

Judge Cameron, I am asking you to help protect my son and me from this dangerous man. Please give him the maximum consecutive sentence possible so my son and I don't have to live in fear. Please give us some relief we really need.

Anne Johnson requested the following in restitution on September 11, 2013.

| | |
|---|---|
| $5730.00 | total out of pocket loss to date |
| $2400.00 | Alarm system equipment install |
| $650.00 | Monthly monitoring cost to date |
| $2500.00 | out of pocket counseling costs |
| $180.00 | doctor visit |

CASE NO. 12CR1074

## PLACEMENT OPTIONS:

This is a list of placement options and the pre-sentence investigator's professional assessment of possible conditions should the court place the offender on probation or order some form of community sanction:

☒ **PRESUMPTIVE PRISON**

☐ COMMUNITY CORRECTIONS
 *(Indicate the criteria from KSA 2011 Supp. 75-5291(a)(2) that qualifies the defendant for placement in Community Corrections.)*
   ☐ (a)(2)(A)  Border box on either grid or levels 6H or 6I or 7C through 7I on nondrug grid
   ☐ (a)(2)(B)  Downward dispositional departure from presumptive prison sentence
   ☐ (a)(2)(C)  Convicted of offense severity level 7 or higher which requires registration
   ☐ (a)(2)(D)  Condition violator
   ☐ (a)(2)(E)  Scored "high risk or needs, or both"
   ☐ (a)(2)(G)  Mandatory Drug Treatment for up to 18 months (KSA 21-6824, "SB 123")
   ** (a)(2)(F)  Follows successful completion of a conservation camp program
   ☐ Special Rule Applies

☐ COURT SERVICES

☐ DEPARTMENT OF CORRECTIONS
 *(For postrelease supervision; formerly KSA 21-4707(i).)*

## OFFICER'S ASSESSMENT OF CONDITIONS OF PROBATION:  KSA 2011 Supp. 21-6607     [Check All That Apply]

☐ Alcohol evaluation   ☐ Drug evaluation   ☐ Mental Health evaluation   ☐ ADSAP Evaluation   ☐ Domestic Violence Offender Assessment
                                                                                                         (K.S.A. 2011 Supp. 21-6604(p))
☐ In Patient   ☐ Out Patient
   ☐ Alcohol treatment   ☐ Drug treatment   ☐ Mental Health treatment   (Follow recommendations of counselor)
☒ **No possession or consumption of alcohol or illegal drugs**
☒ **At C.S.O. request and at defendant's own expense, submit to random:**   ☒ **Breath test**   ☒ **Blood test**   ☒ **Urinalysis test**
☐ Refrain from driving until properly licensed and insured
☐ Serve appropriate jail time, followed by house arrest if applicable (per DUI statute KSA 8-1567)
☐ Serve appropriate jail time (per Forgery statute KSA 21-5823)
☒ **Notify the C.S.O. of changes in employment, residence and phone number**
☒ No contact with:   ☒ Victim(s):  **Anne Johnson**
☐ No contact with:   ☐ Co-defendant(s):
☐ Educational program:   ☐ G.E.D.   ☐ Vocational   ☐ Higher Education
☒ **Register as an offender pursuant to the Kansas Offender Registration Act, K.S.A. 2011 Supp. 22-4901 *et. seq.* (NO Registration is
   Required for K.S.A. 2011 Supp. 21-5705(a)(2)-(a)(6) and ALL subsections (formerly K.S.A 21-36a05(a)(2) and ALL subsections of (a)(2))**
☐ No contact with any person under age 18 unless supervised by an informed adult.
☐ Attend a presentation by the Victim Impact Panel
☐ Submit to KBI DNA testing and be responsible for the cost of the test
☐ Other:
☐ Other:
☐ Other:

**\*\*This option is included in statute, but is unavailable**

SCAN DATE 2013/11/06 13:16

| SPECIAL RULES SUPPLEMENTAL PAGE (IF APPLICABLE, check box of the special rule that applies and include this page with the corresponding count. Additional copies may be made as needed.) <u>PLEASE DO NOT RENUMBER THIS PAGE.</u>) A special rule that changes the presumptive sentence, without constituting a departure, is applicable to this count because: |
|---|

**PUBLIC SAFETY OFFENSES / FIREARMS FINDING APPLY:**
1. ☐ **Person Felony Committed With a Firearm** – presumed prison. K.S.A. 2011 Supp. 21-6804(h)
2. ☐ **Agg. Battery against a L.E.O.**, if criminal history is 6H or 6I – presumed prison. K.S.A. 2011 Supp. 21-6804(g)
3. ☐ **Agg. Assault against a L.E.O.**, if criminal history is 6H or 6I – presumed prison. K.S.A. 2011 Supp. 21-6804(g)
34. ☐ **Battery on a L.E.O., K.S.A. 21-5413(c)(2), resulting in bodily harm-** presumed prison and consective. K.S.A. 2011 Supp. 21-6804(r)
32. ☐ **Drug Felony While in Possession of a Firearm-** presumed prison. K.S.A. 2011 Supp. 21-6805(g)
33. ☐ **Drug Felony With a Firearm that Discharges-** presumed prison. K.S.A. 2011 Supp. 21-6805(g)
4. ☐ **Crime Committed for Benefit of a Criminal Street Gang** – presumed prison. K.S.A. 2011 Supp. 21-6804(k)
11. ☐ **Extended Jurisdiction Juvenile Imposed** – both juvenile and adult sentences imposed, adult sentence stayed conditioned on successful completion of juvenile sentence. K.S.A. 2010 Supp. 38-2347 and 2011 Supp. 38-2364
35. ☐ **Agg. Endangering a Child** – consecutive sentence required. K.S.A. 2011 Supp. 21-5601(c)(2)
36. ☐ **Ballistic Resistant Material** worn/used in commission/attempt/flight from felony – presumed prison with additional 30 months and consecutive. K.S.A. 2011 Supp. 21-6804(t)
38. ☐ **Unlawful Sexual Relations** - presumed prison - K.S.A. 2011 Supp. 21-6804(s)

**HABITUAL OR REPEAT OFFENSES APPLY:**
5. ☐ **Persistent Sex Offender**, if current conviction is presumed prison – double the maximum duration. K.S.A. 2011 Supp. 21-6804(j)
12. ☐ **2nd or Subs. Manufacture of a Controlled Substance Conviction** – presumed prison, twice the maximum duration. K.S.A. 2011 Supp. 21-6805(e)
26. ☐ **3rd or Subs. Felony Drug Possession** occuring on or after July 1, 2008 - presumed prison. K.S.A. 2011 Supp. 21-6805(f)(1)
13. ☐ **Residential Burglary with a Prior Residential, Nonresidential or Agg. Burglary Conviction or any attempt or conspiracy convictions of these priors** – presumed prison. K.S.A. 2011 Supp. 21-6804(l)
27. ☐ **Burglary With Two or More Prior Convictions for a Violation of Theft, Burglary, or Agg. Burglary** – presumed prison. K.S.A. 2011 Supp. 21-6804(p).
29. ☐ **Felony Theft With Three or More Prior Convictions for a Felony Violation of Theft, Burglary, or Agg. Burglary** – presumed prison. K.S.A. 2011 Supp. 21-6804(p).
30. \*\* **For #27 or #29, Substance Abuse Underlying Factor, Treatment More Effective to Reduce Reoffense Risk <u>and</u> Community Safety Served** – KDOC Intensive Substance Abuse Treatment Program, Return to Court Upon Successful Completion. K.S.A. 2011 Supp. 21-6804(p)
31. ☐ **3rd or Subs. Criminal Deprivation of a Motor Vehicle** – presumptive prison. K.S.A. 2011 Supp. 21-6804(n)
16. ☐ **2nd Forgery**, criminal history I – C, sentenced pursuant to sentencing requirements of K.S.A. 2011 Supp. 21-5823, term of imprisonment not in KDOC. Criminal history A or B, - sentenced for SL 8, NPF. K.S.A. 2011 Supp. 21-6804(i)
17. ☐ **3rd or Subs. Forgery**, criminal history I – C, sentenced pursuant to sentencing requirements of K.S.A. 2011 Supp. 21-5823, term of imprisonment not in KDOC. Criminal history A or B, - sentenced for SL 8, NPF. K.S.A. 2011 Supp. 21-6804(i)
9. ☐ **Crime Committed While Incarcerated and Serving a Felony Sentence, or While on Probation, Parole, Conditional Release, or Postrelease Supervision for a Felony** – new sentence shall be imposed pursuant to consecutive sentencing provisions in K.S.A. 2011 Supp. 21-6606 and the court may impose prison even if presumption is nonprison. K.S.A. 2011 Supp. 21-6604(f)(1)
28. ☐ **Crime Committed While Incarcerated in a Juvenile Correctional Facility for an Offense That Would be a Felony if Committed by an Adult** – presumed prison. K.S.A. 2011 Supp. 21-6604(f)(2)
10. ☐ **Crime Committed While on Felony Bond** – new sentence "may" be imposed pursuant to consecutive sentencing provisions in K.S.A. 2011 Supp. 21-6606 and the court may impose prison even if presumption is nonprison, K.S.A. 2011 Supp. 21-6604(f)(3). However, under K.S.A. 2011 Supp. 21-6606(d), new sentence "shall" be consecutive.
37. ☐ **2nd or Subs. Identity Theft or Identity Fraud** – presumed prison. K.S.A. 2011 Supp. 21-6804(u)
39. ☐ **Felony Test Refusal** (2nd, 3rd or Subs.) – sentenced pursuant to specific mandatory sentencing requirements of K.S.A. 2012 Supp. 8-1025, term of imprisonment not in KDOC.

**NONGRID OFFENSES APPLY:** K.S.A. 2011 Supp. 21-6804(i)
6. ☐ **Felony D.U.I.** (3rd, 4th or Subs.) – nongrid, sentenced pursuant to specific mandatory sentencing requirements of K.S.A. 2011 Supp. 8-1567, term of imprisonment not in KDOC.
8. ☐ **Felony Domestic Battery** - nongrid, sentenced pursuant to specific mandatory sentencing requirements of K.S.A. 2011 Supp. 21-5414(b)(3), term of imprisonment not served in KDOC.
21. ☐ **Animal Cruelty**- K.S.A. 2011 Supp. 21-6412; 2nd or subsequent conviction; or **Working/ Assistance dog** – K.S.A. 2011 Supp. 21-6416 – nongrid, sentenced pursuant to specific mandatory sentencing requirements of same statute, term of imprisonment not in KDOC.

**FINANCE OFFENSES APPLY:**
25. ☐ **Fraudulent Insurance Act,** any combination of acts occurring within 6 consecutive months involving $25,000 or more - presumed prison. K.S.A. 2011 Supp. 40-2,118(e)
15. ☐ **Kansas Uniform Securities Act**, violation resulting in loss of $25,000 or more – presumed prison. K.S.A. 17-12a508(a)(5)
19. ☐ **Mortgage Business Act**, Second or Subsequent Conviction – presumed prison. K.S.A. 2011 Supp. 9-2203(d)
20. ☐ **Loan Brokers Act**, violation resulting in loss of $25,000 or more – presumed prison. K.S.A. 50-1013(a)

Case No. **12CR1074**

**OFFENDER REGISTRATION SUPPLEMENT to the PSI – K.S.A. 2011 Supp. 22-4901 et seq.**

**REGISTRATION TERMS - check appropriate boxes indicating <u>REQUIRED TERM</u> of registration**
See K.S.A. 2011 Supp. 22-4906

☐ Defendant advised of Notice of Duty to Register

**Offender must register for 15 YEARS after the date of parole, discharge or release, whichever date is most recent, or, if offender is not confined, 15 YEARS from the date of conviction due to conviction of any of the following crimes:**

☐ Capital Murder - K.S.A. 2011 Supp. 21-5401
☒ Murder in the First Degree – K.S.A. 2011 Supp. 21-5402
☐ Murder in the Second Degree – K.S.A. 2011 Supp. 21-5403
☐ Voluntary Manslaughter – K.S.A. 2011 Supp. 21-5404
☐ Involuntary Manslaughter – K.S.A. 2011 Supp. 21-5405
☐ Sexual Battery- K.S.A. 2011 Supp. 21-5505(a)
☐ Criminal Restraint – K.S.A. 2011 Supp. 21-5411 (except by parent, and only when victim is <u>less than 18 years of age)</u>
☐ Any act determined beyond a reasonable doubt to have been <u>sexually motivated</u> AND the act did <u>not</u> involve non-forcible sexual conduct between <u>a victim at least 14 and offender no more than 4 years older than victim</u> – K.S.A. 2011 Supp. 22-4902(a)(15)
☐ Any <u>conviction of a person felony with court finding</u> on the record that such felony was committed with a **DEADLY WEAPON-** K.S.A. 2011 Supp. 22-4902(e)(2)
☐ An offense not otherwise required, as provided by the Kansas Offender Registration Act, K.S.A. 2011 Supp. 22-4902(a)(5)
☐ **Manufacture** or attempted manufacture of any <u>controlled substance</u> – K.S.A. 2011 Supp. 21-5703 [formerly K.S.A. 21-36a03]
☐ **Possession of precursors** with intent to manufacture any <u>controlled substance</u> – K.S.A. 2011 Supp. 21-5709(a), 21-5710(a)(1),(a)(2) [formerly K.S.A. 21-36a09(a), 21-36a10(a)(1), (a)(2)]
☐ **Cultivation, Distribution, Possession** with intent to distribute <u>opiates, opium or narcotic drugs or any stimulant</u> in K.S.A. 65-4107(d)(1), (d)(3), or (f)(1) – formerly K.S.A. 21-36a05(a)(1) **ONLY**

☐ Any of the following crimes when one of the parties is <u>less than 18 years of age</u>:
  ☐ Adultery - K.S.A. 2011 Supp. 21-5511
  ☐ Patronizing a Prostitute – K.S.A. 2011 Supp. 21-6421
  ☐ Lewd and Lascivious Behavior – K.S.A. 2011 Supp. 21-5513
☒ Any attempt, conspiracy or criminal solicitation of an offense defined in this section

**Offender must register for 25 YEARS after the date of parole, discharge or release, whichever date is most recent, or, if offender is not confined, 25 YEARS from the date of conviction due to conviction of any of the following crimes:**

☐ Indecent Solicitation of a Child – K.S.A. 2011 Supp. 21-5508
☐ Electronic Solicitation – K.S.A. 2011 Supp. 21-5509
☐ Agg. Incest – K.S.A. 2011 Supp. 21-5604(b)(1)
☐ Indecent Liberties With a Child – K.S.A. 2011 Supp. 21-5506(a)
☐ Unlawful Sexual Relations – K.S.A. 2011 Supp. 21-5512
☐ Agg. Sexual Battery – K.S.A. 2011 Supp. 21-5505(b)
☐ Sexual Exploitation of a Child – K.S.A. 2011 Supp. 21-5510, <u>if the victim is at least 14 years of age but less than 18 years of age</u>
☐ Promoting Prostitution – K.S.A. 2011 Supp. 21-6420, <u>if the prostitute is at least 14 years of age but less than 18 years of age</u>
☐ Criminal Sodomy - K.S.A. 2011 Supp. 21-5504(a) <u>when one of the parties involved is less than 18 years of age</u>
☐ Any attempt, conspiracy or criminal solicitation of an offense defined in this section

**Offender is subject to LIFETIME registration due to any of the following:**
☐ 2nd or Subsequent conviction of an offense requiring registration
☐ Conviction of any of the following crimes:
  ☐ Rape – K.S.A. 2011 Supp. 21-5503
  ☐ Agg. Kidnapping – K.S.A. 2011 Supp. 21-5408(b)
  ☐ Kidnapping – K.S.A. 2011 Supp. 21-5408(a)
  ☐ Agg. Criminal Sodomy – K.S.A. 2011 Supp. 21-5504(b)
  ☐ Criminal Sodomy – K.S.A. 2011 Supp. 21-5504(a)(3) or (a)(4)
  ☐ Agg. Indecent Liberties With a Child – K.S.A. 2011 Supp. 21-5506(b)
  ☐ Agg. Indecent Solicitation of a Child – K.S.A. 2011 Supp. 21-5508(b)
  ☐ Agg. Human Trafficking– K.S.A. 2011 Supp. 21-5426(b)
  ☐ Sexual Exploitation of a Child – K.S.A. 2011 Supp. 21-5510, <u>if the victim is less than 14 years of age</u>
  ☐ Promoting Prostitution – K.S.A. 2011 Supp. 21-6420, <u>if the prostitute is less than 14 years of age</u>
  ☐ Any attempt, conspiracy or criminal solicitation of an offense defined in this section

# KANSAS CRIMINAL HISTORY WORKSHEET

| 1. KBI # | 2. Case # | 6. KANSAS CRIMINAL HISTORY WORKSHEET | 7. OFFENDER NAME (Last, First, Middle) | |
|---|---|---|---|---|
| KS00495977 | 12CR1074 | | JOHNSON, Rheuben Clifford III | |
| 3. District # | 4. Court/ORI # | NEW ☒ | 8. DATE OF OFFENSE | 9. DATE OF CONVICTION |
| 10th | KS046015J | PRIOR RECORD ☐ | 5/1/2012 – 05/22/2012; 04/10/2012 – 05/22/2012 | 7/31/2013 |
| 5. PSI INVESTIGATOR NAME (L,F,M) | | | 10. DATE OF WORKSHEET | 11. DATE OF SENTENCING |
| DIJOSEPH, Sheila | | | 8/15/2013 | 9/20/2013 |

12. WAS THE OFFENDER UNDER SUPERVISION AT THE TIME HE/SHE COMMITTED THE CURRENT OFFENSE? ☒ NO ☐ YES
IF YES, INDICATE WHAT TYPE OF SUPERVISION (Check all that apply):

☐ Probation/Community  Jurisdiction: _____  Case No.: _____  Date Sentenced: _____
☐ Parole  Jurisdiction: _____  Case No.: _____  Date Sentenced: _____
☐ Postrelease Supervision  Jurisdiction: _____  Case No.: _____  Date Sentenced: _____
☐ Conditional Release  Jurisdiction: _____  Case No.: _____  Date Sentenced: _____
☐ Other: _____  Jurisdiction: _____  Case No.: _____  Date Sentenced: _____

Comments:

13. CURRENT CRIME(S) OF CONVICTION

| K.S.A. Number | Description | M/F | P/N | Level |
|---|---|---|---|---|
| 21-5303; 21-5402 | Solicitation to Commit Murder in the First Degree | F | P | 3 |
| 21-5303; 21-5402 | Solicitation to Commit Murder in the First Degree | F | P | 3 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

14. CRIMINAL HISTORY CONVICTIONS AND/OR ADJUDICATIONS PRIOR TO SENTENCING

| Juvenile | Adult | Total | Type |
|---|---|---|---|
| 1 | 0 | 1 | Person or Off-grid Felonies |
| 0 | 0 | 0 | Nonperson Felonies |
| 0 | 0 | 0 | Person Misdemeanors |
| 0 | 2 | 2 | Nonperson Misdemeanors |

15. Amended Criminal History Convictions and/or Adjudications

| Juvenile | Adult | Total | Type |
|---|---|---|---|
| 0 | 0 | 0 | Person or Off-grid Felonies |
| 0 | 0 | 0 | Nonperson Felonies |
| 0 | 0 | 0 | Person Misdemeanors |
| 0 | 2 | 2 | Nonperson Misdemeanors |

16. CRIMINAL HISTORY CATEGORY: **D**  Amended Score: **H**
Amended? **Yes**  ☐ 3 ☐ 6 ☐ 9 ☐ 12 (Check One)
                  ☐ 3 ☐ 6 ☐ 9 ☐ 12 (Check One)

17. Number of Person Misdemeanors converted: _____
Amended? ☐ Yes ☐ No  Misdemeanors _____

19. Number of Decayed Juvenile Adjudications: Felony **3**
Amended? ☒ Yes ☐ No  Felony **4**  Misdemeanors _____

18. PRIOR CONVICTION USED TO ENHANCE / ELEVATE OR IS AN ELEMENT OF THE CURRENT CRIME OF CONVICTION? ☐ Yes ☒ No

Supplemental Criminal History Worksheet - Prior Convictions     Page # 1

Offender's Name (L, F, M) **JOHNSON, Rheuben Clifford III**   Judicial District **10th**   County **JO**   Case # **12CR1074**

| Statute/Ordinance # | Description | Juris. Code | State | County | City | Conviction Date | Case # | Conviction Code | Amended Code | Source of Information |
|---|---|---|---|---|---|---|---|---|---|---|
| 1. 21-3701 | Theft | S | KS | Johnson | | 6/30/1980 | J-8541 | JFD | | CR |
| 2. 21-3715 | Burglary (Residential) | S | KS | Johnson | | 6/30/1980 | J-8541 | JFP | JFD | CR |
| 3. 21-3715 | Auto Burglary | S | KS | Johnson | | 11/21/1980 | J-8541 | JFD | | CR |
| 4. 21-3701 | Theft | S | KS | Johnson | | 11/21/1980 | J-8541 | JFD | | CR |
| 5. 21-3301; 21-3707 | Attempted VCL | S | KS | Johnson | | 9/27/1990 | K0062913 | AMU | | CR |
| 6. 8-0262 | DWS | S | KS | Johnson | | 12/1/1993 | 3TB12821 | AMU | | CR |
| 7. | DWS | M | KS | Johnson | Lenexa | 4/14/1994 | 392158 | AMU | | CR |
| 8. 40-3104 | No Insurance | S | KS | Johnson | | 10/19/1994 | 4TRD0308 | AMU | | CR |
| 9. | Theft | M | KS | Johnson | Lenexa | 12/30/1998 | 374104 | AMN | | CR |
| 10. 32-1005 | Commercialization of Wildlife | S | KS | Johnson | | 3/10/2005 | 04FG00026 | AMN | | CR |

CODES:

JURISDICTION:
F   Federal         S   State
L                   M   Municipal

STATE:   Use 2-letter abbreviation

CONVICTION AND AMENDED CODES:
ADULT:
AOG   Adult Off-Grid Felony                    AMS   Adult Class B Select Misdemeanor
AFN   Adult Felony Nonperson                   AMU   Adult Misdemeanor Unscored
AFP   Adult Felony Person                      AME   Adult Misdemeanor
AFE   Adult Felony                                   Enhancement/Element/Elevation
      Enhancement/Element/Elevation            AMP   Adult Misdemeanor Person
AMC   Adult Misdemeanor Conversion             AMN   Adult Misdemeanor Nonperson

SOURCE OF INFORMATION:   KBI            III
                         NCIC           CR - Court Records
                         Other jurisdiction - identify
                         Other - explain

JUVENILE:
JOG   Juvenile Off-Grid Felony            JMD   Juvenile Misdemeanor Decayed
JFD   Juvenile Felony Decayed             JMU   Juvenile Misdemeanor Unscored
JFE   Juvenile Felony                     JMN   Juvenile Misdemeanor Nonperson
      Enhancement/Element/Elevation       JMC   Juvenile Misdemeanor Conversion
JFP   Juvenile Felony Person              JMP   Juvenile Misdemeanor Person
JFN   Juvenile Felony Nonperson           JMS   Juvenile Misdemeanor Select

NIH   Not Included in Criminal History, by order of the Court, reasons state in Journal Entry.

Note: Unscored convictions/adjudications and decayed adjudications are not counted on page 1 of the worksheet.

Supplemental Criminal History Worksheet - Prior Convictions/Adjudications

Offender's Name (L, F, M) **JOHNSON, Rheuben Clifford III**    Judicial District **10th**   County **JO**   Case # **12CR1074**

| Statute/Ordinance # | Description | Juris. Code | State | County | City | Conviction Date | Case # | Conviction Code | Amended Code | Source of Information |
|---|---|---|---|---|---|---|---|---|---|---|
| Vol 2, Page 15 | No DL | M | MO | Jackson | Kansas City | 2/27/2009 | 832084870-A | AMU | | CR |
| 13. | | | | | | | | | | |
| 14. | | | | | | | | | | |
| 15. | | | | | | | | | | |
| 16. | | | | | | | | | | |
| 17. | | | | | | | | | | |
| 18. | | | | | | | | | | |
| 19. | | | | | | | | | | |
| 20. | | | | | | | | | | |
| 21. | | | | | | | | | | |
| 22. | | | | | | | | | | |
| 23. | | | | | | | | | | |
| 24. | | | | | | | | | | |
| 25. | | | | | | | | | | |
| 26. | | | | | | | | | | |
| 27. | | | | | | | | | | |
| 28. | | | | | | | | | | |
| 29. | | | | | | | | | | |
| 30. | | | | | | | | | | |

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

STATE OF KANSAS,
          Plaintiff,

VS.                               Case No. '12 CR 707.4

RHEUBEN CLIFFORD JOHNSON III,
          Defendant.

## AFFIDAVIT

Comes now the affiant, of lawful age, being first duly sworn upon oath, in support of a probable cause finding for the detention of the defendant or the issuance of an arrest warrant, states as follows:

1. On May 18, 2012, Ronald Nodwell reported to Olathe Police Det. Campbell that he had met a man a few weeks earlier through a mutual acquaintance. Nodwell does construction type work and was told the man might have some work for him.

2. Ronald Nodwell advised he met this man, who has since been identified as Rheuben Clifford Johnson III, at a restaurant in Olathe, Johnson County, Kansas. During the meeting, Rheuben Johnson told Nodwell that his ex-wife was the cause of all of his problems. He told Nodwell that his wife needs to disappear. After having lunch, Rheuben Johnson drove Nodwell by an apartment complex in Overland Park and indicated that was where his ex-wife lives. He described the car she drives, where she works and where she stops for coffee. Nodwell told Rheuben Johnson he would "look into it" but that he did not call Johnson back and that he had no intentions of assisting Johnson in killing his ex-wife.

3. Nodwell said Rheuben Johnson contacted him several times. Johnson asked Nodwell to come up with his price to do the crime. He told Nodwell to be careful and use private phone numbers so that Nodwell's phone would not be associated with Johnson.

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS
2012 MAY 24 AM 11:48

Nodwell asked how Johnson wanted his ex wife killed. Rheuben Johnson said he had several ideas, but thinks she could overdose on pills due to her use of prescription medications. Nodwell eventually decided to contact the police. Olathe Police Off. Lonnie Stites was introduced to Rheuben Johnson by Ronald Nodwell. Stites was posing, undercover, as a friend of Nodwell's who might be agreeable to killing Johnson's ex-wife for money.

4. Police investigators monitored and recorded a phone conversation between Nodwell and Johnson on May 21, 2012, arranging for a meeting with Stites. On the evening of May 21, 2012, Stites met Rheuben Johnson at a park in Olathe, Johnson County, Kansas. Nodwell introduced Stites to Rheuben as his "buddy." Rheuben Johnson showed Stites a video on his computer showing his son crying and saying he didn't want to leave home. Rheuben Johnson told Stites this was taken by him shortly before he had to drop his son off to meet his mother. Johnson suggested they basically use code language to discuss the topic. He suggested hauling off old vans or remodeling or fixing up a home. He indicated he would like for it to be "cleaned up" as soon as possible. Money was discussed. Rheuben Johnson suggested between $5,000 and $10,000. The two agreed to a subsequent meeting. Stites indicated he would want $3,000 in cash up front along with photos and a map. Johnson indicated he might have difficulty providing a photo. He also suggested that Missouri might be a better location than Kansas because they ask fewer questions there. They agreed to meet the following day at noon. It was clear to Stites that Rheuben Johnson was offering to pay him to kill Johnson's ex wife.

5. On the following day, May 22, 2012, Lonnie Stites had several additional phone conversations with Rheuben Johnson. They eventually agreed to meet in the parking lot of a

Walmart on the Missouri side of State Line Road near 135th Street. When the two met, Rheuben Johnson gave Stites $3,000 in cash. He gave Stites a picture of himself and a women who he indicated was his ex wife "Annie" and their young son. He also provided a couple of hand drawn maps showing where she lived. He indicated he had driven by there today and confirmed her car was parked at a certain building. There were also some written notes about when she would be in court the following day, times and location of where she picked up their son. There was some discussion about how Rheuben Johnson would get the remaining $7,000 to Stites. At the end of the meeting, Stites drove back to Olathe. Rheuben Johnson was stopped by police officers as he drove into Kansas and arrested. Rheuben Johnson's ex-wife and the woman who was in the picture provided to Off. Stites is Annie Louise Johnson.

6. The above information was provided from the reports of the Olathe Police Department.

_____
Affiant

Subscribed and sworn to before me by affiant, Todd Milberger, on this 24th day of May, 2012.

_____
Notary Public

DOROTHY R. HORN
Notary Public - State of Kansas
My Appt. Expires 9-7-12

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CRIMINAL DEPARTMENT

STATE OF KANSAS

Vs.

Case No: **12CR1074**

**JOHNSON, Rheuben Clifford III**

## ORDER OF RESTITUTION

On **9/20/2013**, IT IS ORDERED that the above named defendant pay restitution in the total amount of **$5,730.00** through the office of the District Court the persons/entities, and in the amounts and manner, stated below.

Restitution shall be paid to the following victims:

1) Anne Johnson
   (Confidential)

   Amount Due:    $5,730.00

The Court is advised there are co-defendants in this matter.
They are:

   None Discovered

The Court advises the defendant that he/she shall be jointly and severally liable for the full amount of restitution. The Court further advises the defendant that his/her obligation shall be reduced as a result of restitution paid by co-defendants to any, and all, of the above-listed victims.

COMPANION DIVERSION CASES:

_____
Judge of the District Court