```
1    IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
2                 CRIMINAL COURT DEPARTMENT
3    STATE OF KANSAS,
4           Plaintiff,              Case No. 12CR1074
5    vs.                            Division No. 1
6    RHEUBEN JOHNSON,
7           Defendant.
```

## TRANSCRIPT OF PROCEEDINGS

## MOTION FOR CONTINUANCE OF PRELIM/BOND REDUCTION

BE IT REMEMBERED that on the 1st day of August, 2012, the above-entitled matter comes on for hearing before the HONORABLE PETER V. RUDDICK, Judge of Court No. 1 of the Tenth Judicial District, State of Kansas, at Olathe, Kansas.

APPEARANCES:

    State of Kansas:

        **MS. HEATHER JONES**
        **MR. KEITH HENDERSON**
        Assistant District Attorneys
        Johnson County Courthouse
        Olathe, KS 66061

    For the Defendant:

        **MR. JOSEPH L. DIOSZEGHY**
        130 N. Cherry, Ste. 103
        Olathe, KS 66061

```
 1                    P R O C E E D I N G S
 2              THE COURT:  12CR1074, State of Kansas vs.
 3    Rheuben Johnson.
 4              MS. JONES:  May it please the Court, the
 5    State appears by Heather Jones and Keith Henderson.
 6              MR. DIOSZEGHY:  May it please the Court,
 7    Mr. Johnson appears in custody by and through Joseph L.
 8    Dioszeghy, his attorney.
 9              THE COURT:  I think we are here just to
10    take up the State's motion to continue the preliminary
11    hearing which is now set for next week; is that right?
12              MS. JONES:  That is correct, Your Honor.
13    The State filed a Motion for Continuance.  Our main
14    witness in the case, Sergeant Detective Lonnie Stites, is
15    unavailable on the 9th, so we are needing to continue the
16    case.  We had contacted the Court -- this was some time
17    ago now -- and had gotten some proposed dates or proposed
18    date just six days later on the 15th, but Mr. Dioszeghy
19    objected to the continuance and so we are before Your
20    Honor now.
21              THE COURT:  Mr. Dioszeghy?
22              MR. DIOSZEGHY:  Your Honor, normally I
23    would not object to a continuance, but I am objecting to
24    a continuance of this matter because my client continues
25    to languish in jail on an incredibly high bond.  Your
```

```
 1    Honor was good enough to really give us a major reduction
 2    last time, but still he is sitting there on $350,000 bond
 3    with a Level 3 case.  And I just can't seem to get any
 4    movement on any kind of an agreement reducing that bond.
 5    If we could get the bond down where he can make the bond,
 6    get back out to work, you know, you can put whatever kind
 7    of restriction on him you feel is needed.
 8              I understand that this is an allegation
 9    that caused everyone a lot of fear.  But I am also --
10    having had the opportunity to get some of the discovery,
11    not all of it -- we're still waiting for a tape.  And I
12    don't want to argue the case today, but I feel confident
13    that after you hear the evidence at the preliminary
14    hearing, you are going to be more inclined to reduce the
15    bond.  And he has got a business that is really about to
16    go out of business.  His 70-year-old mother is trying to
17    keep it afloat and that kind of thing.
18              So I have got to voice an objection,
19    Judge.  I wouldn't have a problem if we could get the
20    bond down to something that is more in line.  If you
21    compare this Level 3 to other Level 3's here, just here
22    in Johnson County, I mean, I don't think you are going to
23    find anyone else with a $350,000 bond on a Level 3
24    felony.
25              So I guess that is my position.  If we can
```

1   get a bond reduction, say, down to 50 to even $100,000, I
2   guess, something that is more in line with the level of
3   felony, then I wouldn't object to putting this over.  But
4   as long as he languishes in jail, I have got to object.
5                   THE COURT:  How long did we have set for
6   the preliminary hearing?  How long a hearing?
7                   ADMINISTRATIVE ASSISTANT:  From 2:30 on,
8   rest of the day.
9                   THE COURT:  Two and a half-hours.  Does
10  that still sound about right?
11                  MS. JONES:  Probably, Your Honor.  Might
12  be a little bit less than that.
13                  MR. DIOSZEGHY:  Judge, I'm sorry.  On the
14  15th I do have four hearings, and one of them ironically
15  is a hearing for Mr. Johnson in his domestic case
16  regarding child support and other matters that are
17  causing him horrendous financial difficulty.
18                  THE COURT:  Any interest in bifurcating
19  and taking everything except Sergeant Stites?
20                  MS. JONES:  Judge, that is certainly an
21  option.  It would be the State's preference to do it all
22  at one time, but that is certainly an option that we can
23  look at.  I can't remember if I -- we did talk about
24  that.  I had thought about that.  Obviously it is an
25  option.  It would be the State's preference to do it all

```
 1   at once.  If the Court is inclined to do so, we can
 2   proceed in that fashion.
 3                   THE COURT:  I am just trying to get it
 4   done as soon as possible. When do we have two and a half
 5   hours?
 6                   ADMINISTRATIVE ASSISTANT:  I could move
 7   some things on August 17th and start at two.  The only --
 8   we have an hour and a half on the 14th, but that isn't
 9   going to help you.  The week of the 20th -- well,
10   Mr. Walker on the afternoon of August the 22nd would also
11   be a possibility.
12                   MS. JONES:  That works for the State.
13   Joe, August 22nd at 1:30?
14                   MR. DIOSZEGHY:  That works for me.
15                   THE COURT:  All right.  We won't bifurcate
16   it, then.  We will set it over.  That is not that long a
17   continuance.  August 22nd at 1:30.
18                   Does the State want to address the bond
19   motion?
20                   MS. JONES:  Judge, this bond was
21   originally set at $1 million and was reduced by the Court
22   to $350,000.  I don't think that there has been anything
23   that really has changed other than a continuance -- a
24   very short continuance -- of a preliminary hearing, so I
25   don't see how anything else has really changed to make a
```

*Clerk of the District Court, Johnson County Kansas*
*01/03/14  09:44am SH*

Abby J. Ryan, RPR, CSR

Vol 6, Page 5

1  lower bond appropriate.

2  I do think that based off of the severity
3  of this charge, the allegations that we know them to be
4  and the defendant's resources, that the bond set at
5  $350,000 is appropriate. We are opposed to any further
6  reductions.

7  MR. DIOSZEGHY: One thing that I have been
8  hearing about is the defendant's resources. The
9  defendant is down to no resources. Okay. His family has
10  been good enough to pay my fee. Mr. Johnson -- but
11  they're done. In other words, you know, his father
12  couldn't have been more clear, and the rest of his family
13  has done everything they can do. He has no resources.
14  He has got an old farm and a bunch of stuff on it. He
15  has got a bee exterminating business that may or may not
16  exist anymore. That is it.

17  So I know everyone thinks he has got tons
18  of money and that he is going to go out and hire somebody
19  to try to hurt his wife, but nothing could be further
20  from the truth. Ex-wife.

21  THE COURT: Well, you know, I'm not in a
22  position to judge the probable cause issues here. Based
23  on the charge and what the State has alleged in their
24  charging affidavit, the motion to modify bond here is
25  denied. Thank you.

1     MR. DIOSZEGHY:  Thank you.
2     (THEREUPON, the proceedings were
3     adjourned.)
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Abby J. Ryan, RPR, CSR

*Clerk of the District Court, Johnson County Kansas*
*01/03/14  09:44am SH*

Vol 6, Page 7

```
 1                C E R T I F I C A T E
 2      STATE OF KANSAS    )
 3      JOHNSON COUNTY     )    ss
 4          I, Abby J. Ryan, a Certified Shorthand Reporter and
 5      the regularly appointed, qualified and acting Official
 6      Court Reporter of Court Division 10 of the Tenth Judicial
 7      District of the State of Kansas, do hereby certify that
 8      as such Official Court Reporter, I was present at and
 9      reported in machine shorthand, the above and foregoing
10      proceedings.
11          I further certify that a transcript of my shorthand
12      notes was typed and that the foregoing transcript is a
13      true and correct copy of my notes in said proceedings to
14      the best of my ability.
15          SIGNED, OFFICIALLY SEALED, AND FILED WITH THE CLERK
16      OF THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS.
17
18
19      _____
20              Abby J. Ryan, RPR, CSR
                OFFICIAL COURT REPORTER
21              DIVISION NO. 10
22
23
24
25
```

                    Abby J. Ryan, RPR, CSR