```
         IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
                      CRIMINAL DEPARTMENT
```

**STATE OF KANSAS**,

      Plaintiff,

vs.                            Case No.: 12CR1074
                                Appellate Case No.: 11837A

**RHEUBEN JOHNSON**,

      Defendant.


### TRANSCRIPT OF PROCEEDINGS
#### (Motion Hearing)


      The above-captioned matter came on for a motions hearing before the HONORABLE BRENDA M. CAMERON, Judge of the Tenth Judicial District of Kansas, Division 13, at Olathe, Kansas, on the 18th day of April, 2013.

**APPEARANCES**:

FOR THE STATE:               Ms. Heather Jones
                                    100 North Kansas Avenue
                                    Olathe, Kansas 66061

FOR THE DEFENDANT:          Mr. Scott Toth
                                    105 East Park Street
                                    Olathe, Kansas 66061


          REPORTED BY GLORIA J. O'MALLEY, CSR, CCR

```
 1    * * * * * * * * P R O C E E D I N G S * * * * * * * *
 2                    THE COURT:  The State of Kansas versus
 3    Rheuben Clifford Johnson, III, 12CR1074.
 4                    MS. JONES:  May it please the Court, the
 5    State appears by Heather Jones.
 6                    MR. TOTH:  May it please the Court, Rheuben
 7    Johnson appears in person with his attorney Scott Toth.
 8                    THE COURT:  We're set today for motions.
 9    We had continued this for a possible motion.  I do have a
10    motion to endorse a witness which was filed by State.  Do you
11    have a copy of that?
12                    MR. TOTH:  I have the records.
13                    THE COURT:  The motion to endorse is
14    granted.  I didn't receive any other motions.
15                    MR. TOTH:  That's correct, Your Honor, and
16    I indicated to Ms. Jones that I wouldn't be filing any
17    motions.  I have just made that determination a couple weeks
18    ago after looking at a whole bunch of legal issues that I
19    thought might be helpful.
20        Our primary legal issues have already been heard previous
21    to this when Mr. Dioszeghy filed some pretrial motions for Mr.
22    Johnson.  The only thing I would like to address very briefly
23    is Mr. Johnson's bond.
24                    THE COURT:  We're set for jury trial, and
25    everybody is ready for a jury trial June 3rd and pretrial
```

```
 1  conference, May 31st; correct?
 2              MR. TOTH:  Yes.
 3              THE COURT:  Go ahead.
 4              MR. TOTH:  I think this Court is somewhat
 5  familiar with Mr. Johnson's case.  It started off with Judge
 6  Ruddick, but I believe you heard one prior motion, bond motion
 7  on this, and I understand that the Court gave a lot of thought
 8  and consideration to denying the bond request last time.
 9      Since that time Mr. Johnson has been in jail for a much
10  more substantial period of time.  Obviously, we do have a
11  trial date set.
12      My concern is I would like to have him out to help assist
13  me in his defense.  This is a very interesting case, and it's
14  one that, quite frankly, there's a couple different physical
15  locations that are very important, and I need Mr. Johnson to
16  kind walk me through issues regarding the physical locale and
17  things of that sort.
18      He was revoked, as you know, because he was on house
19  arrest GPS monitoring, and he was about a block and a half out
20  of the contact zone that he was supposed to be in.
21      I think the record should probably reflect that he was
22  actually at church with his girlfriend at the time that he had
23  gone AWOL.  I had spent a considerable amount of time with Mr.
24  Johnson talking to him about that mistake.  He very clearly
25  understands that he, although were best of intentions, he
```

1  screwed up, but he didn't have any sort of malice in mind at
2  all.  He vows to maintain the no contact with his ex-wife.  If
3  he goes on GPS monitoring again, they can find his exact
4  location, and that shouldn't be an issue.
5      So what I'm respectfully asking that the Court reimpose
6  the original bond conditions on the case, the original bond
7  amount with the condition of house arrest, and house arrest
8  with GPS monitoring, and he be at liberty to assist me in
9  preparation for trial.
10     There are also medical issues, and he has hearing issues
11 that, frankly, I'd like to get checked out that I don't think
12 they can do at the jail that might be beneficial for me so
13 that he can adequately hear what's going on during this trial.
14              THE COURT:  Thank you, Mr. Toth.  Ms.
15 Jones?
16              MS. JONES:  Your Honor, the State would be
17 opposed to any bond modification in this case.  The defendant
18 originally had his bond set, and then it was reduced, and then
19 if I remember, reduced again.
20     He posted bond and violated one of the conditions of his
21 bond, a bond that was set out by the Court.  I don't think
22 anything has significantly changed.  I understand that Mr.
23 Toth has to present a defense that is charged and is zealously
24 representing that case for his client, but I think Mr. Johnson
25 can explain location and specifics about this case from the

1  jail as many defendants do.  I don't think that rises to the
2  level of a compelling enough reason to modify his bond.
3  Especially in light of the fact that he has violated
4  conditions of his bond before.
5                    THE COURT:  I've heard the defendant's
6  motion to modify several times and have denied it.  There was
7  a violation when he was out.  I was concerned about him being
8  out because in the first place he violated that, and I'm
9  concerned about community safety, safety to the victim, the
10 fact that he did violate bond conditions.  For Mr. Toth's
11 sake, I would like to grant it, Mr. Toth, but I'm concerned
12 about safety in the community, and, therefore, it is denied.
13 Anything further?
14                    MR. TOTH:  No, Your Honor.
15                    MS. JONES:  Not by the State.
16             * * * * * * * * * * * * *

**C E R T I F I C A T E**

STATE OF KANSAS )
JOHNSON COUNTY )

      I, Gloria J. O'Malley, a certified shorthand reporter, and the regularly appointed, qualified, and Acting Official Reporter of Division No. 13 of the Tenth Judicial District of the State of Kansas, do hereby certify that as such Official Reporter, I was present at and reported in machine shorthand the above and foregoing proceedings.

      I further certify that a transcript of my shorthand notes was typed, and that the foregoing transcript is a true and correct transcript of my notes in said case to the best of my knowledge and ability,

      SIGNED, OFFICIALLY SEALED, AND FILED WITH THE CLERK OF THE DISTRICT COURT OF JOHNSON COUNTY KANSAS, this _____ day of _____, 2014.

      _____
      Gloria J. O'Malley, CSR No. 1383

6
OFFICIAL TRANSCRIPT

Vol 7, Page 6

```
                    C E R T I F I C A T E
```

STATE OF KANSAS  )
JOHNSON COUNTY   )

       I, Gloria J. O'Malley, a certified shorthand reporter, and the regularly appointed, qualified, and Acting Official Reporter of Division No. 13 of the Tenth Judicial District of the State of Kansas, do hereby certify that as such Official Reporter, I was present at and reported in machine shorthand the above and foregoing proceedings.

       I further certify that a transcript of my shorthand notes was typed, and that the foregoing transcript is a true and correct transcript of my notes in said case to the best of my knowledge and ability,

       SIGNED, OFFICIALLY SEALED, AND FILED WITH THE CLERK OF THE DISTRICT COURT OF JOHNSON COUNTY KANSAS.

*Gloria J. O'Malley*

Gloria J. O'Malley, CSR No. 1383

[Seal: GLORIA J. O'MALLEY, STATE OF KANSAS, CERTIFIED SHORTHAND REPORTER]