```
 1         IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
                        CRIMINAL DEPARTMENT
 2

 3

 4  STATE OF KANSAS,

 5         Plaintiff,

 6  vs.                         Case No.: 12CR1074
                                Appellate Case No.: 11837A
 7

 8  RHEUBEN JOHNSON,

 9         Defendant.

10

11
                      TRANSCRIPT OF PROCEEDINGS
12                         (Motion Hearing)

13

14        The above-captioned matter came on for a motions

15  hearing before the HONORABLE BRENDA M. CAMERON, Judge of the

16  Tenth Judicial District of Kansas, Division 13, at Olathe,

17  Kansas, on the 8th day of July, 2013.

18

19  APPEARANCES:

20  FOR THE STATE:              Mr. Keith Henderson &
                                Mr. Will Hurst
21                              100 North Kansas Avenue
                                Olathe, Kansas 66061
22
    FOR THE DEFENDANT:          Mr. Scott Toth
23                              105 East Park Street
24                              Olathe, Kansas 66061

25        REPORTED BY GLORIA J. O'MALLEY, CSR, CCR
```

```
 1         * * * * * * * * P R O C E E D I N G S * * * * * * * *
 2                     THE COURT:  The State of Kansas versus
 3    Rheuben Clifford Johnson, III, 12CR1074.
 4                     MR. HENDERSON:  May it please the Court,
 5    Your Honor, the State appears by Keith Henderson and Will
 6    Hurst.
 7                     MR. TOTH:  May it please the Court, Rheuben
 8    Johnson appears with his attorney Scott Toth.
 9                     THE COURT:  We are set today for motions I
10    have motion to endorse that was filed June 20th, and then I
11    have a motion in limine was filed July 5th.
12         Regarding the motion to endorse, Mr. Toth, any objection
13    to that?
14                     MR. TOTH:  No, Your Honor.
15                     THE COURT:  That motion is granted.  Have
16    you had an opportunity to review the motion in limine?
17                     MR. TOTH:  I did.  I got Mr. Henderson's
18    e-mail on Friday and looked at it, and we waive any motion.
19                     THE COURT:  Very good.  Mr. Henderson, any
20    comment or argument you have on your motion?
21                     MR. HENDERSON:  Judge, I think I put it all
22    in my brief.  If the Court has issues, I'll be happy to
23    address them, but those are my arguments.
24                     THE COURT:  Okay.
25                     MR. HENDERSON:  There's also a motion by
```

```
 1   the State to admit evidence which Mr. Hurst filed, which we
 2   can address when the Court wants to take it up.
 3                  THE COURT:  Maybe I missed that.  Was that
 4   also filed Friday?
 5                  MR. HENDERSON:  Yes, it was Judge.
 6                  THE COURT:  Okay.  Mr. Toth, regarding Mr.
 7   Henderson's motion in limine, any comments you have about
 8   that?
 9                  MR. TOTH:  Your Honor, just briefly.
10   Obviously, I haven't briefed it because it was filed late on
11   Friday, but my first impression of this motion is that it's
12   almost like, I guess, I'm asking the Court to utilize a
13   hearsay-type analysis when talking about this.
14      Obviously, Mr. Johnson has some ideas or impressions
15   about his ex-wife that he's conveyed to other people, and is
16   our defense, quite frankly, is going to be that he was not
17   soliciting Detective Stites to kill his wife, but, in fact, he
18   was trying to hire Detective Stites to do a private
19   investigation and to do some salvage work on his property.
20      As it relates to the private investigation matters, it's
21   not really important whether or not Mr. Johnson's ex-wife was
22   involved in drug activity or gothic activity, or really what
23   type of character component she has as a person, but really
24   how it is Mr. Johnson felt about it at that time.  So it's
25   almost like you're offering hearsay but not for the truth of
```

1 the matter.
2     In this particular case, that's what I would suggest is
3 taking place.  We don't care, and it's not essential to our
4 case whether or not she was involved in bad behavior.  What is
5 important though is that Mr. Johnson believed that she was
6 involved in bad behavior, and, therefore, he would have the
7 motive to have her investigated because he was going through a
8 contentious custody dispute with his ex-wife.
9     So actually I think both of these motions kind of almost
10 overlap.  So it is important in his conversations with
11 Detective Stites, that he talks about this, and he talks about
12 how he has concerns about how she may be, you know, being a
13 bad parent to his son, Rheuben, IV, so it is important.
14     I understand it may be somewhat prejudicial to the State,
15 but it's very prejudicial to Mr. Johnson not to be able to
16 present a true defense that he has in this case, and I've laid
17 that out as to what that is.
18             MR. HENDERSON:  Judge, just briefly.  I
19 agree with Mr. Toth that that's their defense.  They should be
20 allowed to get into the fact that Mr. Johnson believed that
21 she was involved in some sort of bad behavior.  I don't think
22 it covers specifics of what she was alleged to be involved in.
23 I believe they can say that Mr. Johnson believed her to be
24 investigated, and that she was involved in some sort of bad
25 behavior, but not let them get into the details.

1       THE COURT: The defendant will be allowed
2  his defense certainly, and will be allowed to put on evidence
3  and argue that he had hired this witness to investigate her
4  rather than to murder her, and will be allowed to indicate
5  that he was wanting her investigated because of this custody
6  dispute. You also will be allowed play the audio recording.
7       Specific instances of misconduct, however, regarding her
8  bad conduct, apparently, that isn't the defense that she was
9  those things, but that he was having her investigated. So any
10 comment or attack on her character will not be allowed, and I
11 think that relates to the statements to Stites on May 22nd,
12 2012.
13      The matter regarding the investigation by the Orian
14 Group, apparently the defense wishes to put on evidence that
15 he hired this group to investigate Mrs. Johnson, and that will
16 be allowed that he was having her investigated because he
17 thought she may be a bad parent, and he needed to investigate
18 this with a custody dispute. But, again, any specific
19 instances of allegations that have no basis will not be
20 allowed. Allegations of sexual abuse will not be allowed.
21 Apparently, they were not substantiated. And, again, he can
22 assert or argue that he was having her investigated because it
23 appeared she was a bad parent and engaging in dangerous
24 activities, but those specific instances will not be allowed.
25      Regarding the State's motion to admit evidence that was

first filed. Mr. Hurst, do you have any comment?

MR. HURST: Judge, I would rest on the motion being filed, and if the Court has any questions, I would certainly answer those.

We seek admission of the fact that's there was a open pending divorce, and the fact that there had been a child custody, a dispute that was pending and was upsetting to the defendant in the weeks and months leading up to this incident. And the only thing I would add, Judge, is the last thing we want to get into is the reason why any modification of child custody was made. This is not a divorce case. I don't think we want to get into that. We just want to get into the fact that those changes had been made, and that the defendant was very upset about that.

THE COURT: Mr. Toth, any comments?

MR. TOTH: No, Your Honor, I guess we don't really have any objection to that motion. It does seem relevant to the issues.

THE COURT: Very good.

MR. HENDERSON: Judge, on my motion one point in clarification.

On your ruling regarding Stites, the defendant's conversation with Sergeant Stites on the 22nd, and the portion that I cited asking to be redacted, my understand of the Court's ruling is that I should not redact that, but I did

```
 1  want to clarify because there was one sentence in there that
 2  troubles me.
 3                  THE COURT:  Let me get to that portion
 4  again.
 5                  MR. HENDERSON:  It's page --
 6                  THE COURT:  It' right before the Orian
 7  Group; is that right?
 8                  MR. HENDERSON:  Yes, Judge.  I didn't
 9  number my pages.  It looked like page two on the copy that Mr.
10  Toth has.
11                  THE COURT:  I see that.  Mr. Toth, any
12  objection to that?
13                  MR. TOTH:  Is the State wanting to redact
14  the statement that my client made that "she definitely
15  physically abused our son."  Is that what?
16                  MR. HENDERSON:  That, and it goes on to say
17  "I've got Olathe police reports, alleged sexual abuse."  To me
18  that goes to a specific instance of conduct that the Court
19  indicated were sexual abuse allegations that was not going to
20  be allowed.
21     I think the rest of the paragraph, although my motion
22  asked to have it be redacted because those two lines I find
23  particularly troubling.
24                  MR. TOTH:  And, again, we would object to
25  that given on the reasons set forth previously in my argument.
```

```
 1                    THE COURT:  Those two lines will be
 2   redacted.
 3                    MR. HENDERSON:  Thank you.
 4                    THE COURT:  Okay.  Sorry, I wasn't clear
 5   about that.  Was there anything further?
 6                    MR. HENDERSON:  Not from the State, Judge.
 7                    THE COURT:  Okay.  We are set for jury
 8   trial July 29th with pretrial conference July 26th at nine.
 9   Is everyone going to be ready for trial?
10                    MR. HENDERSON:  The State will be ready.
11                    THE COURT:  And we'll have no further
12   motions.
13                    MR. HENDERSON:  I don't anticipate any.
14                    MR. TOTH:  I don't have any.
15                    THE COURT:  Okay.  We'll see you then.
16                 * * * * * * * * * * * * * *
17
18
19
20
21
22
23
24
25
```

# CERTIFICATE

STATE OF KANSAS    )
JOHNSON COUNTY     )

       I, Gloria J. O'Malley, a certified shorthand reporter, and the regularly appointed, qualified, and Acting Official Reporter of Division No. 13 of the Tenth Judicial District of the State of Kansas, do hereby certify that as such Official Reporter, I was present at and reported in machine shorthand the above and foregoing proceedings.

       I further certify that a transcript of my shorthand notes was typed, and that the foregoing transcript is a true and correct transcript of my notes in said case to the best of my knowledge and ability,

       SIGNED, OFFICIALLY SEALED, AND FILED WITH THE CLERK OF THE DISTRICT COURT OF JOHNSON COUNTY KANSAS.

*Gloria J. O'Malley*

Gloria J. O'Malley, CSR No. 1383

[SEAL: GLORIA J. O'MALLEY, STATE OF KANSAS, CERTIFIED SHORTHAND REPORTER]