**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RHEUBEN CLIFFORD JOHNSON,**

                              Petitioner,

            v.                                         CASE NO. 19-3076-SAC

**DAN SCHNURR, Warden,**

                              Respondent.

**MEMORANDUM AND ORDER**

    This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se and challenges his 2013 state-court convictions of two counts of solicitation of murder.

    On July 31, 2013, petitioner was convicted in the District Court of Johnson County, Kansas, of two counts of solicitation to commit murder. On October 28, 2013, he was sentenced to a controlling prison term of 132 months. On October 13, 2017, the Kansas Court of Appeals (KCOA) affirmed the convictions. *State v. Johnson*, 404 P.3d 362 (Table), 2017 WL 110837 (Kan. Ct. App. 2017)(unpublished opinion). On August 31, 2018, the Kansas Supreme Court (KSC) denied review. Petitioner obtained an extension of time from the United States Supreme Court to file a petition for writ of certiorari, which he did on February 15, 2019. The Court rejected the petition on March 18, 2019.

    On April 29, 2019, petitioner filed a petition for habeas corpus under 28 U.S.C. § 2254. He filed supplements to his petition on October 16, 2019, and on November 6, 2019. In total, petitioner asserts nine grounds for relief. Highly summarized, they are: (1) double jeopardy violations; (2) K.S.A. 21-5303 is

unconstitutionally vague and/or overbroad; (3) his convictions violate his First Amendment right to freedom of speech; (4) improper jury instructions; (5) violations of his Fourth, Fifth, and Sixth Amendment rights when the State used illegally obtained evidence against him at trial; (6) there was insufficient evidence to convict him; (7) he was convicted of a "non-existent crime" in violation of the Sixth Amendment; (8) the KCOA violated his due process rights; and (9) cumulative error.

On December 27, 2019, petitioner filed a motion in Johnson County District Court for postconviction relief under K.S.A. 60-1507, asserting 60 grounds for relief. On October 7, 2021, respondent filed a motion in this court to dismiss this federal habeas matter, arguing that the ongoing 60-1507 proceedings "challenge[d] the very same convictions [petitioner] challenges in his federal habeas petition." (Doc. 48.) Petitioner filed a response in opposition to the motion. (Doc. 49.)

On October 25, 2021, this court issued an order noting petitioner's argument that the claims in the pending 60-1507 are not the same as those presented in his federal petition. (Doc. 52.) The court denied the motion to dismiss and directed petition to either dismiss his pending 60-1507 action or move to stay it, to allow respondent to have access to the state court records. Petitioner then informed the court that he had moved to stay the 60-1507 proceedings[1] and, on November 19, 2021, the court directed respondent to file an answer and return in this matter.

Respondent filed the answer and return on December 20, 2021,

---

[1] The online records of the Johnson County District Court reflect that petitioner filed in his 60-1507 case an "urgent motion request[ing] stay of 60-1507," but the records do not reflect that the motion was ruled on.

and filed the state court records the following day. Petitioner filed his traverse on April 21, 2022. Upon review of the record in its entirety, including the state-court records from petitioner's 60-1507 proceedings, the court concludes that the interests of comity, federalism, and exhaustion require it to dismiss this matter without prejudice.

"The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (internal citations and quotation marks omitted). Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." Petitioner has pointed out to this court that he is not required to pursue relief under K.S.A. 60-1507. While this is accurate, the fact remains that he has chosen to do so and, by that choice, has initiated state court proceedings that attack the convictions at issue in this federal habeas action. In other words, he has placed the issues in his 60-1507 motion before the state courts once again.

Petitioner's argument that the 60-1507 action "is not really challenging his convictions—at least not in the manner that the 2254 rules require to exhaust all Grounds" is unpersuasive. K.S.A. 60-1507 proceedings largely serve the same purpose in Kansas courts that 28 U.S.C. § 2254 petitions serve in federal courts: they provide an avenue for a state prisoner to collaterally attack his or her convictions and sentences.[2] Moreover, petitioner's current

---

[2] Compare K.S.A. 60-1507(a) "A prisoner in custody under sentence . . . the right

60-1507 proceedings attack the convictions and sentences at issue in this federal habeas action and seek the same remedy—the reversal of petitioner's convictions and sentences for solicitation of murder.

Petitioner has also pointed out that the issues in the state proceeding are different than those in the present federal habeas matter because the 60-1507 action alleges ineffective assistance of counsel. On its fact, Petitioner's argument is appealing. For example, Ground 3 of the federal habeas petition is "Johnson's convictions violate his First Amendment freedom of speech right." (Doc. 1, p. 10.) In the 60-1507 motion, Ground 30 is "Counsel was ineffective: failed to investigate and argue that Johnson's speech within his charges is protected by the *First Amendment*, and [] failed to request the courts to make such determination." (Doc. 57-1, p. 5.) These arguments allege different constitutional violations. The federal habeas argument focuses on the First Amendment, while the state 60-1507 argument focuses on the Sixth Amendment right to effective assistance of counsel.

Considering the substance of the arguments, however, reveals that petitioner argues in both actions that his speech was protected by the First Amendment. (Doc. 1, 10-16; Doc. 57-1, p. 31-32.) This is because if petitioner's speech was *not* protected, his argument in the 60-1507 action that counsel was ineffective for failing to argue that it *was* protected necessarily fails. In other words, if

---

to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas . . . may . . . move the court which imposed the sentence to vacate, set aside or correct the sentence."), with 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

a constitutional right was not violated, counsel cannot be ineffective for failing to argue that the same constitutional right was violated. *See Allen v. State*, 2019 WL 2147876, *7-8 (Kan. Ct. App. 2019) (finding argument of ineffective assistance of counsel based on violation of right to jury trial was "wholly without support" because the "foundational assertion that [the defendant] did not make an informed and voluntary waiver in open court" was "convincingly disproved by the record"). Thus, both the state and federal actions have the potential to resolve the same issue and perhaps reach conflicting conclusions.

"[T]he interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). Returning to the free speech example, the state court must have the first opportunity to determine whether petitioner's speech was protected. Had petitioner not pursued a K.S.A. 60-1507 action, this court would look to the state court's decision in petitioner's direct appeal to determine whether that issue was presented and decided. By pursuing the 60-1507 action, however, petitioner has once again placed the issue before the Kansas state courts. Thus, the interests of comity and federalism support the decision to allow the state 60-1507 proceedings to conclude before this court considers a petition under § 2254.

A review of the state court records in the state 60-1507 proceeding (Doc. 57) show that many of the other grounds for relief asserted in this federal habeas matter are, at least indirectly, at issue in the ongoing proceedings. This court generally will not

decide issues, even federal constitutional issues, which are pending resolution in the state courts. *See Younger v. Harris*, 401 U.S. 37 (1971). "The states' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Because petitioner is currently pursuing an avenue for relief from his state convictions and sentences in state court through proceedings brought under K.S.A. 60-1507, and because the issues in the state proceedings would be directly affected by resolution of the current federal habeas action, this court will decline to conduct habeas review of those convictions at this time.

Finally, the court notes its dismissal of this action without prejudice will not foreclose petitioner from refiling a federal habeas action after the conclusion of his 60-1507 proceedings. Federal habeas actions brought under 28 U.S.C. § 2254 are subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that "direct review" concludes when the availability of direct appeal to the

state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The limitation period begins to run the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011).

Direct review of petitioner's convictions concluded on March 18, 2019, when the United States Supreme Court denied his petition for writ of certiorari. Thus, the one-year federal habeas limitation period began to run the following day. It ran until December 27, 2019, when petitioner filed his 60-1507 motion in state district court. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). At that point, approximately 282 days of the year had elapsed, leaving approximately 83 days remaining. When petitioner's 60-1507 proceedings conclude[3], he will have approximately 83 days in which to file a new § 2254 petition. Given the extensive briefing petitioner has already prepared and filed in this case, it appears well within his ability to meet that timeline.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

When the district court denies a habeas petition on

---

[3] The court points out to petitioner that a petition for writ of certiorari asking the United States Supreme Court to review a state-court decision in a postconviction proceeding such as those under K.S.A. 60-1507 does not toll the 1-year federal habeas limitation period. *See Lawrence v. Florida*,549 U.S. 327, 332 (2007). Thus, the approximately 83 days will begin to run "when the state courts have finally resolved [the] application for state postconviction relief." *Id.*

> procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

IT IS, THEREFORE, BY THE COURT ORDERED that this matter be **dismissed without prejudice** to refiling after petitioner's pending proceedings in state court are concluded. No certificate of appealability will issue.

**IT IS SO ORDERED**.

DATED:  This 24th day of May, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge