IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RHEUBEN CLIFFORD JOHNSON,

            Petitioner,

v.                                         CASE NO. 19-3076-JWL

DAN SCHNURR,

            Respondent.

**MEMORANDUM AND ORDER**

On April 29, 2019, Petitioner Rheuben Clifford Johnson, a state prisoner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2013 state court convictions. (Doc. 1.) The lengthy procedural history of this matter was detailed in the Court's prior orders (*see* Doc. 71) and will not be repeated in full here. Relevant to the motion now before the Court, it is enough to note that the parties argued about the effect of state-court proceedings—a case brought under K.S.A. 60-1507—on this federal habeas matter. Of particular importance to the motion to reconsider now before this Court is Respondent's October 2021 representation to this Court that the 60-1507 proceeding was ongoing.

Ultimately, on May 24, 2022, United States District Judge Sam A. Crow issued an order "conclud[ing] that the interests of comity, federalism, and exhaustion require [the Court] to dismiss this matter without prejudice." (Doc. 71, p. 3.) This conclusion was based on the finding that the pending 60-1507 proceeding in the state courts involved, "at least indirectly," many of the issues presented in his federal habeas matter and that the state courts "must have the first opportunity to determine" whether Petitioner's constitutional rights were violated in his state court conviction. *Id.* at 5. Thus, Judge Crow dismissed this matter without prejudice and declined to issue a

1

certificate of appealability. *Id.* at 8.

On April 29, 2024, Petitioner filed the motion for reconsideration now before this Court, arguing that he recently discovered that the state court had denied his 60-1507 motion on November 20, 2020, meaning that Respondent's October 2021 representation to this Court that the 60-1507 proceeding was ongoing was false. (Doc. 73, p. 1-2.) Petitioner advises that his probation ends on August 23, 2024 and he suggests that Respondent purposely misrepresented the status of the 60-1507 proceeding in order to delay this federal habeas matter until Petitioner could no longer satisfy the in-custody requirement for § 2254 petitions. *Id.* at 2. Petitioner asks this Court to reopen this case and consider his claims on the merits. *Id.* at 3.

## Standards for Motions to Reconsider

Petitioner does not identify the legal authority under which he seeks reconsideration of this Court's dismissal order. (Doc. 73.) Local Rule 7.3 provides that "[e]xcept for motions under Fed. R. Civ. P. 59(e) or 60, parties seeking reconsideration of a court order must file a motion within 14 days after the order is served unless the court extends the time." D. Kan. Rule 7.3. Because the present motion to reconsider was filed more than 14 days after the order dismissing this matter, it must be considered under Rule 59(e) or Rule 60.

Rule 59 motions to alter or amend a judgment, however, must be filed within 28 days after the entry of judgment. *See* Fed. R. Civ. P. 59(e). The United States Supreme Court has clearly stated: "Rule 59(e) allows a litigant to file a 'motion to alter or amend a judgment.' The time for doing so is short—28 days from entry of the judgment, with no possibility of an extension." *Bannister v. Davis*, 590 U.S. 504, 507-08 (2020). Because more than 28 days passed between the entry of judgment in this matter and the filing of the motion for reconsideration, the Court cannot grant Petitioner relief under Rule 59(e).

That leaves Rule 60. "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). For purposes of this order, the Court will assume without deciding that the motion to reconsider is timely under Rule 60. Under Rule 60(b), the Court may order relief from a final judgment, but only in exceptional circumstances. *See Servants of the Paraclete v. Does*, 294 F.3d 1005, 1009 (10th Cir. 2000).

Specifically, Rule 60(b) states:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

A Rule 60(b) motion is "not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Nutter v. Wefald*, 885 F. Supp. 1445, 1450 (D. Kan. 1995).

## Analysis

In the motion for reconsideration, Petitioner asserts that "[t]his Court dismissed [his] 2254 on May 24, 2022 because on October 7, 2021 the [KAGO] argued [Petitioner's] 60-1507 was ongoing." (Doc. 73, p. 1.) The problem, as Petitioner sees it, is that Respondent's October 7, 2021

3

statement was false. *Id.* Petitioner points out that the state district court had in fact denied the K.S.A. 60-1507 motion on November 20, 2020, nearly 11 months earlier. *Id.* at 1-2. And, as noted above, Petitioner suggests that Respondent may have had an improper motive in making this misrepresentation to the Court. *Id.* at 2. The remainder of the motion for reconsideration contains a brief summary of facts and claims in this matter for the Court's convenience. *Id.* at 3-5. Petitioner contends that the Court should reconsider the dismissal order and render a decision on the merits of the claims made in the federal habeas petition, which "will correct the miscarriages of justice inflicted by Kansas and its prosecutors." *Id.* at 5.

Petitioner's assertion that this matter was dismissed "because of" Respondent's statement that the 60-1507 proceeding was ongoing is an oversimplification of the analysis in the dismissal order. To be sure, the dismissal order noted that Respondent filed on October 7, 2021 "a motion . . . to dismiss this federal habeas matter, arguing that the ongoing 60-1507 proceedings 'challenge[d] the very same convictions [Petitioner] challenges in his federal habeas petition.'" (Doc. 71, p. 2.) But it is clear from the dismissal order that the Court based its finding that the 60-1507 proceeding was ongoing on "[a] review of the state court records" filed in this federal habeas matter. *Id.* at 5.

The undersigned has similarly reviewed the state court records filed in this federal habeas matter (Doc. 57) and agrees that the 60-1507 proceeding was ongoing when this matter was dismissed in May 2021. According to the motion for reconsideration and the attachments thereto, it appears that in November 2020, the state district court *orally* granted the State's motion for summary judgment in the 60-1507 proceeding. (*See* Doc. 73, p. 1-2; 73-1, p. 2.) Contrary to Petitioner's understanding, however, this does not mean that the 60-1507 proceeding was over as of that date.

4

"A proceeding under K.S.A. 60-1507 is civil and is governed by the rules of civil procedure when they apply." *Kleypas v. State*, 62 Kan. App. 2d 654, 673 (2022) (citations omitted). Kansas' rules of civil procedure state that in a civil case, "[n]o judgment is effective unless and until a journal entry or judgment form is signed by the judge and filed with the clerk." K.S.A. 60-258. Thus, although the district court may have orally announced at a hearing in November 2020 that the State's motion for summary judgment was granted, the 60-1507 proceeding continued until a written order disposing of the case was filed. As the Kansas Supreme Court has explained, in civil cases, "[a] judgment that has been orally pronounced but that lacks a journal entry is . . . not a final judgment." *Valadez v. Emmis Communications*, 290 Kan. 472, 482 (2010).

Under Kansas law, then, Petitioner's 60-1507 proceeding was not final in November 2020, nor was it final in May 2022 when this federal habeas matter was dismissed. The denial of Petitioner's 60-1507 motion was not effective until August 22, 2023, when the state district judge filed a written journal entry denying relief.[1] (Doc. 73-3.) Therefore, the Court is unpersuaded by Petitioner's argument in his motion to reconsider that the May 2022 dismissal was based on a false representation by Respondent that the related 60-1507 proceeding was ongoing. Petitioner has shown no persuasive reason for the Court to grant relief under Rule 60 and reconsider the dismissal of this matter. Thus, the motion for reconsideration (Doc. 73) will be denied.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant." The Tenth Circuit has explained that a petitioner must obtain

---

[1] In fact, it appears that the 1507 proceeding is currently ongoing. The online records of the Johnson County District Court, which are publicly available through that court's website, reflect that one week after entry of judgment by the state district court, Petitioner filed a notice of appeal. On December 19, 2023, the Kansas Court of Appeals granted a motion to docket an appeal out of time and assigned appellate case number 127,021. Nothing in the publicly available records reflects that the appeal has concluded.

a COA to appeal the denial of a Rule 60(b) motion. *See Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007). The Court will not issue a COA unless a petitioner shows, "at least, that jurists of reason would find it debatable whether the petition states a valid claim or the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that Petitioner has made neither of these showings, so the Court declines to issue a COA.

**IT IS THEREFORE ORDERED** that the motion for reconsideration (Doc. 73) is **denied**. No certificate of appealability shall issue. The Clerk is directed to close this matter.

**IT IS SO ORDERED.**

DATED:   This 9th day of May, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge