Rheuben Johnson
32750 W. 143rd Street, Gardner, KS  66030
beecatch@aol.com 913.991.3375

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Rheuben Johnson
    Petitioner
    v.                                                 Case No. 19 – CV – 3076 - SAC
Dan Schnurr
    Respondent

## MOTION FOR 2nd RECONSIDERATION

Rheuben Johnson, pro se petitioner, based upon new documentation, requests this Court to reconsider its motion to dismiss. He states as follows:

- State already reviewed EVERY 2254 ground.
- The 60-1507 was not pending when this Court dismissed the 2254 on May 24, 2022
- **The dismissive Journal Entry was filed July 21, 2021, not August 23, 2023.**
- Johnson has requested a stay of the 60-1507 appeal.
- Johnson's incarceration (probation) ends on August 23, 2024.

1. **<u>State already reviewed EVERY 2254 ground.</u>** This Court's decision to dismiss is primarily based upon the requirement to allow the state courts to "must have the first opportunity to determine" constitutional issues. Doc 76, pg 1.

    a. Kansas state courts reviewed every ground that Johnson presented to this U.S. District Court of Kansas. Johnson stated and/or pinpointed in his 2254 Petition that he presented every ground as an issue to state courts, just as required. KAGO has not disputed such.

    For example: Johnson's strongest and shortest ground manifests how K.S.A. 21-5303 is unconstitutional as it criminalizes free speech—viz, "encouraging—and is overbroad and vague. Ground 2 and 3 in the 2254. Johnson raised the same issue on state appeal as

1

Issue 1 (unconstitutional statute), Issue 3 (insufficient evidence) and Issue 5 (insufficient evidence re renunciation). His appellate attorney filed a brief that stated: Based upon *United States v. Williams,* 553 U.S. 285, 300 (2008) this court must reverse. Johnson now presents that same case in his 2254 (Traverse, Doc 68) to manifest how "encouraging" is "abstract advocacy" —protected free speech. Other federal courts followed to also protect "advise" and "solicit" as they all fail to "meet the imminence requirement."

b. This Court asserted that Johnson presented the same issues in his 60-1507 that are within the 2254. If, if, if that were correct, then the state already ruled on those issues. The district court will lack authority to reverse the "opinion" of the Kansas Court of Appeals (review denied by Kansas Supreme Court).

c. Johnson has found nowhere that requires state courts to get a SECOND shot at the same issues. They "must have the first opportunity to determine."

d. Johnson does not present "ineffective counsel" issues in his 2254.

2. **The 60-1507 was not pending when this Court dismissed the 2254.** On May 24, 2022 this Court dismissed due to a pending (allegedly) 60-1507. (Noted May 9 order, Doc 76, pg 1).

Johnson's 60-1507 was NOT pending at that time. Johnson County District Court (JCDC) had dismissed that proceeding on November 20, 2020 (JE filed July 2021). And even though the state prosecutor Shawn Minihan knew of such, he and the court continued to process that dismissed matter. Legally it was over in November 2020, which the State continues to argue.

● 2020 Sept 10 – Johnson, incarcerated, motions for new 60-1507 counsel due to communication breakdown. And that attorney, Leon Davis, motioned to withdraw. See Attachment 2 #2,3 re JCDC Doc 6 (specific motions available).

● 2020 Nov 12 – JCDC verbally dismisses 60-1507. That judge also granted Johnson's motion for new counsel but ordered Davis to temporarily remain on. Attachment 2, #6.

● 2021 July 20 – new court-appointed counsel enters his appearance. See Attachment 2, #8.

● **2021 July 21 (next day) - JCDC files journal entry of dismissal.** See Attachment 1 —a document Johnson did not have for this Court when he filed the initial motion to reconsider.

● **2021 Aug 20 – State asserts that the 60-1507 became forever final** due to lack of appeal, on this date. See Attachment 3, State's motion, conclusion, pg 3.

● **2021 Oct 7 (47 days later) – KAGO tells this U.S. Court the 60-1507 is ongoing.** See May 24, 2022 Order, Doc 71, Respondent's motion, pg 2, para 2.

● 2022 May 24 – this Court dismissed the 2254 due to a pending (allegedly) 60-1507. That 60-1507 was dismissed 9 moths prior with no appeal filed or pending.

● **2023 July 6 – State motions that JCDC denied 60-1507 on Nov 12, 2020, JE July 21, 2021.**

● 2023 August 22 – JCDC agrees with State that it already denied the 60-1507, just as State motioned. JCDC issues another order of finality—"that this case is final, and this Court does not have jurisdiction to entertain further motions." (Meaning it had no jurisdiction to even make that order.) See Attachment 4, JCDC Order.

3. **Johnson has requested a stay of the 60-1507 appeal.** Currently Johnson chases an appeal that some might argue is fruitless, and he has grounds for a new 60-1507 regarding negligence on the first 60-1507. But that does not change the fact that state courts considered all the grounds in his 2254. Johnson recently requested his appellate attorney to stay the appeal of the 60-1507 dismissal.

   Note: On October 25, 2021 U.S. Judge Sam Crow asked Johnson to stay the 60-1507 in order to resolve exhaustion issues, then this Court would proceed. Doc 52. No one informed incarcerated Johnson that JCDC **already** dismissed such in Nov 2020 (JE July 2021), and Johnson believed KAGO's claim that the case was pending (Oct 7, 2021, Doc 48). So Johnson filed a pro se "URGENT MOTION REQUEST OF STAY OF 60-1507", JCDC file stamped 11/4/21. Johnson advised this Court. November 8, 2021, Doc 53. Thus the 2254 rolled on with traverse, etc. Meanwhile, JCDC's Judge Cameron did nothing with that motion to stay (noted on USDCKS Doc 71, pg 2, fn 1); Johnson's new court-appointed attorney, Michael Page, did nothing; and prosecutor Shawn Minihan remained silent. (Johnson had filed multiple motions for recusal of Judge Cameron.) About the time Johnson released from prison, this Court dismissed the 2254. The events—and others not mentioned here—roll eyeballs crazily.

   Johnson is more than willing to stay whatever form of the 60-1507 remains or will do whatever else this Court requests to proceed with the 2254.

4. **<u>The dismissive Journal Entry was filed July 21, 2021, not August 23, 2023.</u>** This Court wrote that Johnson incorrectly stated his 60-1507 was final in November 2020 when the judge orally dismissed. May 9, 2024 order, doc 76, pg 4-5. Based upon this Court's provided case law, *Kleypas v State,* Johnson concedes that JCDC did not legally dismiss his case on November 20, 2020.

This Court saw the JCDC journal entry of denial dated August 22, 2023 when JCDC Judge Gyllenborg filed a written order to deny. Attachment 4, JCDC doc 73-3. But that "denial" merely confirmed that JCDC Judge Cameron had ALREADY denied the 60-1507. That denial granted the State's motion to find that Johnson's 60-1507 is final—this is not a motion to dismiss. The State's sole argument:

> "After considering the petition and response, on November 12, 2020, Judge Cameron summarily denied Mr Johnson's KSA 60-1507 motion. (19DV6832): Doc 23). The denial, however, was not journalized until eight months later, on July 21, 2021. (19DV6832: Doc.23)." [1]

See Attachment 3, State's motion, pg 1, #2.

As such, the initial and dispositive Journal Entry of dismissal was made on July 21, 2021. Yet, as Johnson asserted, the Kansas Attorney General (aka, the State) tells this U.S. District Court of Kansas that the 60-1507 remained ongoing into 2024. Pursuant to *Kleypas v State,* Johnson's 60-1507 finalized on July 21, 2021. And since the State argued the same, surely here the Respondent (aka, the State) must agree with Johnson.

---

[1] The State also noted that Johnson (incarcerated and unaware of any of this) failed to file a written or verbal motion to reconsider and failed to timely request an appeal—thus completely final. See Attachment 1, pg 2-3.

5. **Reminder: Johnson's incarceration (probation) ends on August 23, 2024.** Attachment 5. After that date he can no longer file a 2254 to address violations of his constitutional rights. Both parties have filed all arguments and responses. See also the details in Johnson's prior motion to reconsider, Doc 73, April 29, 2024.

**Conclusion**

Contrary to this Court's May 9 2024 order, Johnson County District Court made its journal entry of dismissal on July, 21 2021 and not in November 2023, which the State asserts as well. Thus, this court dismissed Johnson's 2254 under Kansas Attorney General's false claim that the 60-1507 was pending.

Regardless of such, Johnson has presented every ground in his 2254 to state courts which resolves exhaustion issues.

Respectfully submitted,

/s/ *Rheuben Johnson*

_____
Rheuben Johnson

Attachments:

1. JCDC order that initially denied the 60-1507 on July 21, 2021.
2. Johnson's subsequent response in Johnson County District court. August 17, 2023
3. State's motion that the 60-1507 is/was final. July 6, 2023
4. JCDC 2023 final journal entry showing case is (had been) dismissed
5. Note from Parole Office as to when Johnson's incarceration ends.

6

## CERTIFICATE OF SERVICE

I certify that on May 29, 2024 a true copy of the above and foregoing *MOTION FOR 2nd RECONSIDERATION* was sent to Kristafer Ailslieger (attny for Respondent), 120 SW 10th Ave, Topeka, KS  66712 (CC to mike.serra @ ag. KS. gov) via electronic service to United States District Court of Kansas, 444 SE Quincey, Rm 490, Topeka, KS 66683  (emailed to: ksd_clerks_topeka @ ksd.uscourts.gov)

                                            /s/ *Rheuben Johnson*
                                            _____
                                            Rheuben Johnson