# ATTACHMENT 1

19CV06832<br>Div9

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DIVISION

| | |
|---|---|
| RHEUBEN JOHNSON<br>　　　　　Petitioner,<br><br>v.<br><br>STATE OF KANSAS,<br>　　　　　Respondent, | )<br>)<br>) Case No. 19CV6832<br>) Underlying Case No.: 12CR1074<br>) Division 13<br>)<br>) |

### JOURNAL ENTRY DENYING K.S.A. 60-1507

NOW on this 12th day of November, 2020, the above matter comes on for a hearing on Respondent's motion to summarily deny Petitioner's 60-1507 motion. Petitioner appears by counsel, Leon J. Davis, Jr. Respondent appears by Shawn E. Minihan. This Court denies Defendant's request for new counsel. After having considered the motions and arguments by the parties, and for the reasons set out by the court, the Court hereby summarily denies Mr. Johnson's 60-1507 motion.

　　　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　　　Brenda Cameron (Jul 21, 2021 14:29 CDT)
　　　　　　　　　　　　　　　　　　Honorable Judge Brenda K. Cameron
　　　　　　　　　　　　　　　　　　District Court Judge
　　　　　　　　　　　　　　　　　　Division 13

*Clerk of the District Court, Johnson County Kansas*<br>*07/21/21  02:33pm ML*

8

Submitted By:

/s/ Shawn E. Minihan
Shawn E. Minihan #19861
100 N. Kansas, 5th Floor
Olathe, KS 66061
(913) 715-3000
Shawn.minihan@jocogov.org
Attorney for Respondent


Approved By:

/s/ Leon J. Davis, Jr.
Leon J. Davis, Jr. #25755
4049 Pennsylvania Ave. Ste. 201
Kansas City, MO 64111
Phone: (*16) 659-0270
Email: leon@davislegalks.com
Attorney for Petitioner

*Clerk of the District Court, Johnson County Kansas*
*07/21/21  02:33pm ML*

**ATTACHMENT 2**

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CRIMINAL COURT DEPARTMENT

RHEUBEN JOHNSON,
        PETITIONER,

vs.

STATE OF KANSAS.

Case No.     2019CV6832
Underlying Case No. 12CR1074
Div 13

**PETITIONER'S RESPONSE TO STATE'S MOTION FOR A FINDING THAT PETITIONER'S K.S.A. § 60-1507 MOTION IS FINAL**

*COMES NOW*, Rheuben Johnson, the Petitioner, by and through his attorney of record, Christy M. Caddell, and for his response to State's Motion for a Finding that Petitioner's 60-1507 if Final, states the following:

1. Assuming *arguendo*, that the claims made by the State are true as set forth in the State's Motion for a Finding that Petitioner's 60-1507 Motion is Final (Doc 33), granting the State's Motion only serves to provide the Petitioner with new grounds for a K.S.A. 60-1507 motion.

2. The Petitioner was represented by attorney Leon Davis when he pro se filed an "URGENT MOTION FOR NEW COUNSEL" (DOC 6) on September 10, 2020, alleging that Mr. Davis did not communicate with him.

3. Subsequent to that filing, Mr. Davis filed a Motion to withdraw alleging a communication breakdown.

4. A conflict of interest developed between the Petitioner and Mr. Davis and it was against the Rules of Professional Conduct for Mr. Davis to continue to represent the Petitioner.

5. At the first hearing after the aforementioned two conflict motions were filed, Judge Cameron ordered that she would grant Mr. Davis leave to withdraw but then ordered him to continue to represent the Petitioner. Judge Cameron should not have Ordered Mr. Davis to violate the Rules of Professional Conduct and Mr. Davis should have objected. Judge Cameron's Order was unlawful and Mr. Davis was within his rights to object but acquiesced in the continued representation.

6. Pending before Judge Cameron was the State's Motion to summarily deny the Petitioner's 60-1507 Motion. Mr. Davis filed an objection the same day as the hearing albeit the record reflects that Judge Cameron read the objection during the hearing, it does not appear she

actually considered it. Further, it seems that Mr. Davis was placed "between a rock and a hard place" when Judge Cameron ordered his continued representation and begrudgingly filed a late response to the State's Motion for Summary Denial. The Petitioner was not present during this hearing.

7. As Mr. Davis represented the Petitioner at the hearing when the judge granted the state's motion for summary judgment on November 20, 2020, he should have informed the Petitioner of the deadline for reconsideration but by the time the Journal Entry was filed, he had been allowed to withdraw.

8. Attorney Michael Page entered his appearance on July 20, 2021, one day before the filing of the Journal Entry from the hearing on November 20, 2020. Mr. Page did not file a Motion to Reconsider before the deadline expired on August 20, 2021. Further it appears from the record that the Petitioner filed nothing pro se on this issue drawing the inference he was not informed of the deadline. The court held a status hearing on August 12, 2021 where Mr. Page asked for additional time to review the record but did not motion the court, orally or in writing to extend the deadline to file a motion for reconsideration. At this point, Judge Cameron was retired.

9. The Petitioner continued to file various pro se motions which suggests that no one informed him that Judge Cameron summarily dismissed his 60-1507 petition nor was he informed of the reconsideration deadline.

10. On March 22, 2022, the Petitioner pro se filed Urgent Request to Ensure Michael Page is not Dead, alleging a communication breakdown (Doc 26). Subsequently, Mr. Page, alive as he was, was allowed to withdraw and current counsel was appointed for the Petitioner on November 16, 2022.

11. The State's attorney, Mr. Minihan is the only original attorney in this case and he has continued to defend the State, only recently bringing the summary denial from 3 years ago to the attention of the Court.

12. The Petitioner has motioned the Court to Stay the Proceedings in State Court as he was ordered to do by Federal Judge Sam Crow in a concurrent federal action. The Court took the matter under advisement.

13. The Petitioner will lose jurisdiction in State Court once his parole time runs out.

14. As the parties have continued to litigate the case long after the hearing on the summary denial the reconsideration has already occurred by acquiescence, there is no reason the case can't be stayed instead of dismissed.

/s/ Christy M. Caddell
_____
Christy M. Caddell, KS#17968
12601 Ensley Lane

Leawood, KS 66209
913-596-0510
ccaddell327@gmail.com
Attorney for Petitioner

CERTIFICATE OF SERVICE

I certify the above pleading was served on Respondent's attorney on the 17th day of August, 2023 via the electronic filing system.

/s/ Christy M. Caddell
_____
Christy M. Caddell, Attorney for Petitioner

12

**ATTACHMENT 3**

19CV06832<br>Div9

IN THE DISTRICT COURT OF JOHNSON COUNTY
CRIMINAL DEPARTMENT

KAN832
230706
4

| | |
|---|---|
| RHEUBEN JOHNSON<br>    Petitioner,<br>v.<br>STATE OF KANSAS,<br>    Respondent, | )<br>)<br>) Case No. 19CV6832<br>) Underlying Case No.: 12CR1074<br>) Division 13<br>)<br>) |

**STATE'S MOTION FOR FINDING THAT
MR. JOHNSON'S K.S.A. 60-1507 MOTION IS FINAL**

COMES NOW the Respondent, State of Kansas, by and through counsel, Shawn E. Minihan, and asks this Court to make a finding that Mr. Johnson's K.S.A. 60-1507 in 19CV6832 is final.

1. On December 27, 2019, Mr. Johnson filed his K.S.A. 60-1507 motion in this case. On May 19, 2020, the State filed a motion to summarily deny Mr. Johnson's K.S.A. 60-1507 motion.

2. After considering the petition and response, on November 12, 2020, Judge Cameron summarily denied Mr. Johnson's K.S.A. 60-1507 motion. (19DV6832: Doc. 23). The denial, however, was not journalized until eight months later, on July 21, 2021. (19DV6832: Doc. 23).

*Right to file a motion to reconsider*

3. Within 28 days of the filing of the Journal Entry of Judgment, Mr. Johnson had the right, pursuant to K.S.A. 60-259(f), to file a motion to reconsider. *Ponds v. State*, 56 Kan. App. 2d 743, 746, 437 P.3d 85 (2019) ("Ponds filed a timely motion for reconsideration on July 17, 2017. *See* K.S.A. 2017 Supp. 60-259(f) (motion to

<i>Clerk of the District Court, Johnson County Kansas<br>07/06/23 09:31am CM</i>

alter or amend judgment must be filed no later than 28 days after entry of judgment). Ponds' motion for reconsideration qualified as a motion to alter or amend judgment. *See Hundley v. Pfuetze*, 18 Kan. App. 2d 755, 756, 858 P.2d 1244 (1993)."). *See also State v. Tiger*, No. 124,532, 2022 WL 4115573 (Kan. App. 2022) (unpublished opinion) ("A motion to alter or amend a judgment, filed within 28 days of the entry of judgment, tolls the time for appeal. *State v. Swafford*, 306 Kan. 537, 540, 394 P.3d 1188 (2017).").

4. Mr. Johnson did not file a **written** motion to reconsider. In *Thomas v. Davis-Moore Datsun, Inc.*, 11 Kan. App. 2d 622, 731 P.2d 1283 (1987), the Kansas Court of Appeals explicitly ruled that, "[a] post-trial motion to alter or amend a judgment must be in writing." Because he failed to file a written motion to reconsider, this Court should find that this case is final. *See* K.S.A. 60-254 ("A judgment is the final determination of the parties' rights in an action."); *State v. Soto*, 319 Kan. 242, 254, 445 P.3d 1161 (2019) (recognizing the importance of the, "finality and efficiency of the judicial process.").

5. But even if Mr. Johnson had a right to make an **oral** motion to reconsider, he failed to do so. The Journal Entry of Judgment was filed on July 21, 2021. (19DV6832: Doc. 23). He had 28 days to make his oral motion, which would have been August 18th. K.S.A. 60-259(b) The only hearing during that time period was a status conference on August 12th. (19CV6832: Doc. 30). No mention of a motion to reconsider was made at that status conference. (19CV6832: Doc. 30). Because he failed to make an oral motion to reconsider, this Court should find that this case

2  *Clerk of the District Court, Johnson County Kansas*
*07/06/23 09:31am CM*

14

is final.

*Right to file a notice of appeal*

6. Pursuant to K.S.A. 60-2103(a), "[w]hen an appeal is permitted by law from a district court to an appellate court, the time within which an appeal may be taken shall be 30 days from the entry of the judgment. . . ." *See also Albright v. State*, 292 Kan. 193, 196, 251 P.3d 52 (2011) (K.S.A. 60-2103(a) governs appeals from K.S.A. 60-1507 motions).

7. Mr. Johnson had until August 20, 2021, to file his notice of appeal. He, however, did not do so. Because he failed to file a notice of appeal, this Court should find that this case is final.

## CONCLUSION

This Court should find that Mr. Johnson's K.S.A. 60-1507 case became final on August 20, 2021.

Respectfully Submitted:

/s/ Shawn E. Minihan
Shawn E. Minihan #19861
Assistant District Attorney
P.O. Box 728
Olathe, Ks 66061

3

*Clerk of the District Court, Johnson County Kansas*
*07/06/23  09:31am CM*

15

## CERTIFICATE OF MAILING

I hereby certify that, on this 6th day of July, 2023, a true and correct copy of the above motion was emailed to the attorney for defendant, Christy Cadell, at ccaddell327@gmail.com.

/s/ Shawn E. Minihan
Shawn E. Minihan   #19861
Assistant District Attorney

4          *Clerk of the District Court, Johnson County Kansas*
                              *07/06/23  09:31am CM*

**ATTACHMENT 4**

19CV06832
Div9

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL DIVISION

2308 18
2

| | |
|---|---|
| RHEUBEN JOHNSON | ) |
| Petitioner, | ) |
| | ) Case No. 19CV6832 |
| v. | ) Underlying Case No.: 12CR1074 |
| | ) Division 13 |
| STATE OF KANSAS, | ) |
| Respondent, | ) |

**JOURNAL ENTRY DENYING K.S.A. 60-1507**

NOW on this 18th day of August, 2023, the above matter comes on for a hearing on Respondent's motion for finding that this case is final. Petitioner appears by counsel, Christy Caddell. Respondent appears by Shawn E. Minihan. After having considered the motions and arguments by the parties, and for the reasons set out by the court, the Court hereby finds that this case is final, and this Court does not have jurisdiction to entertain further motions.

/s/ CHRISTINA DUNN GYLLENBORG
Dated: 08/22/23

_____
Honorable Judge Christina Dunn Gyllenborg
District Court Judge
Division 9

Clerk of the District Court, Johnson County Kansas
08/22/23 09:44am CM

17

Submitted By:

/s/ Shawn E. Minihan
Shawn E. Minihan #19861
100 N. Kansas, 5th Floor
Olathe, KS 66061
(913) 715-3000
Shawn.minihan@jocogov.org
Attorney for Respondent

Approved By:

/s/ Christy M. Caddell
Christy Caddell #17968
12601 Ensley Lane
Leawood, Kansas 66209
(913) 596-0510
ccaddell327@gmail.com
Attorney for Petitioner

**ATTACHMENT 5**



