IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RHEUBEN CLIFFORD JOHNSON,

          Petitioner,

v.                                          CASE NO. 19-3076-JWL

DAN SCHNURR,

          Respondent.

**MEMORANDUM AND ORDER**

On April 29, 2019, Petitioner Rheuben Clifford Johnson, a state prisoner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2013 state court convictions. (Doc. 1.) The lengthy procedural history of this matter was detailed in the Court's prior orders (*see* Doc. 71) and will not be repeated in full here. Relevant to the motion now before the Court, it is enough to note that the parties argued about the effect of state-court proceedings— a case brought under K.S.A. 60-1507—on this federal habeas matter. Of particular importance to the motion to reconsider now before this Court is Respondent's October 2021 representation to this Court that the 60-1507 proceeding was ongoing.

Ultimately, on May 24, 2022, United States District Judge Sam A. Crow issued an order "conclud[ing] that the interests of comity, federalism, and exhaustion require [the Court] to dismiss this matter without prejudice." (Doc. 71, p. 3.) This conclusion was based in part on the finding that the pending 60-1507 proceeding in the state courts involved, "at least indirectly," many of the issues presented in his federal habeas matter and that the state courts "must have the first opportunity to determine" whether Petitioner's constitutional rights were violated in his state court conviction. *Id.* at 5. Thus, Judge Crow dismissed this matter without prejudice and declined to

1

issue a certificate of appealability. *Id.* at 8.

On April 29, 2024, Petitioner filed a motion for reconsideration, arguing that he recently discovered that the state court had denied his 60-1507 motion on November 20, 2020, meaning that Respondent's October 2021 representation to this Court that the 60-1507 proceeding was ongoing was false. (Doc. 73, p. 1-2.) Petitioner advised that his probation ends on August 23, 2024 and he suggested that Respondent purposely misrepresented the status of the 60-1507. *Id.* at 2. Petitioner asked this Court to reopen this case and consider his claims on the merits. *Id.* at 3. On May 9, 2024, the Court issued a memorandum and order denying the motion for reconsideration. (Doc. 76.) Construing the motion as one seeking relief under Federal Rule of Civil Procedure 60, the Court concluded that the 60-1507 proceeding was not final until August 22, 2023, so it was ongoing in May 2021 when this federal habeas matter was dismissed. *Id.* at 2-5.

On May 29, 2024, the Court received a second motion for reconsideration from Petitioner. (Doc. 77.) Therein, Petitioner argues that the 60-1507 proceeding was final on July 21, 2021, and he provides documentation that supports this assertion. *Id.* at 1; (Doc. 77-1, p. 1, 10-11.) Because the Court's previous holding that the 60-1507 proceeding was not final until August 2023 was mistaken, the Court will grant the current motion to reconsider (Doc. 77) and will reconsider its May 9, 2024 order (Doc. 76) denying Petitioner's first motion to reconsider.

As explained in the May 2024 order, Petitioner did not identify in the first motion to reconsideration the legal authority under which he sought reconsideration of this Court's dismissal order. (*See* Doc. 73.) Similarly, his second motion for reconsideration does not identify the authority under which this Court should reconsider the dismissal and potentially reopen this case. (Doc. 77.) As also explained in the May 2024 order, reconsideration of the dismissal is clearly untimely under the local rules and under Federal Rule of Civil Procedure 59. (Doc. 76, p. 2-3.)

Thus, Petitioner's motion must be construed to fall under Rule 60(b).[1] *Id.* at 3. Under Rule 60(b), the Court may order relief from a final judgment, but only in exceptional circumstances. *See Servants of the Paraclete v. Does*, 294 F.3d 1005, 1009 (10th Cir. 2000).

> Rule 60(b) states:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Petitioner asks this Court to reopen this federal habeas matter because the State misrepresented to this Court in October 2021 that the 60-1507 proceedings were ongoing, a representation that factored into the decision to dismiss this case. (Doc. 73, p. 1-2, 5; Doc. 77, p. 1-5.) Thus, it appears that Petitioner seeks relief from the dismissal under Rule 60(b)(3), based on the State's misrepresentation, or under Rule 60(b)(2), based on Petitioner's recent discovery that the 60-1507 was final in July 2021. Although Rule 60(b)(6) allows reopening a closed case for "any other reason that justifies relief," the United States Supreme Court has explained that relief under Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *See*

---

[1] In his second motion to reconsider (Doc. 77), Petitioner did not dispute the Court's conclusion that the first motion to reconsider must be construed as arising under Rule 60(b).

3

*Kemp v. United States*, 596 U.S. 528, 533 (2022) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n. 11 (1988)).

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). For purposes of its May 2024 order, the Court "assume[d] without deciding that the motion to reconsider is timely under Rule 60." (Doc. 76, p. 3.) At this time, however, the Court concludes that Petitioner's first motion to reconsider was not timely filed. As stated above, motions under Rule 60(b)(3) must be filed within 1 year after the entry of the judgment. In this matter, judgment was entered on May 24, 2022. (Doc. 72.) Petitioner did not file his first motion to reconsider until April 29, 2024, well over a year later. Thus, his motion to reconsider was untimely and the Court will deny it as such.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant." The Tenth Circuit has explained that a petitioner must obtain a COA to appeal the denial of a Rule 60(b) motion. *See Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007). The Court will not issue a COA unless a petitioner shows, "at least, that jurists of reason would find it debatable whether the petition states a valid claim or the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that Petitioner has made neither of these showings, so the Court declines to issue a COA.

**IT IS THEREFORE ORDERED** that the motion for reconsideration (Doc. 77) is **granted**. Upon reconsideration of the first motion for reconsideration (Doc. 73), however, the

Court concludes that its denial of that motion must stand because the motion was untimely filed.

No certificate of appealability shall issue. The Clerk is directed to close this matter.

**IT IS SO ORDERED.**

DATED:   This 5th day of June, 2024, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge